Joel A. Goodman (FL Bar No. 802468)
Admitted *pro hac vice*
Email: gn.law@verizon.net
Goodman & Nekvasil, P.A.
14020 Roosevelt Blvd., Suite 808
P.O. Box 17709
Clearwater, Florida 33762
Telephone:  727-524-8486
Facsimile:  727-524-8786

Richard A. Kutche (CA Bar No. 151950)
Email: rakutche@pacbell.net
Law Offices of Richard A. Kutche
46 South First Street
San Jose, CA 95113
Telephone:  (408) 295-0474
Facsimile: (408) 295-6693
Local counsel

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, | Case No. C 07-03303 JF RS |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER** |
| THOMAS NEMES, Individually and as Trustee of the THOMAS NEMES TRUST, MICHAEL J. BENKERT, Individually and on Behalf of SHORE 2 SHORE ENTERPRISES, INC., and JERRY J. THOMAS and NANCY M. THOMAS, Individually and as Trustees of the JERRY J. THOMAS and NANCY M. THOMAS 1998 INTER VIVOS TRUST, | |
| Defendants. | |

Defendants Thomas Nemes ("Nemes"), Individually and as Trustee of the Thomas Nemes Trust, Michael J. Benkert ("Benkert"), Individually and on Behalf of Shore 2 Shore Enterprises, Inc., and Jerry J. Thomas ("J. Thomas") and Nancy M. Thomas, Individually and as Trustees of the Jerry J. Thomas and Nancy M. Thomas 1998 Inter Vivos Trust, through the undersigned counsel, hereby answer the Complaint for Declaratory and Injunctive Relief of The O.N. Equity Sales Company ("ONESCO"), as follows:

1.    Admitted with respect to the first sentence of this paragraph that it describes the relief that ONESCO seeks; denied that ONESCO is entitled to this relief. Denied with respect to the second sentence.

2.    Without knowledge, therefore denied.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Admitted that personal jurisdiction exists; denied that venue is proper on the ground stated.

11.    Admitted that the Defendants invested in the Lancorp Financial Fund Business Trust ("Lancorp"); denied that Lancorp had no association with ONESCO, given that ONESCO's agent Gary Lancaster ("Lancaster") sold Lancorp to the Defendants.

12.    Admitted with respect to the first sentence of this paragraph; denied with respect to the second sentence.

13.    With respect to the first sentence of this paragraph, without knowledge and therefore denied; denied with respect to the second sentence.

14.    Exhibit "A" to the Complaint speaks for itself.

15.    Without knowledge and therefore denied.

16.    With respect to the first and second sentences of this paragraph, Exhibit "A" to the Complaint speaks for itself. With respect to the third sentence, without knowledge regarding records that ONESCO received from the receiver and therefore denied.

17.    Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely identify the risk factors listed in Exhibit "A" to the Complaint as represented to the Defendants.

1        18.    Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely identify the risk factors listed in Exhibit "A" to the Complaint as represented to the Defendants or that the phrase "high risk" is repeated throughout Exhibit "A" to the Complaint.

      19.    Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely describe the Lancorp offering requirements as represented to the Defendants.

      20.    Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely describe the Lancorp offering requirements as represented to the Defendants.

      21.    Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely describe the Lancorp offering requirements as represented to the Defendants.

      22.    Exhibits "B" and "C" to the Complaint speak for themselves. Denied that Defendant Nemes made a certification, and denied that the allegations of this paragraph accurately and completely describe these exhibits and the pertinent circumstances.

      23.    Exhibits "D" and "E" to the Complaint speak for themselves. Denied that Defendant Benkert made a certification, and denied that the allegations of this paragraph accurately and completely describe these exhibits and the pertinent circumstances.

      24.    Exhibits "F" and "G" to the Complaint speak for themselves. Denied that Defendant J. Thomas made a certification, and denied that the allegations of this paragraph accurately and completely describe these exhibits and the pertinent circumstances.

      25.    Exhibit "A" to the Complaint speaks for itself. Denied that the Defendants executed a copy of Exhibit "A." Denied that the Defendants acknowledged that a broker-dealer was not involved. Denied that the allegations of this paragraph accurately and completely describe the Defendants or the omissions and representations made to them.

26. Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely describe the omissions and representations made to the Defendants.

27. Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely identify the Lancorp offering requirements as represented to the Defendants.

28. With respect to the first sentence of this paragraph, denied that the alleged disclosures evidence ONESCO's lack of involvement. With respect to the second and third sentences and the interpolated quotation from Exhibit "A" to the Complaint, Exhibit "A" speaks for itself. Denied that the second and third sentences of this paragraph and the interpolated quotation accurately and completely describe the omissions and representations made to the Defendants about ONESCO and Lancaster. Denied with respect to the last sentence of this paragraph.

