ZEIGER, TIGGES & LITTLE LLP
Marion H. Little, Jr., Esq. (admitted *pro hac vice*)
Michael R. Reed, Esq. (admitted *pro hac vice*)
3500 Huntington Center
41 South High Street
Columbus, OH 43215
Telephone:   (614) 365-9900
Facsimile:   (614) 365-7900
Email: reed@litohio.com

SQUIRE, SANDERS & DEMPSEY L.L.P.
Joseph A. Meckes (State Bar No. 190279)
Daniel T. Balmat (State Bar No. 230504)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile:   +1.415.393.9887
Email: jmeckes@ssd.com
Email: dbalmat@ssd.com

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS NEMES, INDIVIDUALLY AND AS TRUSTEE OF THE THOMAS NEMES TRUST, and MICHAEL J. BENKERT, INDIVIDUALLY AND ON BEHALF OF SHORE 2 SHORE ENTERPRISES, INC., and JERRY J. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST, and NANCY M. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST,<br><br>Defendants. | Case No. C07-03303 JF (RS)<br><br>The Honorable Jeremy Fogel<br><br>**(Filed via ECF/PACER)**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING WITH TRIAL ON THE MERITS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[E-Filed concurrently with [Proposed] Order]<br><br>Date:         October 5, 2007<br>Time:        9:00 a.m.<br>Courtroom:  3, 5th Floor<br><br>Complaint Filed:   June 22, 2007 |

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT that, on October 5, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jeremy Fogel, located at 280 South 1st Street, Fifth Floor, San Jose, California 95113, Plaintiff The O.N. Equity Sales Company ("ONESCO") will and hereby does move pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure for an order that the trial of this action on its merits be advanced and consolidated with the hearing of the Motion for Preliminary Injunction that is being filed concurrently with this Motion.

This motion is based on the memorandum of points and authorities in support hereof, the exhibits attached to this motion, the pleadings, records and papers on file herein and such other and further evidence and argument as may be presented at or before the hearing.

Dated: August 31, 2007

Respectfully submitted,

ZEIGER, TIGGES & LITTLE LLP


By:_____/s/_____
            Michael R. Reed

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

-1-
PLAINTIFF'S MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING WITH TRIAL ON THE MERITS        Case No. C07-03303 JF (RS)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

> *"The authority [to consolidate a preliminary injunction hearing with the trial on the merits] can be exercised with particular profit when it appears that a substantial part of the evidence offered on the application will be relevant to the merits and will [be] presented in such form as to qualify for admission on the trial proper. Repetition of evidence is thereby avoided."*

[Advisory Committee Notes to 1966 Amendment of Civil Rule 65(a)(2).]

This is the type of case the drafters of Rule 65(a)(2) had in mind when they acknowledged that consolidation of a preliminary injunction hearing with the final trial on the merits "can be usefully availed of in many cases." *Id*. This declaratory judgment action presents only one legal issue: Are the claims of Defendants Thomas Nemes, individually, and as Trustee of the Thomas Nemes Trust; Michael J. Benkert, individually, and on behalf of Shore 2 Shore Enterprises, Inc.; and Jerry J. and Nancy M. Thomas, individually, and as Trustees of the Jerry J. Thomas and Nancy M. Thomas 1998 Inter Vivos Trust ("Defendants") arbitrable in the National Association of Securities Dealers ("NASD") system, or are they not arbitrable? The evidence and arguments presented at a preliminary injunction hearing would be exactly the same as would be presented at a trial on the merits. After a reasonable period for conducting discovery, both parties will be able to fully present their evidence at one hearing on the sole issue in this case.

