Westlaw.

Not Reported in F.Supp.                                                                                        Page 1
Not Reported in F.Supp., 1989 WL 77176 (S.D.N.Y.), 1989 A.M.C. 847
(Cite as: Not Reported in F.Supp.)

H
Overseas Oil Transport Corp. of Panama v. Phibro Energy, A.G.
S.D.N.Y.,1989.

United States District Court,S.D. New York.
OVERSEAS OIL TRANSPORT CORPORATION OF PANAMA, Petitioner,
v.
PHIBRO ENERGY, A.G., Various Underwriters at Lloyd's and Lloyd's Underwriters Claims Recovery Office, Respondents.
No. 88 Civ. 1302(JMC).

Feb. 1, 1989.

Cichanowicz, Callan & Keane by James M. Textor, New York City, for Overseas.
Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy by George F. Chandler, New York City, for Phibro Energy, A.G.
CANNELLA, District Judge.
*1 Respondent Phibro Energy's motion to compel arbitration is denied. 9 U.S.C. § 4. Petitioner's cross-motion for discovery is granted in part and denied in part. Fed.R.Civ.P. 81(a)(3).

BACKGROUND

On July 16, 1984, Overseas Oil Transport Corporation of Panama ["Overseas"] entered into a charter party with scanports shipping Limited ("Scanports") to charter the MISTRA, a vessel owned by Overseas. The charter party contained an arbitration clause which provided that all disputes arising out of the charter party would be resolved by arbitration in New York.

On October 18, 1984, Overseas received a notice of a cargo claim from Scanports for an alleged shortage of Iranian crude oil carried under the charter party from Kharg Island, Iran to Ain Sukhna, Egypt. Overseas disputed the claim and after an investigation into the matter, declined payment.

Thereafter, on February 5, 1988, Overseas received a demand for arbitration, pursuant to the charter party, from Lloyd's Underwriters Claims Recovery Office ["Lucro"], as recovery agent for Underwriters at Lloyd's ["Lloyd's"], the subrogee of Phibro Energy, A.G. ["Phibro"]. Overseas then commenced this action seeking a declaratory judgment that it has no obligation to arbitrate with Lucro, Lloyd's or Phibro as they were not parties to the charter party containing the arbitration clause.

Phibro now moves to compel arbitration. Phibro contends that in entering into the charter party Scanports acted as Phibro's agent, a fact known to Overseas. Moreover, Phibro argues that as a matter of ordinary contract law it may, even as an undisclosed principal, enforce the charter party against overseas.

Overseas opposes the motion, contending that Phibro has failed to allege any facts which establish the existence of a principal/agent relationship between Phibro and Scanports during the transaction in question. Overseas argues that the issue of whether a principal/agent relationship existed is a question of fact requiring a trial pursuant to 9 U.S.c. § 4 ["section 4"].[FN1] In addition, Overseas cross-moves for discovery on the issues of whether a principal/agent relationship in fact existed and whether such a relationship was ever disclosed to Overseas.

DISCUSSION

I. *Motion to Compel Arbitration*

In Interbras Cayman co. v. orient victory Shipping Co., S.A., 663 F.2d 4 (2d Cir.1981), the Second

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT L

Not Reported in F.Supp.                                                                                                 Page 2
Not Reported in F.Supp., 1989 WL 77176 (S.D.N.Y.), 1989 A.M.C. 847
(Cite as: Not Reported in F.Supp.)

circuit decided a case with facts similar to the instant action. In *Interbras,* Frota entered into a charter party with Orient to charter Orient's vessel. *See id.* at 5. The charter party provided that all disputes would be referred to an arbitration panel in New York. Frota then sub-chartered the vessel to Interbras and assigned Interbras all rights under the charter party. *See id.* at 5-6. When a dispute arose, Interbras served Orient with a demand to arbitrate. *See id.* at 6. Interbras argued that Orient was obligated to arbitrate their dispute because Frota had entered into the charter party as its undisclosed agent. *See id.* The district court concluded, without a trial on the issue, that Frota had entered into the charter party as agent for Interbras and that Interbras could, therefore, enforce the agreement against Orient. *See id.*

*2 The Second Circuit first pointed out "the well settled rule that an undisclosed principal may enforce a contract made for its benefit 'even though the [obligee] did not know there was an undisclosed principal,'" *Id.* (quoting *Morris v. Chesapeake & O.S.S. Co.,* 125 F. 62, 66 (S.D.N.Y.1903), affd, 148 F.11 (2d Cir.), *cert. denied,* 203 U.S. 592 (1906)). Orient did not dispute this rule, but argued that it had adequately countered Interbras' claim of agency so as to require a trial of the issue under section 4. The court noted that "to warrant a trial under 9 U.S.C. § 4, the issue raised must be 'genuine.'" *Interbras,* 663 F.2d at 7 (quoting *Almacenes Fernandez S.A. V. Golodetz,* 148 F.2d 625, 628 (2d Cir.1945) ("To make a genuine issue entitling the plaintiff to a trial by jury, an unequivocal denial that the agreement had been made was needed, and some evidence should have been produced to substantiate the denial.")). The Second Circuit concluded that Orient's evidence disputing the agency claim "was sufficient to raise a 'genuine' issue under *Golodetz.*" *Interbras,* 663 F.2d at 7. Thus, the court reversed and remanded for a trial on the issue of agency.

