## AFFIDAVIT OF JEFFREY BLEY

STATE OF OHIO         :
                      : SS
COUNTY OF HAMILTON    :

Jeffrey Bley, first being duly sworn according to law, deposes and states that he has personal knowledge of matters set forth herein except as specifically noted otherwise, and further states as follows:

1. I am Vice President, Compliance with The O.N. Equity Sales Company ("ONESCO"), based in Cincinnati, Ohio.

2. ONESCO is a full service retail broker-dealer registered in all 50 states. ONESCO, through its more than 1,000 registered representatives, offers a variety of investment products, including standard brokerage services; mutual funds; variable insurance products; and Section 529 plans.

3. Gary L. Lancaster ("Lancaster") was associated with ONESCO as a registered representative, on an independent contractor basis, from March 23, 2004 until ONESCO terminated his registration on January 3, 2005.

4. Prior to March 23, 2004, ONESCO had no relationship—employment, independent contractor, or otherwise—with Lancaster.

5. Prior to March 23, 2004, ONESCO exercised no control or supervision over Lancaster.

6. ONESCO has not served as an underwriter or promoter for or otherwise had any involvement with the Lancorp Financial Fund Business Trust (the "Lancorp Fund").

7. ONESCO's registered representatives, including Lancaster, were never authorized to recommend and/or participate in transactions involving the Lancorp Fund.

EXHIBIT B

8. Lancaster never sought ONESCO's approval with respect to his involvement with the Lancorp Fund, nor did he ever seek ONESCO's approval with respect to his recommendations and/or participation in transactions involving the Lancorp Fund.

9. I understand that Lancaster has filed a declaration in the case styled The O.N. Equity Sales Company v. Betty Wallace, currently pending in the Southern District of California, in which he states that he provided ONESCO with express written notice of his involvement with the Lancorp Fund. This statement is untrue.

10. Lancaster's contention that he provided ONESCO with written notice of his involvement with the Lancorp Fund is directly contradicted by the NASD's finding in its Letter of Acceptance, Waiver and Consent with Lancaster, that "Lancaster failed to provide written notice of his participation in these securities transactions to O.N. Equity." A copy of the Letter, executed by Lancaster on August 10, 2006, is attached hereto as Exh. 1.

11. ONESCO does not have nor has it ever had a customer relationship with Betty Wallace, the Betty Wallace Trust of 1992, or the Betty Wallace Employee's Retirement Trust—Betty Wallace Profit Sharing Plan 002 (collectively, "Wallace").

12. ONESCO has never entered into any type of contractual arrangement with Wallace.

13. ONESCO does not possess nor has it ever possessed (other than items obtained as part of this litigation) any documents or records relating to Wallace.

14. ONESCO does not have an express agreement to arbitrate any disputes with Wallace.

15. Absent discovery, ONESCO will have no way of knowing what representations were made to Wallace, by whom, and at what time, nor will it have access to other facts that would shed light on Wallace's September 17, 2003 decision to invest in the Lancorp Fund.

16. The limited records and information recovered in these proceedings, to date, have been obtained solely through the efforts of counsel, without the availability of formal discovery.

Further Affiant sayeth naught.

_____
Jeffrey Bley

Sworn to and subscribed in my presence this 26th day of July, 2007.

_____
Notary Public

414-011:178622

NANCY J. HELD
Notary Public
In and for the State of Ohio
My Commission Expires
June 3rd, 2011