ZEIGER, TIGGES & LITTLE LLP
Marion H. Little, Jr., Esq. (admitted *pro hac vice*)
Michael R. Reed, Esq. (admitted *pro hac vice*)
3500 Huntington Center
41 South High Street
Columbus, OH  43215
Telephone:    (614) 365-9900
Facsimile:    (614) 365-7900
Email: reed@litohio.com

SQUIRE, SANDERS & DEMPSEY L.L.P.
Joseph A. Meckes (State Bar No. 190279)
Daniel T. Balmat (State Bar No. 230504)
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492
Telephone: +1.415.954.0200
Facsimile:   +1.415.393.9887
Email: jmeckes@ssd.com
Email: dbalmat@ssd.com

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN JOSE DIVISION)

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS NEMES, INDIVIDUALLY AND AS TRUSTEE OF THE THOMAS NEMES TRUST, and MICHAEL J. BENKERT, INDIVIDUALLY AND ON BEHALF OF SHORE 2 SHORE ENTERPRISES, INC., and JERRY J. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST, and NANCY M. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST.<br><br>Defendants. | Case No.  C07-03303 JF (RS)<br><br>The Honorable Jeremy Fogel<br><br>**(Filed via ECF/PACER)**<br><br>**PARTIES' JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br><br><br>Complaint Filed:   June 22, 2007 |

The parties submit the following Joint Case Management Statement pursuant to Local Rule 16-9:

1. **Jurisdiction and Service:** This Court has jurisdiction of this Complaint pursuant to 28 U.S.C. § 1332. Personal jurisdiction exists over the Defendants, and venue is also conferred under 28 U.S.C. § 1391(a) inasmuch as the Defendants reside in this judicial district. No party remains to be served.

2. **Facts:** The following is a brief chronology of the facts and a statement of the principal factual issues in dispute:

<u>Plaintiff's Position</u>: Plaintiff The O.N. Equity Sales Company ("ONESCO") filed this case seeking injunctive relief and a declaration that it has no obligation to arbitrate, before the National Association of Securities Dealers ("NASD"), the claims asserted by Defendants with respect to their investments in the Lancorp Financial Fund Business Trust ("Lancorp Fund"). Specifically, ONESCO submits that Defendants' claims are not arbitrable because the events giving rise to their NASD claims (i.e., alleged misrepresentations or omissions that induced their decisions to invest in the Lancorp Fund) occurred before Gary Lancaster, Trustee of the Lancorp Fund, became an "associated person" of ONESCO. Lancaster served as a registered representative with ONESCO, as an independent contractor, only from March 23, 2004, to January 3, 2005.

All of the Defendants made their decisions to invest months before Lancaster began his association with ONESCO, and their purchase decisions were based on materials sent and alleged representations made to them before they acted on their intent to invest by executing subscription agreements with the Lancorp. Defendant Thomas Nemes executed a subscription agreement in his capacity as trustee of his trust on July 15, 2003. Defendant Michael Benkert executed a subscription agreement on June 23, 2003, identifying himself as signing in the capacity of president of Shore 2 Shore Enterprises, Inc. Defendants Jerry and Nancy Thomas, signing in their capacities as trustee of the Jerry Thomas and Nancy Thomas 1998 Inter Vivos Trust, executed a subscription agreement on August 14, 2003.

In Section 1(D) of the subscription agreements Defendants signed, it is plainly stated that Defendants' tendered cash contributions are "irrevocable." While it appears some activity may have occurred after the execution of the Subscription Agreement, no new material representations were made and the actual alleged representations upon which Defendants' claims are based occurred well before Lancaster became affiliated with ONESCO on March 23, 2004.

Defendants' Position:

Defendants state that the Lancorp investments at issue in the NASD arbitration case involve representations, omissions, and purchases after Lancaster began working for ONESCO. Defendants had in 2003 signed paperwork and sent funds to Lancaster checks to be invested in Lancorp. These funds would be held in escrow until Lancorp became operational and the investment closed. In April 2004, after Lancaster started working for ONESCO, Lancaster changed the terms and structure of the Lancorp investment and told the Defendants that they needed to agree to the investment as changed or Lancaster would refund their funds. Defendants acknowledged the changes, and the investment closed in May 2004. In companion cases involving identical facts, *ONESCO v. Steinke*, 2007 WL 2421761 (C.D. Cal. Aug. 27, 2007), and *O.N. Equity Sales Co. v. Pals*, 2007 WL 2506033 (N.D. Iowa Sept. 6, 2007), Los Angeles and Iowa judges recently ruled that the Lancorp investment was sold at that time in May 2004, while Lancaster worked for ONESCO. Defendants allege in their arbitration claim that ONESCO failed to supervise or is responsible for these events and for continuing fraud that occurred after Lancaster began working for ONESCO. They therefore contend that their claims are arbitrable under NASD rules.

