# Exhibit 1

**NASD** Dispute Resolution
www.nasd.com

**Western Region**
300 South Grand Avenue • Suite 900 • Los Angeles, CA • 90071-3135 • 213-613-2680 • Fax 213-613-2677

**NASD**

**RCVD G & N** MAY 2 9 2007

May 22, 2007

COPY -- SEE RECIPIENT LIST

Subject:    NASD Dispute Resolution Case Number 07-01378
            Scott Walls, Barbara M. Allen, Alvin R. Perry, et al. v. The O.N. Equity Sales Company

Dear Ms. Turner:

NASD Dispute Resolution provides a forum for the resolution of disputes involving broker-dealers, and members of the American Stock Exchange (AMEX), International Stock Exchange (ISE), Nasdaq Liffe Markets (NqLX), and Philadelphia Stock Exchange (PHLX), and Municipal Securities Rulemaking Board (MSRB) registrants and/or their associated persons.

Please be advised that the Securities and Exchange Commission (SEC) has approved the NASD Codes of Arbitration Procedure for Customer (Customer Code) and Industry (Industry Code) Disputes. The Customer and Industry Codes become effective on April 16, 2007 and apply to all claims filed on or after the effective date. Please note that the list selection provisions of the new Customer or Industry Codes will apply to previously filed claims in which a list of arbitrators has not yet been generated and sent to the parties, or in which an entirely new list of arbitrators must be generated. In these cases, even though a list has been generated under the new Customer or Industry Code, the claim will continue to be governed by the remaining provisions of the old Code of Arbitration Procedure (Old Code) unless all parties agree to proceed under the new Customer or Industry Code.

**The claim was filed on or after April 16, 2007, therefore the case will be governed by the new Customer/Industry Code.**

This office administers cases according to the procedures set forth in NASD Rules. The most up-to-date version of the rules can be accessed or downloaded from our Web site at http://www.nasd.com. On the NASD Dispute Resolution Web site, you will also find important instructions concerning filing your answer or other claims (The NASD Dispute Resolution Party's Reference Guide). If you do not have access to the Internet, you may call our office to request a copy of these documents.

<u>**Filing a Statement of Answer**</u>

Since you have been named as a party in this arbitration, enclosed is a copy of the Statement of Claim. You are required by the rules of NASD Dispute Resolution to arbitrate this dispute.

Your Statement of Answer must specify all relevant facts and available defenses to the Statement of Claim

submitted (See NASD Rules[1]). In addition, your Answer may include any related claim(s) that you may have against the claimant or any other party subject to arbitration under the rules. If you assert any of these claims please refer to the Schedule of Fees[2] for the related filing fee. If you assert a claim, it should be submitted with the fee in the attached envelope.

Pursuant to NASD Rules,[3] you are required, on or before July 11, 2007, to send to the Claimant and all other parties a signed Uniform Submission Agreement (form enclosed) and your Answer. Claimant or Claimant's counsel's address is provided at the end of this service letter.

NASD Rules also require that you send to the Director of Arbitration: (a) the original and three copies of the Uniform Submission Agreement, properly signed and dated by you; (b) the original and three copies of your Answer and (c) four copies of any document(s) referred to in your Answer. When sending copies of your Answer to the Director of Arbitration, please indicate that you have properly served your Answer on all parties. If you need an extension of time to file your Statement of Answer, you may contact the Claimant directly and request one. If Claimant agrees to extend your time to file your Answer, please notify NASD in writing of the new deadline for filing your Answer. You should also send a copy of that notice to the Claimant and all other parties.

If your Answer is not served upon all parties, a motion to preclude your Answer may be made pursuant to NASD Rules.[4] In addition, failure to provide NASD Dispute Resolution with copies of your Answer as described above will preclude it from inclusion in the package of pleadings provided to the arbitrator(s).

## Hearing Location

If an arbitration involves a public customer, NASD Dispute Resolution will generally select a hearing location closest to the customer's residence at the time the dispute arose.[5]

In disputes between AMEX, ISE, NASD, NqLX, or PHLX member firms, or MSRB Registrants and associated persons, NASD Dispute Resolution will select the hearing location that is closest to the location where the associated person was employed at the time the dispute arose.

