# Exhibit 2

## DECLARATION OF GARY L. LANCASTER

STATE OF WASHINGTON  )
                                              )  ss.:
COUNTY OF CLARK        )

I, GARY L. LANCASTER, declare as follows:

1. I have personal knowledge of the facts set forth below, and, if called upon to testify as a witness, I could and would testify competently thereto.

2. I organized the Lancorp Financial Fund Business Trust ("Lancorp" or "Lancorp Fund") in 2003 and thereafter began to solicit investors. Lancorp was formed as an investment to buy bonds and sell them for a spread.

3. An important Lancorp feature was an option to purchase insurance, which would insure investors against any failure by Lancorp to return investor funds upon redemption of the investors' Lancorp shares.

4. During 2003 and early 2004, changes in the insurance industry prevented Lancorp from obtaining this insurance and prevented Lancorp from going forward. Accordingly, Lancorp replaced the insurance element with a validated written obligation from the bank or broker/dealer acting as custodian, which would provide the same level of protection that was initially contemplated from an outside insurer. (See attached **Exhibit "A,"** specimen letter that I sent to all investors as of March 12, 2004.)

5. In April 2004, I notified all of the Lancorp investors that a material condition or term of their investment had changed. I explained to them that Lancorp had replaced the insurance on their proposed investment with a new bank or broker/dealer obligation that would instead guarantee their investment. Due to this material change in this offering, Lancorp required investors at that time to either (1) confirm their subscription participation and acknowledge the changes in the offering, or (2) request withdrawal of their subscriptions. This confirmation procedure

represented a new investment that would be made in April 2004. (**Exhibit "B"** are specimen copies of the April 5, 2004 letter I sent to all Lancorp investors at that time.)(the "Investment Confirmation Letter")

6.  Lancorp investors had the opportunity to get their investment principal back in April 2004. In fact, while the Lancorp offering was pending in 2003 and early 2004, and after this material change in the offering, a number of investors requested and received back their investment principal. I fully understood that the delay in finalizing this Lancorp offering was very frustrating for many investors, and that the terms of the offering had changed significantly in April 2004. I therefore readily returned the investment principal of all investors who requested their money back.

7.  I sold Lancorp investments to the persons listed on **Exhibit "C."** Some of these investors paid for their Lancorp investment prior to April 5, 2004. I sent the Investment Confirmation Letter to all of those investors.

8.  I became a registered representative of the O.N. Equity Sales Company ("ONESCO") in March 2004. Before being hired, I told ONESCO in February 2004 that I had an outside business, Lancorp Financial Group, LLC ("Lancorp Financial"), that sold annuities and insurance. (See attached **Exhibit "D."**) When I knew that the Lancorp Fund offering would be going forward, I called ONESCO to determine how to disclose this information. I received a one page form from ONESCO, which I returned to ONESCO in May 2004. I told ONESCO on this disclosure form that I would be starting the Lancorp Fund as a private placement fund on May 14, 2004. (See attached **Exhibit "E."**) ONESCO never asked me about these disclosures. ONESCO never told me of any objections the firm may have about offering or selling Lancorp to customers. I believed that ONESCO had approved and given me permission to sell and offer to sell Lancorp to customers.

2

9. The Lancorp offering became effective on May 14, 2004. I waited until then to see which investors would stay in the offering and which investors would withdraw their money and cancel their investment. (**Exhibit "F"** is a specimen copy of a letter I sent to all Lancorp investors announcing that Lancorp officially became effective May 14, 2004.)

10. I maintained Lancorp's records at my office, 1382 Leigh Court, West Linn, Oregon. If ONESCO had inspected my office, I would have shown Lancorp's records to ONESCO. ONESCO, however, never came to my office, never reviewed any customer files at my office, and never reviewed incoming and outgoing correspondence at my office.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 18th day of June, 2007.

