# Exhibit 1

Joel A. Goodman (FL Bar No. 802468)
Admitted *pro hac vice*
Email: gn.law@verizon.net
Goodman & Nekvasil, P.A.
14020 Roosevelt Blvd., Suite 808
P.O. Box 17709
Clearwater, Florida 33762
Telephone: 727-524-8486
Facsimile: 727-524-8786

Richard A. Kutche (CA Bar No. 151950)
Email: rakutche@pacbell.net
Law Offices of Richard A. Kutche
46 South First Street
San Jose, CA 95113
Telephone: (408) 295-0474
Facsimile: (408) 295-6693
Local counsel

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, | Case No. C 07-03303 JF RS |
| Plaintiff, | Judge Jeremy Fogel |
| v. | **DECLARATION OF JOEL A. GOODMAN** |
| THOMAS NEMES, Individually and as Trustee of the THOMAS NEMES TRUST, MICHAEL J. BENKERT, Individually and on Behalf of SHORE 2 SHORE ENTERPRISES, INC., and JERRY J. THOMAS and NANCY M. THOMAS, Individually and as Trustees of the JERRY J. THOMAS and NANCY M. THOMAS 1998 INTER VIVOS TRUST, | |
| Defendants. | |

I, Joel A. Goodman, declare and state as follows:

1. I am an attorney licensed to practice law in the States of Florida, Massachusetts, and Pennsylvania. I am a member of Goodman & Nekvasil, P.A., counsel for the Defendants in the arbitration that underlies the above-styled case. I am fully familiar with the facts set forth below, and, if called to testify, I would and could competently testify to these facts.

1          2.      The O.N. Equity Sales Company ("ONESCO") has filed 19 court actions around the country–in the District of Arizona, Southern, Central, and Northern Districts (San Francisco and San Jose divisions) of California, the District of Colorado, the Middle and Northern Districts of Florida, the Northern District of Iowa, the Eastern District of Michigan, the District of Minnesota, the District of New Jersey (two cases), the Eastern District of Pennsylvania, the Southern District of Texas, the District of Vermont, the Eastern District of Virginia, the Western District of Washington, and the Western District of West Virginia–to enjoin investors' arbitrations relating to Lancorp Financial Fund Business Trust ("Lancorp"), and more court actions will likely be filed. I have made various proposals to ONESCO to lessen expense and to simplify matters by accepting service, consolidating cases, and staying some of the cases and the underlying arbitrations. ONESCO has rejected all such proposals.

          3.      Although my law firm and I have filed several arbitrations against ONESCO, almost all of these arbitrations include multiple claimants. These arbitrations do not involve depositions and court appearances around the country, unlike ONESCO's court actions, for which ONESCO is seeking to take depositions and most of which involve single individuals or married couples.

          4.      As a result solely of ONESCO's filing of 19 federal court actions around the country, with more actions coming, I have dozens of federal court events in ONESCO cases scheduled during the next few months. Several of these events involve in-person appearances in federal courts around the country. More events will be scheduled for motions, responses, replies, depositions, discovery, hearings, and trials that may be filed or ordered or become necessary in these cases. I also must attend to the events in the underlying ONESCO arbitrations as well as the other cases in my caseload.

          5.      I would be forced to seek to take depositions of ONESCO's personnel, in the event ONESCO is permitted to take depositions of my clients in these cases. Flying to and from a particular jurisdiction for depositions can take two days. Accordingly, if depositions are allowed in these cases across the country, they could take weeks to complete. The costs to complete these depositions could be $25,000 to $30,000 or more for transcripts, plane fares, hotels, and food.

3

1  6. In other ONESCO court cases, ONESCO has sent 66 document requests to Lancorp
2 investors for more documents, and ONESCO has said that it wants to take depositions of Lancorp
3 investors and of its former registered representative, Gary L. Lancaster.
4  I declare under penalty of perjury that the foregoing is true and correct to the best of my
5 knowledge.
6  Dated this 14th day of September, 2007.

8   s/Joel A. Goodman
    Joel A. Goodman
9   Counsel for Defendants