1   ZEIGER, TIGGES & LITTLE LLP
    Marion H. Little, Jr., Esq. (admitted *pro hac vice*)
2   Michael R. Reed, Esq. (admitted *pro hac vice*)
    3500 Huntington Center
3   41 South High Street
    Columbus, OH  43215
4   Telephone:    (614) 365-9900
    Facsimile:    (614) 365-7900
5   Email: reed@litohio.com

6   SQUIRE, SANDERS & DEMPSEY L.L.P.
    Joseph A. Meckes (State Bar No. 190279)
7   Daniel T. Balmat (State Bar No. 230504)
    One Maritime Plaza, Suite 300
8   San Francisco, CA  94111-3492
    Telephone: +1.415.954.0200
9   Facsimile:  +1.415.393.9887
    Email:  jmeckes@ssd.com
10  Email:  dbalmat@ssd.com

11  Attorneys for Plaintiff
    THE O.N. EQUITY SALES COMPANY
12
                        UNITED STATES DISTRICT COURT
13
                      NORTHERN DISTRICT OF CALIFORNIA
14
                            (SAN JOSE DIVISION)
15

16  THE O.N. EQUITY SALES COMPANY,           Case No.  C07-03303 JF (RS)
    an Ohio Corporation,
17                                           The Honorable Jeremy Fogel
                   Plaintiff,
18                                           **(FILED VIA ECF/PACER)**
          vs.
19
    THOMAS NEMES, INDIVIDUALLY               **PLAINTIFF'S NOTICE OF MOTION AND**
20  AND AS TRUSTEE OF THE THOMAS             **MOTION UNDER CIVIL RULE 56(f) FOR**
    NEMES TRUST, and MICHAEL J.              **AN ORDER PRECLUDING SUMMARY**
21  BENKERT, INDIVIDUALLY AND ON             **DISPOSITION OF DEFENDANTS'**
    BEHALF OF SHORE 2 SHORE                  **MOTION TO COMPEL ARBITRATION**
22  ENTERPRISES, INC., and JERRY J.          **PENDING DISCOVERY TO BE TAKEN ON**
    THOMAS, INDIVIDUALLY AND AS              **THE ISSUE OF ARBITRABILITY;**
23  TRUSTEE OF THE JERRY J. THOMAS           **MEMORANDUM IN SUPPORT**
    AND NANCY M. THOMAS 1998 INTER
24  VIVOS TRUST,  and NANCY M.               [E-Filed concurrently with [Proposed] Order]
    THOMAS, INDIVIDUALLY AND AS
25  TRUSTEE OF THE JERRY J. THOMAS           Date:         October 5, 2007
    AND NANCY M. THOMAS 1998 INTER           Time:         9:00 a.m.
26  VIVOS TRUST.                             Courtroom:    3, 5th Floor

27                 Defendants.              Complaint Filed:    June 22, 2007

28

SQUIRE, SANDERS &       PLAINTIFF'S NOTICE OF MOTION AND MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER        Case No. C07-03303 JF (RS)
DEMPSEY L.L.P.          PRECLUDING SUMMARY DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION
One Maritime Plaza, Suite 300    PENDING DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY
San Francisco, CA  94111-3492

1    TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on October 5, 2007, at 9:00 a.m. or as soon as the matter

3    may be heard in the above-entitled Court, located at 280 South First Street, San Jose, California

4    95113, Plaintiff The O.N. Equity Sales Company ("ONESCO") will move and herby does move,

5    Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, and in the event the Court does

6    not deny Defendants Thomas Nemes, Michael J. Benkert, and Jerry J. and Nancy M. Thomas'

7    ("Defendants") Motion to Compel Arbitration for the reasons stated in ONESCO's memorandum

8    in opposition thereto, for an Order precluding summary disposition of Defendants' Motion to

9    Compel Arbitration pending discovery to be taken on the issue of arbitrability.  The grounds

10   supporting this motion are set forth in the attached Memorandum of Points and Authorities.