29. Exhibit "A" to the Complaint speaks for itself. Denied that a reader of the quoted material from Exhibit "A" should infer that a broker-dealer was not involved. Denied the allegations of this paragraph accurately and completely describe the omissions and representations made to the Defendants about ONESCO and Lancaster.

30. Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely describe the Lancorp offering requirements as represented to the Defendants.

31. Exhibits "H," "I," and "J" to the Complaint speak for themselves. Denied that the allegations of this paragraph accurately and completely describe the provisions of the Lancorp subscription agreements as represented to the Defendants.

32. Exhibits "H," "I," and "J" to the Complaint speak for themselves. Denied that the allegations of this paragraph accurately and completely describe the provisions of the Lancorp subscription agreements as represented to the Defendants.

33. Denied because ONESCO knew about Lancorp through its agent, Lancaster.

34. Denied because ONESCO provided materials to Defendants through its agent, Lancaster.

35. Denied because Defendants opened accounts and entered into contractual relationships through ONESCO's agent, Lancaster.

36. Denied because Defendants purchased securities or investments through ONESCO's agent, Lancaster.

37. Denied because funds were disbursed or received through ONESCO's agent, Lancaster.

38. Exhibit "H" to the Complaint speaks for itself; denied that ONESCO has accurately and completely described the alleged event.

39. Exhibit "I" to the Complaint speaks for itself; denied that ONESCO has accurately and completely described the alleged event.

40. Exhibit "J" to the Complaint speaks for itself; denied that ONESCO has accurately and completely described the alleged event.

41. With respect to the first sentence of this paragraph, Exhibits "H," "I," and "J" to the Complaint speak for themselves. Denied that the second sentence of this paragraph accurately and completely states the nature of the activity occurring after the execution of the Subscription Agreement and denied that this later activity was based solely on conduct pre-dating the execution of the Subscription Agreements.

42. Admitted that Defendants filed an amended arbitration claim with other claimants against ONESCO before the National Association of Securities Dealers, Inc. ("NASD"). Denied that the allegations of this paragraph accurately and completely characterize the nature of the arbitration claims. With respect to the last sentence of this paragraph, Exhibit "K" to the Complaint speaks for itself.

**COUNT I**

1. Defendants reallege and incorporate the foregoing paragraphs as if fully rewritten here.

2. Denied because Defendants are entitled to enforce ONESCO's written arbitration agreement with the NASD.

3. Admitted that Defendants seek to invoke NASD Rule 12200, which speaks for itself.

1     4.    Admitted that an investor can compel arbitration under the conditions alleged in this paragraph; denied that an investor can compel arbitration only under the conditions alleged in this paragraph.

    5.    Denied.

    6.    Denied.

    7.    Denied with respect to the first sentence of this paragraph; admitted with respect to the second sentence.

    8.    Admitted that the allegations of this paragraph describe the relief that ONESCO seeks; denied that ONESCO is entitled to this relief.

    9.    With respect to the first sentence of this paragraph, admitted that an immediate controversy exists; denied that this controversy is real or substantial.  Admitted that the second sentence describes the relief that ONESCO seeks; denied that ONESCO is entitled to this relief.

## COUNT II

    1.    Defendants reallege and incorporate the foregoing paragraphs as if fully rewritten here.

    2.    Denied.

    3.    Admitted that the allegations of this paragraph describe the relief that ONESCO seeks; denied that ONESCO is entitled to this relief.

## AFFIRMATIVE DEFENSES

    1.    The disputes between the parties are arbitrable.

    2.    The complaint fails to state a claim upon which relief may be granted.

    3.    Venue is improper.

|  |  |
|---|---|
| | Respectfully submitted, |
| DATED: July 18, 2007 | GOODMAN & NEKVASIL, P.A.<br>By: /s/ Joel A. Goodman<br>Joel A. Goodman<br>Attorney *pro hac vice* |
| | LAW OFFICES OF RICHARD A. KUTCHE<br>Richard A. Kutche<br>Local counsel |
| | Attorneys for Defendants |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List below.

    /s/ Joel A. Goodman
Joel A. Goodman
Goodman & Nekvasil, P.A.
14020 Roosevelt Blvd., Suite 808
P.O. Box 17709
Clearwater, Florida 33762
Telephone: 727-524-8486
Facsimile: 727-524-8786

**Electronic Mail Notice List**
Daniel T. Balmat
dbalmat@ssd.com, rarroyo@ssd.com

Joseph Anthony Meckes
jmeckes@ssd.com, sfr_docket@ssd.com

Defendants' Answer - Case No. C 07-03303 JF RS