Courts hold that, where parties are on notice of a district court's intent to consolidate and have full opportunity to present material evidence to the court, the court has "broad discretion" to consolidate a preliminary injunction hearing with a trial on the merits. *See, e.g., Michenfelder v. Sumner*, 860 F.2d 328, 337 (9th Cir. 1988). For the reasons discussed below, the Court should find consolidation appropriate here and grant the Motion. Plaintiff submits that a 6-8 week time frame between the consolidation order and the trial on the merits will afford the parties ample time to complete discovery and prepare their cases. Consolidation will also promote judicial economy.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

-2-
PLAINTIFF'S MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING WITH TRIAL ON THE MERITS    Case No. C07-03303 JF (RS)

## II. STATEMENT OF FACTS

This case arises from Defendants' attempt to pursue claims in arbitration against ONESCO, a broker-dealer, based on their purchases of a private placement directly from the Lancorp Financial Fund Business Trust (the "Trust"), even though they executed a private placement memorandum that specifically disclaimed *any* broker-dealer involvement, let alone any relationship with ONESCO. Further, they do so despite executing irrevocable purchase agreements prior to Gary Lancaster's ("Lancaster") affiliation with ONESCO. Defendant Nemes executed a subscription agreement with Lancorp Fund on or about July 15, 2003 – more than eight months before Lancaster became affiliated with ONESCO; Defendant Benkert executed a subscription agreement with Lancorp Fund on or about June 23, 2003 – nine months before Lancaster became affiliated with ONESCO; and Defendants Jerry and Nancy Thomas executed a subscription agreement with Lancorp Fund on or about August 14, 2003 – more than seven months before Lancaster became affiliated with ONESCO.[1]

Faced with the possibility of arbitrating claims asserted by individuals who were never its customers, and whose relevant dealings with Lancaster occurred well before Lancaster's relationship with ONESCO, ONESCO initiated this civil action seeking a declaration that it is not obligated to arbitrate Defendants' claims and injunctive relief enjoining Defendants from proceeding with their improperly filed arbitration action.

ONESCO's Complaint for Declaratory Judgment and Injunctive Relief was filed June 22, 2007, and Defendants filed their Answer on July 18, 2007.

## III. LAW AND DISCUSSION

### A. Consolidation Is Appropriate In This Case, Which Presents A Single Legal Issue And Limited Factual Issues.

Civil Rule 65(a)(2) guides the Court's determination of the instant Motion. The Rule provides in relevant part:

---

[1] The Court is respectfully referred to ONESCO's Motion for Preliminary Injunction, filed concurrently with the instant Motion, for further factual detail.

> Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. …

Although the Rule itself does not spell out the types of cases suited for consolidation, courts generally find that consolidation is appropriate where, as here, an action presents limited factual issues and the facts are unlikely to change between the preliminary injunction stage and a final trial on the merits. "In appropriate cases, consolidation under Rule 65(a)(2) eliminates needless repetition of evidence that would otherwise be offered cumulatively at a preliminary injunction hearing and trial on the merits, therefore 'expedit[ing] the final disposition of the action.'" *Centennial Broadcasting, LLC v. Burns*, 2006 WL 1401490, at *2 (W.D. Va., May 19, 2006) (quoting Advisory Committee Notes to Rule 65(a)(2)).

Cases such as this, in which the only issue is arbitrability of a dispute between the parties, are especially suited for consolidation, as the factual issues are not extensive and the legal issue is narrow. In *Leevers v. Bilberry*, 2007 WL 315344 (M.D. Ga., Jan. 31, 2007), for example, the court consolidated a party's motion for preliminary injunctive relief to "stay" an arbitration with the final trial on the merits. *See id.* at *2 (permanently enjoining arbitration); *accord, Aircraft Braking Sys. Corp. v. Local 856, UAW*, 52 F.3d 324 (Table), 1995 WL 236678, at *10 (6th Cir. 1995) (affirming district court's consolidation of preliminary injunction motion with trial on merits in action to enjoin arbitration); *Hahnemann Univ. v. Dist. 1199C, Nat'l Union of Hospital & Health Care Employees*, 596 F. Supp. 443, 444 (E.D. Pa. 1984) (consolidating preliminary injunction and trial on merits of arbitrability issue, "since the factual basis for permanent injunctive relief would not be changed by the addition of further evidence").