In light of the reasoning set forth in *Interbras,* the Court now turns to assess the facts of the instant action. Overseas does not dispute the rule that an undisclosed principal may enforce an arbitration agreement signed by its agent. *See* Declaration of James M. Textor, ¶ 7, 88 Civ. 1302(JMC) (S.D.N.Y. June 22, 1988) ["Textor Declaration"]. However, Overseas denies that a principal/agent relationship in fact existed at the time of the charter party. *See id.* in support of its position, Overseas points out that (1) the only evidence submitted in support of Phibro's claim of agency is a terse, conclusory affidavit of the broker who arranged the transaction; (2) there is no affidavit from anyone with knowledge at Phibro or Scanports; and (3) prior to the litigation, none of the papers relating to the transaction gave any indication that Phibro was involved in this matter. See *id.* at 6-7. In addition, Overseas has submitted affidavits contending that no disclosure was ever made to Overseas of any principal/agent relationship between Phibro and Scanports. See *id.* at 8.

The only proof of an agency relationship provided by Phibro is an affidavit of the broker who arranged the transaction. See Affidavit of Charles Lynch, Jr., 88 Civ. 1320(JMC) (S.D.N.Y. June 7, 1988). The broker never directly states that Scanports was acting as the agent for Phibro during the transaction in question, but only that "[i]t is widely known throughout the shipping community that Scanports does not charter for its own account, but almost always as agents for one of the Phibro Group companies." *Id.* (emphasis added). Phibro does not provide affidavits from anyone at Scanports or Phibro, nor does it provide any documentary or other evidence to substantiate its claim of agency.

Overseas has denied that it is obligated to arbitrate with Phibro and has presented some evidence to substantiate this denial. *See Interbras,* 663 F.2d at 7 (citing *Golodetz,* 148 F.2d at 628.). Accordingly, Phibro's motion to compel arbitration is denied. The Court finds that Overseas is entitled to a trial on the issue of whether a principal/agent relationship existed between Phibro and Scanports during the transaction in question.

II. *Motion for Discovery.*

*3 Overseas cross-moves for discovery on the issues of (1) whether a principal/agent relationship existed; and (2) whether such a relationship was ever disclosed to Overseas.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1989 WL 77176 (S.D.N.Y.), 1989 A.M.C. 847
(Cite as: Not Reported in F.Supp.)

Page 3

Discovery into the merits of a dispute to be arbitrated is improper absent exceptional circumstances. *See, e.g., Ore & Chemical Corp. v. Stinnes Interoil Inc.,* 606 F.Supp. 1510, 1515 n.4 (S.D.N.Y.1985). However, discovery is allowed into the issue of whether an arbitrable contract exists. *See Andros Compania Maritima v. Marc Rich & Co.,* 579 F.2d 691, 702 and n.15 (2d Cir.1978) (citing 7 Moore's *Federal Practice* ¶ 81.05[7], at 81-82 (2d ed.1975) and *International Union of Elec., Radio and Mach. Workers, AFL-CIO v. Westinghouse Elec. Corp.,* 48 F.R.D. 298, 299-300 (S.D.N.Y.1969)). Thus, Overseas' cross-motion for discovery on the issue of whether a principal/agent relationship existed is granted.

Overseas also cross-moves for discovery on the issue of whether a principal/agent relationship was ever disclosed to Overseas. However, Overseas does not dispute the rule that an undisclosed principal may enforce an arbitration agreement signed by its agent. *See* Textor Declaration at ¶ 7. Consequently, whether a principal/agent relationship was ever disclosed to Overseas is irrelevant to the issue of arbitrability. Accordingly, Overseas' cross-motion for discovery on this issue is denied.

CONCLUSION Respondent Phibro's motion to compel arbitration is denied. 9 U.S.C. § 4. Petitioner's cross-motion for discovery is granted in part and denied in part. Fed.R.Civ.P. 81(a)(3). All discovery on the issue of whether a principal/agent relationship existed shall be completed within sixty (60) days of the filing of this Order.

SO ORDERED.

FN1. 9 U.S.C. § 4 provides in pertinent part: "If the making of the arbitration agreement or the failure, neglect, of refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. ..."

S.D.N.Y.,1989.
Overseas Oil Transport Corp. of Panama v. Phibro Energy A.G.
Not Reported in F.Supp., 1989 WL 77176 (S.D.N.Y.), 1989 A.M.C. 847

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.