3. **Legal Issues:** The following is a brief statement of the disputed points of law:

Plaintiff's Position: Given the timing of events giving rise to Defendants' claims, ONESCO submits that Defendants' claims are not arbitrable pursuant to NASD rules, and the case law interpreting them. Therefore, ONESCO seeks injunctive relief enjoining Defendants from proceeding with their NASD arbitration action and declaratory relief that ONESCO has no obligation to arbitrate Defendants' claims. ONESCO respectfully submits that the *Steinke* and *Pals* Courts Defendants refer to simply accepted the defendant's one-sided version of the

evidence without giving ONESCO the opportunity to conduct limited discovery and refused to allow ONESCO the opportunity to challenge defendants' submission.

Defendants' Position: Defendants state that their investment was not sold until after Lancaster started working for ONESCO and that ONESCO is liable as a result of events, including continuing fraud and negligent supervision of both Lancaster and the investment transactions, occurring after Lancaster started working for ONESCO. The courts in *Steinke* and *Pals*, cited above, recently agreed with other Lancorp investors in identical circumstances that their claims are arbitrable on this basis, and this Court should reach the same conclusion. Unlike the present case, the cases on which ONESCO relies generally do not involve investments sold while the broker worked for the firm; to the extent these cases do involve such investments, these cases found that the disputes were arbitrable.

4. **Motions:** Following is a summary of all prior and pending motions, their current status, and any anticipated motions:

Plaintiff: Plaintiff has filed a Motion for Preliminary Injunction, Motion to Consolidate Preliminary Injunction Hearing with Trial on the Merits, and Motion for an Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability. At this time, Defendants have not yet filed responsive briefs to these Motions. Plaintiff does not anticipate filing additional motions.

Defendants: Defendants anticipate that they will file a motion to compel arbitration and perhaps a motion for protective order.

5. **Amendment of Pleadings:** The parties do not anticipate that any additional parties will be added or that the pleadings will be amended.

6. **Evidence Preservation:** The parties submit that they have taken all steps required by the Federal Rules of Civil Procedure and other applicable laws to preserve evidence.

7. **Disclosures:** The parties have made their Rule 26(a)(1) disclosures.

8. **Discovery:** No discovery has been taken to date. Counsel have conferred pursuant to Fed. R. Civ. P. 26(f). The parties agree that this matter will not involve discovery of electronically stored information. Neither Plaintiff nor Defendants intend to use expert witnesses,

so expert discovery is not applicable. The parties have not reached any other discovery agreements and, in fact, disagree on the need for discovery:

<u>Plaintiff's Position:</u> Plaintiff's position is that discovery is necessary to produce evidence relevant to the factual issues described in item No. 2 above and that all discovery should be limited to the issue of whether Defendants' claims are arbitrable before the National Association of Securities Dealers ("NASD"). Plaintiff anticipates that requests for production, interrogatories, and requests for admission may be necessary and that all three forms of discovery can be served immediately upon the Court's order granting expedited discovery. Plaintiff anticipates conducting five depositions – a deposition of each Defendant and of Gary Lancaster. If discovery is conducted in an efficient fashion, Plaintiff anticipates that discovery in this case can be completed by October 31, 2007. While Defendants again refer to the procedure implemented by the *Steinke* and *Pals* courts, Judge White in *The O. N. Equity Sales Company v. Cui*, Case No. 3:07-cv-02844-JSW (N.D. Cal.), on Friday, September 7, 2007, rejected these same arguments and concluded that discovery would be permitted on arbitrability issues.

<u>Defendants' Position:</u> For the reasons stated in more detail in Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for an Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability, Defendants disagree that any discovery should occur and will file a motion to compel arbitration. This Court should defer its decision whether to allow discovery until the motion to compel arbitration and ONESCO's motion for preliminary injunction are decided. That is the procedure implemented by the federal courts in *Steinke* and *Pals*. Defendants do not agree that Judge White in *ONESCO v. Cui* reached a conclusion whether discovery was appropriate.

If this Court does allow discovery, the discovery deadlines should be set to follow the ruling on the motion to compel arbitration and motion for preliminary injunction. For example, if discovery is permitted, the deadline to propound discovery such as requests for production should be one month after the Court rules on the motion to compel arbitration and motion for preliminary injunction. The deadline to propound requests for admissions should be four months after the

Court rules on the motions. The deadline to complete discovery, including depositions if any, should be five months after the Court rules on the motions.

9. **Class Actions:** Not applicable.

10. **Related Cases:** No cases are pending between Plaintiff and any of the Defendants in any other court or administrative body, other than that Defendants have filed arbitration claims against Plaintiff before the NASD.