---

[1]Customer Code Rule 12303
Industry Code Rule 13303
Old Code Rule 10314(b)

[2]Customer Code Rule 12900
Industry Code Rule 13900
Old Code Rule 10332

[3]Customer Code Rule 12303
Industry Code Rule 13303
Old Code Rule 10314(b)

[4]Customer Code Rule 12308
Industry Code Rule 13308
Old Code Rule 10314(b)(2)(c)

[5]Customer Code Rule 12213
Industry Code Rule 13213

In industry disputes involving only member firms and/or MSRB Registrants unless the firms are in the same locale or the parties agree to a specific hearing location, NASD Dispute Resolution will consider the following factors when deciding the hearing location:

1) Which party initiated the transactional issue;
2) The location of witnesses and documents; and
3) The relative hardship for travel of a party to a specific location.

The **ANTICIPATED** hearing location of this case is: Denver, Colorado. This preliminary decision was made, pursuant to NASD Rules,[6] by me, acting on behalf of the Director of Arbitration. A final decision regarding the initial hearing location will be rendered prior to the time the Panel is being appointed. In addition, NASD Rules[7] authorize the presiding Panel to determine the time of all subsequent hearing(s).

If the anticipated initial hearing location listed above is **UNKNOWN**, NASD Dispute Resolution is requesting recommendations from all parties for the hearing location based on the above applicable guidelines.

## Other Information

If, after reading NASD Rules and "NASD Dispute Resolution Party's Reference Guide" booklet, you still have questions regarding NASD Dispute Resolution arbitration, please contact us. When contacting me, please refer to the number assigned to this case, which is 07-01378. NASD Dispute Resolution encourages the parties to communicate among themselves to resolve issues that do not require NASD Dispute Resolution intervention.

Pursuant to Article V, Section 2(c) of the NASD By-Laws, if you are a registered representative with the NASD, you are required to keep your registration application current. You are therefore, advised to review the Form U-4 to determine if disclosure of this matter is required. If so, your failure to update your registration application may result in the filing of a formal complaint based on any omission. Any questions regarding this disclosure requirement should be directed to the NASD Member Services Phone Center (301) 590-6500.

## Discovery

In disputes involving customers, for assistance with discovery, please review the attached Discovery Guidelines. In disputes involving only industry parties, for assistance with discovery, please review the applicable discovery code provisions for guidance.[8]

---

[6] Customer Code Rule 12213
Industry Code Rule 13213
Old Code Rule 10315

[7] Customer Code Rule 12600
Industry Code Rule 13600
Old Code Rule 10315

[8] Industry Code Rule 13505 through and including Rule 13514

## Motions[9]

If a party files a motion before the initial pre-hearing conference that requires a panel's consideration, and the opposing party files a response, if there is sufficient time before the conference, NASD Dispute Resolution will transmit the motion and response to the panel before the conference. If the motion is not forwarded to the panel before the initial pre-hearing conference, the moving party may raise the issue with the panel at the conference and ask the panel to establish a schedule for responding to the motion, as appropriate. We will advise the parties of the date of the conference in a later communication.

## Motions to Dismiss

NASD Dispute Resolution does not have a rule that expressly addresses motions to dismiss claims before a hearing on the merits. Therefore, for cases proceeding according to the Old Code, Customer Code, or Industry Code, the response to a motion to dismiss will not be due until the panel sets a deadline for the response.

Very truly yours,

/s/

Audrey C. Philips
Case Administrator
213-613-2680  Fax: 301-527-4766


ACP:IGY:LC39E
idr:04/07
Enclosure
CC:

> Joel A. Goodman, Esq., Scott Walls
> Goodman & Nekvasil, P.A., 14020 Roosevlet Blvd., Suite 808, Clearwater,
> FL 33762

RECIPIENTS:

> Barbara A. Turner, Pres, The O.N. Equity Sales Company
> The O.N. Equity Sales Company, P.O. Box 371, Cincinnati, OH 45201-0371

---

[9]Motion practice under the Customer and Industry Codes is governed by rules 12503 and 13503, respectively. For questions about motion practice under the Old Code, please contact your case administrator.