_____
GARY L. LANCASTER

**STATE OF WASHINGTON** )
)
**COUNTY OF CLARK** )

BEFORE ME, the undersigned authority, personally appeared GARY L. LANCASTER, who produced DRIVERS LICENSE + Debit Card as identification, and who took an oath and stated that the foregoing is true and correct to the best of his knowledge, information, and belief.

SUBSCRIBED AND SWORN before me this 18th day of June, 2007.

_____
NOTARY PUBLIC, in and for the State of Washington

My commission expires Feb 22, 2010

3

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

March 12, 2004

Dear Investor:

After many more delays than I had ever thought possible, I decided to give you an update on the status of the Fund. First I want to sincerely thank you for your patience. I understand how difficult it is wait all these many months with your valuable funds not producing the kind of returns that you are entitled to.

I have been spending the extra time arranging an agreement from the financial institution that will hold all of the funds, such that it will eliminate the need for purchasing insurance. This agreement will save you the 3% annual insurance fee. In a very short period of time, the elimination of that fee will more than make up for the extra time that your funds have been drawing money market interest.

I will understand completely if your patience is at an end and you would like to have your funds returned to you. If that is the case, simply notify me in writing and I will return your funds immediately.

The single highest priority that I have is to make certain that all investor funds are secure. To that end, I will not move forward until I have all of the necessary documents in place. I have tried without success up to this point to predict when everything will be completed. Rest assured that I am doing everything in my control to expedite the completion of the documents that are needed to move forward. When that event occurs, I will send a formal announcement of the Fund becoming effective.

Again, thank you for your patience and continued interest in the Lancorp Financial Fund.

Sincerely,

Gary L. Lancaster
Trustee




EXHIBIT A

1382 Leigh Ct., West Linn, Oregon 97068
(503) 675-5017  •  (503) 675-5013 fax  •  e-mail: lancorpfinancialfund@comcast.net

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

April 5, 2004

Dear Investor:

Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1. page 12., of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

*[signature]*
Gary L. Lancaster
Trustee

X *Frances Lynn Benyo*    X _____
I reconfirm my Subscription participation and I    I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name  Frances Lynn Benyo    Date  April 9, 2004

Address:  11723 Jaycreek Dr
         Houston, TX 77070

EXHIBIT
B

1387 ___ CT. West Linn, Oregon 97068
(503) 675-5017 • (503) 675-____ • e-mail: lancorpfinancialfund@comcast.net

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

April 5, 2004

Dear Investor,

    Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1, page 12., of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

*Gary L. Lancaster*
Gary L. Lancaster
Trustee

X _*Jay C Biles*_                                                    X _____
I reconfirm my Subscription participation and I         I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name _Jay Biles_                        Date _4-9_ 2004

Address: _2014 Summerall Ct._
         _Richmond, TX 77469_

1382 Leigh Ct., West Linn, Oregon 97068
(503) 675-5017 • (503) 675-5013 fax • e-mail: lancorpfinancialfund@comcast.net

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

April 5, 2004

Dear Investor,

Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1. page 12., of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

*[signature]*
Gary L. Lancaster
Trustee

X *[signature]*           X _____
I reconfirm my Subscription participation and I      I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name _Dan Maria Cui_      Date _4/8_ 2004

Address: _6556 Lansing Ct._
_Pleasanton, Ca 94566_

1382 Leigh Ct., West Linn, Oregon 97068
(503) 675-5017 • (503) 675-5013 fax • e-mail: lancorpfinancialfund@comcast.net

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

April 5, 2004

Dear Investor,

Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1, page 12, of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

*[signature]*
Gary L. Lancaster
Trustee

X _Lonnie Gibson_                              X _____
I reconfirm my Subscription participation and I    I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name _Lonnie Gibson_                   Date _4 / 12_ 2004