11

12                                              Respectfully submitted,

                                               ZEIGER, TIGGES & LITTLE LLP
13   Dated:  September 26, 2007

14

                                               By:_____/s/_____
15                                                        Michael R. Reed

16                                             Attorneys for Plaintiff
                                               THE O.N. EQUITY SALES COMPANY
17

18

19

20

21

22

23

24

25

26

27

28
                                              -1-

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

PLAINTIFF'S NOTICE OF MOTION AND MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER          Case No. C07-03303 JF (RS)
PRECLUDING SUMMARY DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION
PENDING DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY

## TABLE OF CONTENTS

**Page**

Memorandum in Support ............................................................................................................ 1

      A.     Because Defendants Seek A De Facto Summary Judgment On
Arbitrability, Rule 56(f) Dictates That Defendants Cannot Compel
Arbitration Before ONESCO Has Had An Opportunity To Conduct
Relevant Discovery ................................................................................................ 1

            1.     Defendants' De Facto Summary Judgment Motion Cannot Be
Decided On The Basis Of Defendants' Unilateral Factual
Submissions ................................................................................................ 2

            2.     Rule 56(f) Precludes Defendants From Obtaining A De Facto
Summary Judgment Before ONESCO Has Had An Opportunity To
Conduct Relevant Discovery ...................................................................... 3

B.     Defendants' Motion To Compel Arbitration Presents Numerous Issues Of Fact,
Which Should Not Be Decided In Defendants' Favor Based Solely On
Defendants' Unilateral Submissions ...................................................................... 6

Conclusion .............................................................................................................................. 11

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA  90017-5554

-i-

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Aguirre v. Chula Vista Sanitary Service*,
542 F.2d 779 (9th Cir. 1976)...........................................................................................2

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 250 (1986))...............................................................................................4

*Barovich Associates, Inc. v. Aura Systems, Inc.*,
134 F.3d 376, 1998 WL. 10747 (9th Cir. Jan. 8, 1998) ..................................................3

*Bensadoun v. Jobe-Riatt*,
316 F.3d 171 (2d Cir. 2002)....................................................................................1, 2, 3

*Brown v. Dorsey & Whitney, LLP*,
267 F. Supp. 2d 61 (D.D.C. 2003) ..................................................................................3

*Garrett v. City and County of San Francisco*,
818 F.2d 1515 (9th Cir. 1987)................................................................................. 3, 4, 5

*Harrods Ltd. v. Sixty Internet Domain Names*,
302 F.3d 214 (4th Cir. 2002)........................................................................................4, 5

*Hughes v. CACI, Inc.-Commmercial*,
384 F. Supp. 2d 89 (D.D.C. 2005) ..................................................................................3

*Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*,
636 F.2d 51 (3rd Cir. 1980) .............................................................................................3

*Phillips v. Gen. Motors Corp.*,
911 F.2d 724  1990 WL. 117981 (4th Cir. 1990) ...........................................................4

*Tinder v. Pinkerson Sec.*,
305 F.3d 728 (7th Cir. 2002)...........................................................................................3

*Wheat, First Sec., Inc. v. Green*,
993 F.2d 814 (11th Cir. 1993).....................................................................................2, 6

*Wichita Falls Office Associates v. Banc One Corp.*,
978 F.2d 915 (5th Cir. 1992)...........................................................................................3

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA  90017-5554

**TABLE OF AUTHORITIES**
**(Continued)**

<u>**Page**</u>

**STATE CASES**

*Hornor, Townsend & Kent, Inc. v. Hamilton*,
 Case No. 1:01-CV-2979-JEC (N.D. Ga., Sept. 6, 2005) ...................................................... 6

*Hornor, Townsend & Kent, Inc. v. Hamilton*,
 2004 WL. 2284503 (N.D. Ga., Sept. 30, 2004) ................................................................. 6

*Johnston v. Beazer Homes Texas, LP*,
 2007 WL. 708555 (N.D. Cal., Mar. 2, 2007) ................................................................... 3

*Securities and Exchange Commission v. Megafund Corporation, et al.*,
 Case No. 3:05-CV-1328-L (N.D. Texas) .................................................................... 9, 10

*Technetronics, Inc. v. Leybold-Geaeus GmbH*,
 1993 WL. 197028 (E.D. Pa., June 9, 1993) ..................................................................... 3

*Umbenhower v. Copart, Inc.*,
 2004 WL. 2660649 (D. Kan., Nov. 19, 2004) ................................................................. 3

**FEDERAL STATUTES**

Fed.R.Civ.P. 56(c)................................................................................................................. 3