ONESCO's motion for injunctive relief, filed concurrently with this Motion to Consolidate, discusses the legal issue before the Court in more detail. Briefly, this declaratory judgment action presents only the following question: Since Defendants do not have an express agreement with ONESCO to arbitrate their claims; does Rule 10301(a) of the NASD Code of Arbitration Procedure require their claims to be arbitrated? Deciding this issue will require factual inquiry into whether Lancaster was affiliated with ONESCO when Defendants executed

-4-

their agreements with the Trust, or at the time of the alleged misrepresentations that induced their execution thereof – in other words, whether Lancaster was affiliated with ONESCO "as of the time of the occurrence of events that constitute the factual predicate for the causes of action contained in the arbitration complaint." *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 820 (11th Cir. 1993). Arbitrability is to be determined by the Court upon presentation of the relatively limited evidence going to this issue. *See Sanford v. Memberworks, Inc.*, 483 F.3d. 956, 962 (9th Cir. 2007) ("[C]hallenges to the *existence* of a contract as a whole must be determined by the court ... .").

### B. If The Motion Is Granted, Defendants Will Be Afforded Full Opportunity To Present Their Case At A Consolidated Hearing.

Should the Court find an expedited decision on the merits is appropriate here; its consolidation order will assure procedural due process. The United States Supreme Court has held that a district court appropriately exercises its power under Rule 65(a)(2) where: (1) the parties receive "clear and unambiguous notice" of the court's intent to consolidate the trial and the preliminary injunction hearing, such that (2) the parties will be afforded "a full opportunity to present their respective cases." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Here, the first step is easily met, as a consolidation order will put the parties on notice of the Court's intent to consolidate the preliminary injunction hearing with trial on the merits. Where advance notice is sufficient to allow discovery between the parties and presentation of evidence at the hearing, the second step is met as well. Thus, in *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988), the Ninth Circuit upheld the district court's decision to consolidate where the complaining party had the opportunity to present his case and failed to convince the court that additional evidence and preparation time could have "altered the outcome." *Id.* at 337. *Accord: Abraham Zion Corp. v. Lebow*, 761 F.2d 93, 101 (2nd Cir. 1985) (consolidation appropriately granted where party was given leave to conduct discovery and call key witnesses); *Holly Sugar Corp. v. Goshen County Coop. Beet Growers Ass'n*, 725 F.2d 564, 568 (10th Cir. 1984) (consolidation appropriate where complaining party had opportunity to call witnesses and present evidence or ask for continuance necessary for presentation of evidence).

-5-

Discovery in this matter will be focused on and limited to the issue of arbitrability. In light of the limited nature of discovery on the sole issue, only a few depositions will need to be scheduled. If the parties have 6-8 weeks between the order to consolidate and the hearing on the merits, they will have more than ample preparation time to allow the Court to dispose of this case with a single hearing.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to issue an order that the trial of this action on its merits be advanced and consolidated with the hearing of the motion for preliminary injunction.

Respectfully submitted,

Dated: August 31, 2007

ZEIGER, TIGGES & LITTLE LLP

By: _____/s/_____
              Michael R. Reed

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

SANFRANCISCO/229468.3

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

-6-
PLAINTIFF'S MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING WITH TRIAL ON THE MERITS       Case No. C07-03303 JF (RS)

# PROOF OF SERVICE
(Pursuant to Federal Law)

The undersigned certifies and declares as follows:

I, Kim Nhung Phan, am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is One Maritime Plaza, Suite 300, San Francisco, California 94111-3492, which is located in the county where any non-personal service described below took place.

On August 31, 2007, a copy of the following document(s):

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING WITH TRIAL ON THE MERITS; MEMORANDUM OF POINTS AND AUTHORITIES**

were served via United States District Court Electronic Filing Service on the party(ies) as set forth below:

Joel A. Goodman
Goodman & Nekvasil, P.A.
Email: gn.law@verizon.net

Richard Angelo Kutche
Law Offices of Richard A. Kutche
Email: rakutche@pacbell.net

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on August 31, 2007, at San Francisco, California.

/s/ Kim Nhung Phan
KIM NHUNG PHAN