11. **Relief:** The only relief sought by Plaintiff is injunctive relief and a declaration that it has no obligation to arbitrate the claims asserted by Defendants with respect to their investments in the Lancorp Fund. Defendants seek to compel arbitration. No damages are sought by any party in this action, although the Defendants do seek damages in the underlying arbitration.

12. **Settlement and ADR:** Because the sole issue in this case is whether Defendants' claims are arbitrable, neither party is seeking monetary relief, and the Defendants' underlying claims against Plaintiff are not before the Court in this case, the parties agree there is little likelihood of settlement and there should be no ADR in this matter (subject, of course, to Defendants' contention that his underlying claims are arbitrable under the rules of the National Association of Securities Dealers, Inc. ("NASD")). As required by this Court's rules, the parties did file a Notice of Need for ADR Phone Conference (docket no. 18) and participated in an ADR phone conference with this Court's ADR Unit on September 5, 2007.

13. **Consent to Magistrate Judge For All Purposes:** The parties do not agree to consent to have a magistrate conduct all further proceedings, including trial and entry of judgment.

14. **Other References:** Subject, again, to Defendants' contention that their underlying claims are arbitrable under the rules of the NASD, the parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:** Not applicable. As discussed, the only issue in this case is whether Defendants' claims are arbitrable before the NASD.

16. **Expedited Schedule:** Regarding whether this is the type of case that can be handled on an expedited case with streamlined procedures:

Plaintiff's Position: This case is suitable for an expedited schedule. Because the issue in this case is limited and the evidence and arguments presented at a preliminary injunction hearing would be exactly the same as would be presented at a trial on the merits, Plaintiff has filed the above-referenced Motion to Consolidate.

Defendants' Position: Defendants believe that their motion for compel arbitration and Plaintiff's Motion for Preliminary Injunction should be heard on the same day, as in Steinke, and the Court can then expeditiously resolve these motions, which are likely to be dispositive. Consideration of Plaintiff's requests for discovery and consolidation should be stayed until that time.

17. **Scheduling:** Regarding proposed dates for designation of experts, neither Plaintiff nor Defendants intend to use expert witnesses. As to the discovery cutoff, hearings on dispositive motions, pretrial conference and trial:

Plaintiff's Position: If consolidation of the preliminary injunction hearing and trial on the merits is granted, and if discovery is conducted according to the schedule proposed in item No. 8 above, the discovery cutoff should be November 15, 2007, and Plaintiff will be ready for trial by December 3, 2007.

Defendants' Position: As stated in more detail in Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for an Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability ONESCO has filed 19 court actions around the country. In view of Defendants' counsel's already heavy ONESCO caseload, which will become even heavier, trial cannot be completed by ONESCO's proposed deadline in December 2007. If this Court conducts a full trial, Defendants do not expect to be ready for trial until July 2008. This trial date may in fact need to be later, depending in part on what is ordered by the other federal courts. If this Court permits discovery over Defendants' objection, the deadline to propound discovery, such as requests for production, should be one month after the Court rules on the motion to compel arbitration and motion for preliminary injunction. The deadline to

propound requests for admissions should be four months after the Court rules on the motions. The deadline to complete discovery, including depositions if any, should be five months after the Court rules on the motions.

18.  **Trial:**

Plaintiff's Position: The issue in this case is triable only by the Court, not by a jury. Plaintiff expects a consolidated injunction hearing/trial to last one day.

Defendants' Position: Defendants believe that, if this Court orders a full trial on arbitrability over Defendants' objection, this Court should reserve two days for trial.

19.  **Disclosure of Non-party Interested Entities or Persons:** Plaintiff and Defendants have both filed their Certificates of Interested Entities or Persons. Plaintiff's Certificate is filed as R-3 on the case docket, and Defendants' Certificate is filed as R-11.

Plaintiff's Certification:

The plaintiff is THE O.N. EQUITY SALES COMPANY, an Ohio corporation with its principle place of business in Cincinnati, Ohio. Plaintiff is a wholly owned subsidiary of The Ohio National Life Insurance Company.

Defendants' Certification:

Thomas Nemes, individually and on behalf of the Thomas Nemes Trust – Defendant.

Michael J. Benkert, individually and on behalf of Shore 2 Shore Enterprises, Inc. – Defendant.

Jerry J. Thomas, individually and as trustee of the Jerry J. Thomas and Nancy M. Thomas 1998 Inter Vivos Trust – Defendant.

Nancy M. Thomas, individually and as trustee of the Jerry J. Thomas and Nancy M. Thomas 1998 Inter Vivos Trust – Defendant.

The O.N. Equity Sales Company – Plaintiff

The Ohio National Life Insurance Company – Parent company of Plaintiff

20. **Other Matters:** None.

Respectfully submitted on behalf and with the consent of all parties,

Dated: September 14, 2007

ZEIGER, TIGGES & LITTLE LLP

By: _____/s/_____
              Michael R. Reed

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

SANFRANCISCO/233927.1