Address: _556 Fairwood Road_
         _Huntington WV 25705_

1382 Leigh Ct., West Linn, Oregon 97068
(503) 675-5017 • (503) 675-5013 fax • e-mail: lancorpfinancialfund@comcast.net

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

April 5, 2004

Dear Investor,

  Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1. page 12., of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

*[signature]*
Gary L. Lancaster
Trustee

X _*[signature]*_____    X _____
I reconfirm my Subscription participation and I    I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name  STEPHEN J HOEGLER   Date  4-15    2004

Address:   47 MADISON AVE
      OLD BRIDGE, NJ 08857

1382 Leigh Ct., West Linn, Oregon 97068
(503) 675-5017 • (503) 675-5013 fax • e-mail: lancorpfinancialfund@comcast.net

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

April 5, 2004

Dear Investor,

      Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1. page 12., of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

*(signed)*
Gary L. Lancaster
Trustee

X  _ELISA D. Hoffman_       X _____
I reconfirm my Subscription participation and I     I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name _Elisa D Hoffman_     Date _04-09-04_ 2004

Address: _9893 Basilica ct_

_Cypress CA 90630_

1382 Leigh Ct., West Linn, Oregon 97068
(503) 675-5017 • (503) 675-5013 fax • e-mail: lancorpfinancialfund@comcast.net

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

April 5, 2004

Dear Investor,

Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1. page 12., of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

Gary L. Lancaster
Trustee

X _____      X _____
I reconfirm my Subscription participation and I      I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name _LUIS C. ROBLES_      Date _April 11_ 2004

Address: _13542 CARAVEL PLACE_

_CERRITOS, CA 90703_

1382 Leigh Ct., West Linn, Oregon 97068
(503) 675-5017 • (503) 675-5013 fax • e-mail: lancorpfinancialfund@comcast.net

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

April 5, 2004

Dear Investor,

Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1. page 12., of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

Gary L. Lancaster
Trustee

X _Dean K Steinke_          X _____
I reconfirm my Subscription participation and I          I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name _Dean K. Steinki_    Date _4-09-04_ 2004

Address: _1905 E 17th Street #226_
_Santa Ana, CA 92705_
_c/o Trust Co of America_
_Englewood Co 80112_

1382 Leigh Ct., West Linn, Oregon 97068

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

April 11, 2004

Dear Investor,

      Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1. page 12., of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

*[signature]*
Gary L. Lancaster
Trustee

X  *Dean V Stoink*                X _____
I reconfirm my Subscription participation and I      I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name  *Dean Steinky*            Date  *4-15-* 2004

Address: *1905 E 17th Street #220*

            *Santa Ana Ca 92705*

1382 Leigh Ct., West Linn, Oregon 97068
(503) 675-5017 • (503) 675-5013 fax • e-mail: lancorpfinancialfund@comcast.net

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

April 5, 2004

Dear Investor,

    Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1. page 12., of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

Gary L. Lancaster
Trustee

X _*Betty Wallace*_      X _____
I reconfirm my subscription participation and I    I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name _BETTY WALLACE_    Date _4-9-_ 2004

Address: _1354 NIGHTSHADE RD_

         _CARLSBAD, CA. 92009_



1382 Leigh Ct., West Linn, Oregon 97068
(503) 675-5017 • (503) 675-5013 fax • e-mail: lancorpfinancialfund@comcast.net

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

April 5, 2004

Dear Investor,

Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1. page 12., of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

*[signature]*
Gary L. Lancaster
Trustee

X _[signature]_       X _____
I reconfirm my Subscription participation and I     I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name _John R. Verrick_     Date _4/12/_ 2004