Fed.R.Civ.P. 56(f) .................................................................................................. 1, 3, 4, 5, 6, 7

NASD Rule 10301(a)............................................................................................................. 2

NASD Rule 12200 ................................................................................................................. 8

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

-iii-

TABLE OF AUTHORITIES                                                              Case No. C07-03303 JF (RS)

## MEMORANDUM IN SUPPORT

**A.    Because Defendants Seek A De Facto Summary Judgment On Arbitrability, Rule 56(f) Dictates That Defendants Cannot Compel Arbitration Before ONESCO Has Had An Opportunity To Conduct Relevant Discovery.**

*"In the context of motions to compel arbitration ..., the court applies a standard similar to that applicable for a motion for summary judgment. If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary."*

[*Bensadoun v. Jobe-Riatt*, 316 F.3d 171, 175 (2d Cir. 2002) (citations omitted).]

The only issue in this action is whether "all," "some," or "none" of Defendants' claims filed with the National Association of Securities Dealers ("NASD") are arbitrable. ONESCO contends that material evidence on the issue of arbitrability lies solely within Defendants' control, yet Defendants oppose all discovery in this action while, at the same time, they have filed a Motion to Compel Arbitration. To that Motion, Defendants have attached their own "evidence," which they say should be construed in their favor and which they argue conclusively shows that their claims are arbitrable.

Defendants thus ask the Court for a *de facto* summary judgment ruling – and, not only that, they ask the Court to confine its inquiry to their so-called additional "evidence" while barring ONESCO from discovering and presenting evidence to the contrary. Then, as if that is not enough, Defendants ask to be accorded the same deference normally afforded to the *nonmoving* party in a summary judgment motion. That is, Defendants ask the Court to (1) accept their recharacterization of their claims and a perjured declaration from a non-party as undisputed fact and (2) construe these "facts" and make all inferences in their favor.[1]

Unfortunately for Defendants, the law does not work that way, for two key reasons.

---

[1]    ONESCO asserts that summary disposition of Defendants' Motion to Compel Arbitration is improper, given the inherently factual arguments asserted by Defendants therein. Rather, discovery and an evidentiary hearing are required. On that basis, Defendants' Motion to Compel Arbitration should be denied. Nevertheless, if the Court is inclined to treat Defendants' Motion as one for summary disposition of ONESCO's Complaint, ONESCO urges the Court to refrain from doing so under Rule 56(f) because no discovery has been taken and triable issues remain on the ultimate question of arbitrability.

- 1 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

PLAINTIFF'S MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY     Case No. C07-03303 JF (RS)

1. **Defendants' De Facto Summary Judgment Motion Cannot Be Decided On The Basis Of Defendants' Unilateral Factual Submissions.**

*First*, as the federal courts have recognized, what Defendants truly seek is a *de facto* summary judgment on the arbitrability of their claims. Of course, ONESCO contends, and the case law holds, that when arbitrability hinges on issues of fact, discovery and an evidentiary hearing are necessary. *See*, *e.g.*, *Aguirre v. Chula Vista Sanitary Service*, 542 F.2d 779, 781 (9ᵗʰ Cir. 1976) ("There is no apparent reason to deny [a party] an opportunity to present his witnesses where, as in this case, there is a sharp factual conflict, resolution of that conflict will determine the outcome, … the facts are simple, [and] little time would be required for an evidentiary hearing … ."). But even assuming that summary judgment treatment is appropriate, "[i]f there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." *Bensadoun v. Jobe-Riatt*, 316 F.3d 171, 175 (2d Cir. 2002).

*Bensadoun* is precisely on point. There, the Second Circuit reversed the district court's dismissal of an NASD member's action seeking – as ONESCO requests here – declaratory and injunctive relief on the issue of arbitrability of claims brought by investors in the NASD system. The Second Circuit found that the district court erred by granting judgment against the NASD member in the face of an evidentiary record that the district court itself acknowledged was "sparse." As the Second Circuit found, the district court also erred when it "liberally construed" what little evidence was in the record against the plaintiff while "appear[ing] to have resolved against [the plaintiff] the factual issues he sought to present." *Id.* at 174-75. This is a recipe for reversal. The Second Circuit vacated and remanded, finding that the district court failed to consider evidence in the record that created a triable issue as to whether the investors were "customers" of the broker under NASD Rule 10301(a). *Id.* at 178.