Address: _41250 250th Ave SE_
          _Enumclaw, WA 98022_

1382 Leigh Ct., West Linn, Oregon 97068
(503) 675-5017 ☎ (503) 675-5013 fax ✉ e-mail: lancorpfinancialfund@comcast.net

# EXHIBIT "C"

Axina Adlerbert
Barbara M. Allen
Helen Shea Johnson
Bert Baumer
Max F. Baumgartner
Michael J. Benkert
Frances L. Benyo
Jay C. & Marhsa Biles
John Blandi
Robert H. Broderson
Sammy B. Cattan
Christopher & Henrietta L. Charters
Joseph P. Couture
Donna L. Dermody
Louis Dina
Arlin Dirks
Randall K. & Katherine Dirks
Lawrence F. Emmertz, Jr.
Carlos Estrada, Jr.
Thomas Ferrara
Brian Gallagher
Irene T. Gaydos
Lonnie L. & Patricia Gibson
Mark R. & Meryl Goodman
Rosalind W. Griffin
Sara Hanan
Stephen J. Hoegler
Elisa D. Hoffman
John L. & Carolyn A. Kleja
David C. Klink
Daniel M. & Robin R. Maria Cui
Robert Merkel

Larry M. Miracle
Thomas Nemes
Harold E. Pals
Claire H. Pals
Dilip G. Patel
Alvin R. Perry
Jeffrey L. Pracht
Norman D. & Charlene J. Prins
Mark R. & Leslie L. Rahner
Marc E. Robertson
Thomas E. Robertson
Durwood G. Robinson
Louis C. Robres
Thurman H. Rose
Allen R. Samuels
Catherine A. Scott
Robert S. & Mary Spears
Richard S. & Jane M. Staudt
Dean K. Steinke
William E.J. Sumerton
Andrew Swavely
Virginia E. Thiers
Jerry J. & Nancy M. Thomas
Frank J. Trochia
David C. Torchia
Armand D. Van Baelen
Dorothy J. Van Sickle
John R. & Dorothy Venrick
Betty Wallace
Scott Walls
Donald E. Weckerly
H. Peter Weiss



EXHIBIT
C

# OTHER BUSINESS DISCLOSURE REPORTING PAGE (U-4)

## GENERAL INSTRUCTIONS

This Other Business Disclosure Reporting Page (DRP U-4) is an [X] INITIAL or [ ] AMENDED response used to report details in support of affirmative responses to *section 13* on the Form U-4.

> 13   Are you currently engaged in any other business either as a proprietor, partner, officer, director, employee, trustee, agent or otherwise? (Please exclude non investment-related activity which is exclusively charitable, civic, religious or fraternal and is recognized as tax exempt.)

Please provide the following information relevant to each other business disclosed.

**LAST NAME:** LANCASTER    **JR./SR., etc:**    **FIRST NAME:** GARY    **MIDDLE NAME (Specify if none):** LYNN

**CRD#:** 2730640    **SOCIAL SECURITY #:** 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    **FIRM CRD #:**

---

**1. Name of Other Business:** UNIVERSAL UNDERWRITERS GROUP    **Investment-Related Business?** [ ] Yes [X] No

**2. Address of Other Business:** 900 SW 16th ST SUITE 220    **City:** RENTON    **State/Country:** WA    **Zip:** 98055

**3. Nature of Other Business:** PROPERTY + CASUALTY, LIFE & HEALTH SALES + SERVICE

**4. Your Position, Title or Relationship with Other Business:** ACCOUNT EXECUTIVE

**5. Start Date:** 10/27/2003    **End Date:** CURRENT

**6. Your Obligation to Other Business:**
Approximate Number of Hours/Month: 140    How many during securities trading hours/month? 100

**7. Briefly describe your duties relating to Other Business:** SALES + SERVICE

---

**1. Name of Other Business:** LANCORP FINANCIAL GROUP LLC    **Investment-Related Business?** [X] Yes [ ] No

**2. Address of Other Business:** 1352 LEIGH CT    **City:** WEST LINN    **State/Country:** OR    **Zip:** 97068

**3. Nature of Other Business:** SALES + SERVICE LIFE, HEALTH, ANNUITIES

**4. Your Position, Title or Relationship with Other Business:** PRESIDENT

**5. Start Date:** 6/15/1996    **End Date:** CURRENT

**6. Your Obligation to Other Business:**
Approximate Number of Hours/Month: 2    How many during securities trading hours/month? 0