In short, as this district recently stated, "in considering a motion to compel arbitration which is opposed on the ground that no valid agreement to arbitrate was made, a district [court] should give *the opposing party* the benefit of all reasonable doubts and inferences that may arise. Only when there is no genuine issue of material fact concerning the formation of an arbitration agreement should a court decide as a matter of law that the parties did or did not enter into such

- 2 -

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

an agreement." *Johnston v. Beazer Homes Texas, LP*, 2007 WL 708555 (N.D. Cal., Mar. 2, 2007) (citations omitted) [Exh. C.]

### 2. Rule 56(f) Precludes Defendants From Obtaining A De Facto Summary Judgment Before ONESCO Has Had An Opportunity To Conduct Relevant Discovery.

*Second*, if sufficient discovery has not been taken before a party moves for summary judgment on an opposing party's claims, Rule 56(f) of the Federal Rules of Civil Procedure dictates – and fundamental due process requires – that the moving party cannot obtain summary judgment before the opposing party has had an opportunity to discover evidence sufficient to create a triable issue of fact.[2]

Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Thus, "Rule 56(f) motions should be granted 'almost as a matter of course' unless the 'nonmoving party has not diligently pursued discovery of evidence.'" *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 191 (5th Cir. 1992) (quoted in *Barovich Associates, Inc. v. Aura Systems, Inc.*, 134 F.3d 376, 1998 WL 10747, *1 (9th Cir. Jan. 8, 1998)). Although Rules 56(c) and (e) require a party opposing summary judgment to show that there is a genuine issue of material fact or that the moving party is not entitled to judgment as a matter of law, Rule 56(f) tempers that requirement by allowing the non-moving party to establish that further discovery is required so that it can "present facts essential to justify his opposition" to such a motion. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).[3]

---

[2]    Circuit courts of appeals and district courts around the country uniformly apply the Rule 56 standards (including Rule 56(f)) where a party, as here, seeks *de facto* summary judgment on a motion to compel arbitration. *See*, *e.g.*, *Bensadoun*, 316 F.3d 171, 175 (2nd Cir. 2003); *Tinder v. Pinkerson Sec.*, 305 F.3d 728, 735 (7th Cir. 2002); *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 n.9 (3rd Cir. 1980); *Hughes v. CACI, Inc.-Commmercial*, 384 F. Supp. 2d 89, 92-93 (D.D.C. 2005); *Umbenhower v. Copart, Inc.*, 2004 WL 2660649, at *2-3 (D. Kan., Nov. 19, 2004) [Exh. D.]; *Technetronics, Inc. v. Leybold-Geaeus GmbH*, 1993 WL 197028, at *2 (E.D. Pa., June 9, 1993) [Exh. E.].

[3]    *See also Brown v. Dorsey & Whitney, LLP*, 267 F. Supp. 2d 61, 67 (D.D.C. 2003) ("Inasmuch as the district court's order to arbitrate is in effect a summary disposition of the issue of [arbitrability],

- 3 -

PLAINTIFF'S MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY     Case No. C07-03303 JF (RS)
DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING
DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY

1    As one court has stated, "[a]s a general rule, granting summary judgment prior to the

2 completion of all discovery is inappropriate." *Phillips v. Gen. Motors Corp.*, 911 F.2d 724

3 (Table), 1990 WL 117981, at *8 (4th Cir. 1990).  In the summary judgment context, the

4 nonmoving party's required showing of a genuine issue for trial is qualified by Rule 56(f)'s

5 requirement that discovery be permitted where "a party's access to … material is of crucial

6 importance … where the information is likely to be in the sole possession of the opposing party."

7 *Garrett*, 818 F.2d at 1519 (citation omitted).  In short, summary judgment should be denied

8 "where the nonmoving party has not had the opportunity to discover information that is essential

9 to his opposition." *Phillips*, 911 F.2d at *5 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

10 242, 250 (1986)) (internal quotation marks omitted).  *See also Harrods Ltd. v. Sixty Internet*

11 *Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (same).