**7. Briefly describe your duties relating to Other Business:** SALES + SERVICE

---

**MONTH (MM):** 2    **DAY (DD):** 11    **YEAR (YYYY):** 2004    **SIGNATURE OF APPLICANT:** /s/ Gary Lancaster

EXHIBIT D

ONESCO-160 Rev. 11/02

## OTHER BUSINESS DISCLOSURE REPORTING PAGE (U-4)
### GENERAL INSTRUCTIONS

This Other Business Disclosure Reporting Page (DRP U-4) is an ☒ INITIAL or ☐ AMENDED response used to report details in support of affirmative responses to *section 13* on page 11 of the Form U-4.

13  Are you currently engaged in any other business either as a proprietor, partner, officer, director, employee, trustee, agent or otherwise? (Please exclude non investment-related activity which is exclusively charitable, civic, religious or fraternal and is recognized as tax exempt.)

Please provide the following information relevant to each other business disclosed.

| LAST NAME  JR./SR., etc | FIRST NAME | MIDDLE NAME (Specify if none) |
|---|---|---|
| LANCASTER | GARY | LYNN |
| CRD# | SOCIAL SECURITY # 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 | FIRM CRD# |

1. Name of Other Business: LANCORP FINANCIAL FUND BUSINESS TRUST    Investment-Related Business? ☒ Yes ☐ No
2. Address of Other Business: Street 1382 LEIGH CT    City WEST LINN    State/Country OR USA    Zip 97068
3. Nature of Other Business: PRIVATE PLACEMENT FUND
4. Your Position, Title or Relationship with Other Business: CEO - TRUSTEE
5. Start Date: 5/14/2004   End Date: / /
6. Your Obligation to Other Business: Approximate Number of Hours/Month: 10    How many during securities trading hours/month? 0
7. Briefly describe your duties relating to Other Business:
OVERSEE FUND MANAGER AND CPA FIRM

1. Name of Other Business:    Investment-Related Business? ☐ Yes ☐ No
2. Address of Other Business: Street    City    State/Country    Zip
3. Nature of Other Business:
4. Your Position, Title or Relationship with Other Business:
5. Start Date: / /   End Date: / /
6. Your Obligation to Other Business: Approximate Number of Hours/Month:    How many during securities trading hours/month?
7. Briefly describe your duties relating to Other Business:

| MONTH (MM) | DAY (DD) | YEAR (YYYY) | SIGNATURE OF APPLICANT |
|---|---|---|---|
| MAY | 3 | 2004 | [signature] |

Onesco 160 Rev. 5/02

7

**EXHIBIT E**

# LANCORP FINANCIAL FUND
# BUSINESS TRUST

June 14, 2004

Dan Cui
6556 Lansing Ct
Pleasanton, CA 94566-7724

Dear Dan:

It is with great pleasure that I am able to announce that the Lancorp Financial Fund has officially become effective as of May 14, 2004. Since that time the activity has been very good and I am certain that you will be very pleased with the results.

Statements will be sent the first part of July for the short quarter ending June 30, 2004.

Earnings will accumulate in your account until they reach the $5000.00 level and an additional share or shares will be purchased. The accumulated funds that are not shares will not be eligible to participate in the earnings of the Fund. They will remain in the Client Trust Account.

If you want the earnings sent to you at the end of each quarter, you must send me a written request to that effect.

I want to again thank you for your patience during accumulation period and you can rest assured that I will be working hard to reward your patience and confidence.

Sincerely,

Gary L. Lancaster
Trustee





EXHIBIT F

1382 Leigh Ct., West Linn, Oregon 97068
(503) 675-5017 • (503) 675-5013 fax • e-mail: lancorpfinancialfund@comcast.net