12    As Rule 56(f) contemplates, the usual mechanism for the nonmoving party to preclude

13 summary judgment in the Ninth Circuit is to file an affidavit that "make[s] clear what information

14 is sought and how it would preclude summary judgment." *Garrett*, 818 F.2d at 1518-19.  These

15 Rule 56(f) factors are easily met where the needed evidence is in the sole possession of the party

16 resisting discovery.  *See*, *e.g.*, *Id.* (reversing summary judgment for defendant in a Title VII action

17 where district court granted judgment without allowing plaintiff the opportunity to discover

18 evidence potentially creating triable issue of fact on its claims).  Thus, as the Ninth Circuit

19 declared:

20
> In denying the discovery motion as "moot" after having first
> granted defendants' summary judgment motion, the district court

21
> failed to exercise its discretion with respect to the discovery motion.
> … As the district court stated, the summary judgment motion was

22
> granted in part because of, "the lack of evidence of disparate
> treatment." … *This is precisely the type of evidence plaintiff's*

23
> *motion to compel sought to elicit*.  Thus, this case presents the
> circumstance where 'a party's access to … material is of crucial

24
> importance … where the information is likely to be in the sole
> possession of the opposing party.

25

26 considering of the motion according to the standard used by district courts in resolving summary judgment
motions pursuant to Fed.R.Civ.P. 56(c) … is appropriate.") (citing *Par-Knit Mills, Inc. v. Stockbridge
*Fabrics Co., Ltd.*, 636 F.2d 51, 54 n.9 (3rd Cir. 1980)) (internal quotation marks omitted).

27

28
- 4 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

PLAINTIFF'S MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY          Case No. C07-03303 JF (RS)
DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING
DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY

1   [*Id.* at 1519 (emphasis added).]

2   Although ONESCO is filing a Rule 56(f) affidavit with this Motion, it is important to note

3   that the fundamental principal at issue is not the formality of a specific Rule 56(f) affidavit but,

4   rather, a litigant's right to obtain discovery on material issues before judgment can first be passed

5   against it.  [*See* Affidavit of Marion H. Little, Jr., Exh. A.]  In *Garrett*, therefore, the Ninth Circuit

6   reversed and remanded the district court's summary judgment decision even though the

7   nonmoving party had actually couched its discovery motion as a simple motion to compel

8   discovery, not as a Rule 56(f) motion.  This was because the motion in question adequately

9   established both the information that was sought, and how such information would preclude

10  summary judgment – the key elements of Rule 56(f).  *Id.* at 1518.

11  The same result attained in *Harrods Ltd.*, *supra*, where the Fourth Circuit concluded that

12  the district court improperly granted summary judgment to certain defendants on plaintiff's

13  claims without allowing the plaintiff the opportunity to discover information potentially

14  establishing a genuine issue of material fact.  *See* 304 F.3d at 243-47.  The court so held despite

15  the fact that the plaintiff did not file a Rule 56(f) affidavit.

16  In proceedings below in *Harrods, Ltd.*, the district court granted summary judgment even

17  though the court itself recognized that "there's been almost no discovery conducted in this case,"

18  *id.* at 246 (quoting district court); even though the plaintiff (the nonmovant) "repeatedly

19  explained to the district court both in writing and orally that more discovery was needed and that

20  it was too early to decide the motion for summary judgment"; and even though the plaintiff

21  established that the case involves "complex factual questions about intent and motive."  *Id.* at

22  246-47.  In addition, the Fourth Circuit declared that "[s]ufficient time for discovery is considered

23  especially important when the relevant facts are exclusively in control of the opposing party."  *Id.*

24  at 247 (citation omitted).

25  For these reasons and in light of the fundamental factual questions presented by

26  Defendants' motion, set forth below (assuming the Court does not deny such motion for the

27  reasons stated in ONESCO's memorandum in opposition thereto), the Court should grant the

28

- 5 -

PLAINTIFF'S MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY      Case No. C07-03303 JF (RS)
DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING
DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY

1    instant motion and issue an order precluding summary disposition of Defendants' Motion to

2    Compel Arbitration pending discovery on the issue of arbitrability.

3        **B.    Defendants' Motion To Compel Arbitration Presents Numerous Issues Of**
         **Fact, Which Should Not Be Decided In Defendants' Favor Based Solely On**
4        **Defendants' Unilateral Submissions.**

5        Despite the clear allegations in their NASD Statement of Claim, and the admitted dates of

6    their original, irrevocable commitments to purchase Lancorp Fund investments as reflected by

7    their executed Subscription Agreements, Defendant now argue that additional facts, not

8    mentioned in their NASD statement of claim, actually form the basis for their NASD claims.

9    They argue that unilateral factual submissions – submissions ONESCO has not had an

10   opportunity to challenge – settle the issue of arbitrability and, thus, discovery and an evidentiary

11   hearing are unnecessary in this case.  Rule 56(f) is designed to prevent the unjust result

12   Defendants seek.

13       As the case law makes clear, arbitrability under NASD rules hinges on a determination as

14   to the timing "of the occurrence of events that constitute the factual predicate for the causes of

15   action contained in the arbitration complaint."  *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814,

16   820 (11th Cir. 1993).  In an action based on allegations of securities fraud, the "factual predicate"

17   is the alleged material misrepresentations or omissions that induced an investor's investment

18   decisions.  *Hornor, Townsend & Kent, Inc. v. Hamilton* Case No. 1:01-CV-2979-JEC, at *9 (N.D.

19   Ga., Sept. 6, 2005) ("The events that constitute the factual predicate for defendants' claim that

20   Tommy Fountain made fraudulent representations are the sales pitches that Fountain made up to

21   the date that the sale was made.").  As the Northern District of Georgia explained, if these events

22   "occurred at a time when [the associated person] was not employed by [the member], the latter

23   cannot be hauled into an arbitration proceeding."  *Hornor, Townsend & Kent, Inc. v. Hamilton*,

24   2004 WL 2284503, at *3 (N.D. Ga., Sept. 30, 2004).

25       Identification of the factual predicate, which is critical to the issue of arbitrability in this

26   case, hinges on the Court's determination of inherently factual questions relating to the timing of

27   events giving rise to Defendants' NASD claims.  A cursory review of Defendants' NASD

28

- 6 -

PLAINTIFF'S MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY     Case No. C07-03303 JF (RS)
DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING
DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY

1    pleading reveals that such claims are premised on statements contained in (and/or alleged

2    omissions from) a private placement memorandum (*i.e*., the "offer" of securities) that was

3    provided to Defendants *before they* executed their respective irrevocable commitments to

4    purchase Lancorp Fund investments, and before Gary Lancaster became affiliated with

5    ONESCO.[4]  Thus, even though Defendants assert a number of federal and state law causes of

6    action in their NASD statement of claim, *all* are fundamentally premised on the same events or

7    occurrences (i.e., the same factual predicate): *The alleged misrepresentations and/or omissions*

8    *that induced their original decisions to invest in the Lancorp Fund*.

9           Nonetheless, Defendants now, for the first time, assert that arbitrability should be

10    determined on the basis of other facts and events subsequent to their respective Subscription

11    Agreements that were not mentioned in their NASD Statement of Claim.  These unilateral factual

12    assertions raise numerous questions of fact directly relevant to the Court's disposition of

13    Defendants' Motion to Compel Arbitration – questions the Court should not answer in

14    Defendants' favor, pursuant to Rule 56(f), without providing ONESCO an opportunity to engage

15    in relevant discovery.  We summarize these material factual questions below.

16                         • **Who actually sold the subject securities to Defendants?**

17           Defendants allege that Lancaster, who was associated with ONESCO for a limited period,

18    sold them the securities in question.  But each of their Subscription Agreements, at pages SB 11-

19    12, indicate that it was a Robert Reese who actually introduced them to the Lancorp Fund.  [*See*

20    Nemes, Benkert and Thomas Subscription Agreements Exhs. D, E, & F to ONESCO's Motion for

21    Immediate Discovery.]  Other than their conclusory assertions, Defendants offer nothing to

22    suggest that Lancaster, as opposed to someone not affiliated with ONESCO, actually sold them

23    the investments in question. If, in fact, someone other than Lancaster sold Defendants the

24     

25    [4]    As described in more detail in ONESCO's Motion for Immediate Discovery [Docket No. 22],
Defendant Nemes executed a Subscription Agreement with Lancorp Fund on July 15, 2003; Defendant
Benkert executed a subscription agreement with Lancorp Fund on June 23, 2003, and Defendants Jerry

26    and Nancy Thomas executed a Subscription Agreement with Lancorp Fund on August 14, 2003.
Lancaster was an associated person of ONESCO only from March 23, 2004 to January 3, 2005.  Thus,

27    each of the Defendants executed his or her respective Subscription Agreement prior to Lancaster's
association with ONESCO.

28

- 7 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

1   Lancorp Fund investments, then certainly ONESCO could not be required to arbitrate any claims

2   based on such sales.  *See* NASD Rule 12200 (requiring arbitration of claims asserted by

3   "customer[s]" *of* "associated person[s]").  Certainly, the question of who actually sold the

4   securities in question is critical to the issue of arbitrability, and such question should not be

5   resolved solely on the basis of *unilateral* and unsupported factual submissions offered by

6   Defendants – the moving parties.

7              • **What misrepresentations or omissions were actually made to
                  induce Defendants' investment decisions?**

8
         A simple review of Defendants' NASD statement of claim provides the clear answer to

9
    this material question:  "In connection with the above ***offer of securities***, Respondent ONESCO,

10
    acting through Lancaster, failed to disclose the following material facts, among others, which

11
    were necessary in order to make the statements made, in light of the circumstances under which

12
    they were made, not misleading … ."  [Defendants' First Amended NASD Statement of Claim, at

13
    ¶ 46 (emphasis added).]  This offer, in the form of the Lancorp Fund Private Placement

14
    Memorandum, was provided to Defendants prior to their execution of the respective Subscription

15
    Agreements, and thus, before Lancaster's association with ONESCO.

16
         Nonetheless, Defendants now argue that Lancaster made subsequent material

17
    misrepresentations and/or omissions that actually induced their investment decisions, including an

18
    April 2004 "change" in which the Lancorp Fund allegedly announced its replacement of promised

19
    insurance coverage with identical coverage from a bank or broker-dealer.  Defendants base this

20
    new argument, which is not mentioned in their NASD statement of claim, solely on the

21
    conclusory assertions of their counsel and affidavits procured from Lancaster well after the

22
    commencement of Defendants' NASD case.  No affidavit is offered by Defendants, themselves,

23
    as to the materiality of this alleged change.  Indeed, there is a factual question as to whether all of

24
    the Defendants actually requested the insurance coverage, in the first place.  If any of the

25
    Defendants declined such coverage, then any subsequent change thereto would hardly be material

26
    to them.

27

28
                                        - 8 -

PLAINTIFF'S MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY     Case No. C07-03303 JF (RS)
DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING
DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY

1    Of course, in lieu of their own evidence, Defendants offer and vouch for the statements of

2    Lancaster, a person Defendants accuse of committing fraud and attempt to characterize as

3    dishonest.  In any event, this Court should not simply accept the unilateral factual submissions of

4    Defendants through the affidavits of Lancaster, a third-party whom ONESCO has had no

5    opportunity to cross examine and whose credibility is in serious question.

6    Specifically, Lancaster offers his opinions as to the import of Defendants' irrevocable

7    Subscription Agreements and he asserts that he expressly informed ONESCO in writing of his

8    involvement with the Lancorp Fund.  Putting aside obvious issues with respect to the

9    admissibility of Lancaster's interpretations of express written agreements, these affidavits reveal

10   serious questions as to Lancaster's credibility.  Specifically, Lancaster's contention that he

11   provided express written notice to ONESCO of his involvement with the Lancorp Fund private

12   placement is a falsehood and directly contradicts the NASD's finding in its Letter of Acceptance,

13   Waiver and Consent with Lancaster, which Lancaster executed on August 10, 2006.  [Exh. B.]

14   Specifically, the NASD found that "Lancaster failed to provide written notice of his participation

15   in these securities transactions to O.N. Equity." [*Id.* at 5.]  This blatant contradiction clearly calls

16   into question Lancaster's credibility, both with respect to this contention, and with respect to all

17   other items addressed in his declaration.  Again, the Court should not accept Defendants'

18   unilateral factual submissions without providing ONESCO an opportunity to engage in relevant

19   discovery, including cross examination of Lancaster.

20   - **Who actually made the misrepresentations or omissions that induced Defendants' investment decisions?**

21

22   As noted above, Defendants stated in their respective subscription agreements that it was

23   Robert Reese, as opposed to Lancaster, who actually referred them to the Lancorp Fund.  This

24   raises the additional question of *who* actually made the misrepresentations or omissions that form

25   the basis for Defendants' claims.  Indeed, Lancaster, during his deposition in connection with

26   *Securities and Exchange Commission v. Megafund Corporation, et al.*, Case No. 3:05-CV-1328-L

27   (N.D. Texas), testified that he did not, in fact, solicit *any* investors in the Lancorp Fund, but that

28   such solicitation was conducted by others who, like Mr. Reese, indisputably had no relationship

- 9 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA  90017-5554

PLAINTIFF'S MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY       Case No. C07-03303 JF (RS)
DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING
DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY

1   with ONESCO. [*See* Lancaster Tr. at 66, Exh. A to Plaintiff's Reply in Support of its Motion for

2   Immediate Discovery [Doc. No. 33.] Defendants offer nothing to suggest that Lancaster, as

3   opposed to someone else, ever actually solicited their investment in Lancorp Fund.

4           If someone other than Lancaster engaged in the wrongful conduct alleged by Defendants,

5   then certainly ONESCO would have no obligation to arbitrate claims arising from such conduct.

6   In short, the Court should permit ONESCO an opportunity to conduct discovery on the question

7   of *who* made the misrepresentations in question – another issue critical to the Court's ultimate

8   determination of the arbitrability of Defendants' claims.

9           • **When did the misrepresentations or omissions that induced
            Defendants' investment decisions occur?**

10          Finally, even assuming that Lancaster actually made the misrepresentations and omissions

11  alleged by Defendants, Defendants' unilateral submissions merely beg the ultimate question of

12  when such misrepresentations or omissions occurred. Despite the date of their Subscription

13  Agreements, Defendants attempt to push forward in time the events giving rise to their statement

14  of claim by arguing that subsequent events, including the April 2004 "change" and the Lancorp

15  Fund's subsequent reinvestment of their funds, actually form the basis for their claims. But these

16  "facts" do not answer the questions of when the relevant material misrepresentations or omissions

17  occurred, and whether these alleged subsequent events (again, not mentioned in Defendants'

18  NASD statement of claim) were based on the same alleged misrepresentations or omissions that

19  induced their original Subscription Agreements. Again, discovery is necessary before the Court

20  can answer these inherently factual questions, which are material to the issue of arbitrability.

21          Moreover, even if Defendants were correct that the Lancorp Fund's subsequent

22  reinvestment of their funds actually provide the basis for their claims, Lancaster's testimony in

23  connection with *Securities and Exchange Commission v. Megafund Corporation, et al.*, Case No.

24  3:05-CV-1328-L (N.D. Texas) indicates that Lancorp Fund did not invest in Megafund (the

25  alleged Ponzi scheme identified in Defendants' NASD allegations) until *2005*, *after Lancaster*

26  *was no longer associated with ONESCO*. [Lancaster Tr. at 24-25.]

27

28

- 10 -

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

PLAINTIFF'S MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY    Case No. C07-03303 JF (RS)
DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING
DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY

1    In short, Defendants' unilateral submissions raise additional factual questions as to when

2    the events giving rise to their NASD claims actually occurred (i.e., before, during or after

3    Lancaster's association with ONESCO). Such questions should not be answered on the basis of

4    Defendants' unilateral submissions.

5                                   **CONCLUSION**

6

7    For all of the reasons set forth herein, and if the Court does not deny Defendants' Motion

     to Compel Arbitration for the reasons stated in ONESCO's memorandum in opposition thereto,

8    the Court should grant the instant Motion and issue an order precluding summary disposition of

9    Defendants' Motion to Compel Arbitration pending discovery to be taken on the issue of

10   arbitrability.

11

12                                              Respectfully submitted,

13                                              ZEIGER, TIGGES & LITTLE LLP
     Dated: September 26, 2007

14

15                                              By:                   /s/
                                                             Michael R. Reed
16
                                                Attorneys for Plaintiff
17                                              THE O.N. EQUITY SALES COMPANY

18

19

20

21

22

23

24

25

26

27

28
                                        - 11 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

PLAINTIFF'S MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY    Case No. C07-03303 JF (RS)
DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING
DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY