UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS NEMES, INDIVIDUALLY AND AS TRUSTEE OF THE THOMAS NEMES TRUST, and MICHAEL J. BENKERT, INDIVIDUALLY AND ON BEHALF OF SHORE 2 SHORE ENTERPRISES, INC., and JERRY J. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST, and NANCY M. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST<br><br>Defendants. | Case No. C07-03303 JF (RS)<br><br>The Honorable Jeremy Fogel |

## AFFIDAVIT OF MARION H. LITTLE, JR.

State of Ohio
County of Franklin ss.

    Marion H. Little, Jr., first being duly sworn according to law, deposes and states that he has personal knowledge of matters set forth herein except as specifically noted otherwise, and further states as follows:

    1.    I am one of the attorneys of record for Plaintiff The O.N. Equity Sales Company ("ONESCO").

    2.    I am submitting this Rule 56(f) Affidavit in support of ONESCO's Motion Under Civil Rule 56(f) For an Order Precluding Summary Disposition of Defendants' Motion to Compel Arbitration Pending Discovery to Be Taken On the Issue of Arbitrability.

EXHIBIT A

**A.     ONESCO's Discovery Efforts.**

3.     ONESCO seeks discovery from Defendants (as well as certain third parties) as part of this action, in which ONESCO seeks preliminary and permanent injunctive relief enjoining Defendants from proceeding with their NASD action filed against ONESCO, and a declaration that Defendants' claims against ONESCO are not arbitrable pursuant to NASD rules. Specifically, ONESCO has filed a Motion for an Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability, in which it describes the inherently factual questions presented by the issue of arbitrability in this case. [Docket No. 22.]

4.     Defendants, who have opposed any and all discovery efforts in this case, have filed a Motion to Compel Arbitration in which they assert that new factual contentions, not mentioned in their NASD statement of claim, compel the Court to grant their motion, without need for a hearing or discovery relevant to the question of arbitrability. [Docket No. 29.] In short, Defendants ask the Court to treat their Motion to Compel Arbitration as a *de facto* motion for summary judgment, and to construe their unilateral factual assertions in favor of the moving party, contrary to the mandate of Civil Rule 56.

5.     In their NASD Statement of Claim, Defendants contend that Gary Lancaster, an investment representative who was associated with ONESCO only from March 23, 2004 to January 3, 2005, sold them securities in a private placement known as the Lancorp Financial Fund Business Trust ("Lancorp Fund") through material misrepresentations and omissions. As the case law discussed in ONESCO's Rule 56(f) motion (and its other briefs filed in this case) makes clear, the question of arbitrability, with respect to such claims, hinges on the Court's determination of the occurrence and timing of events giving rise to Defendants' claims. This is a determination that hinges on the Court's resolution of inherently factual issues.

6.     As Rule 56(f) makes clear, this Court should not decide the question of arbitrability on the basis of Defendants' unilateral factual submissions. Indeed, Defendants' submissions raise numerous questions of fact, the answers to which are critical to the Court's

2

determination of arbitrability—the only issue presented in this case, and an issue that requires the Court to determine the occurrence and timing of events giving rise to Defendants' NASD claims.

> B. **Necessity For And Relevancy Of Discovery With Respect To Defendants' Motion To Compel Arbitration.**

7. There are a number of factual questions raised by Defendants' motion that must be answered before the Court can determine the arbitrability of Defendants' NASD claims. ONESCO seeks discovery with respect to these material questions, so that it can properly respond to Defendants' *de facto* request for summary judgment.

8. First, discovery is necessary to answer the question of who actually sold the subject securities to Defendants. Defendants' respective Subscription Agreements, at pages SB 11-12, indicate that it was a Robert ("Bob") Reese who actually introduced them to the Lancorp Fund. Other than their conclusory assertions, Defendants have offered nothing to suggest that Lancaster, as opposed to someone not affiliated with ONESCO, actually sold them the investments in question. If, in fact, someone other than Lancaster sold Defendants the Lancorp Fund investments, then certainly ONESCO could not be required to arbitrate any claims based on such sales. ONESCO seeks discovery, including depositions of Defendants, Lancaster, and Reese, to determine whether it was actually Lancaster, or someone else, who sold the subject securities—a critical question with respect to arbitrability under NASD rules. ONESCO believes that such discovery will reveal that it was Reese (or someone else), as opposed to Lancaster, who actually sold Defendants' investments.

9. ONESCO also seeks discovery on the question of what misrepresentations or omissions actually induced Defendants' investment decisions at issue. As discussed more fully in ONESCO's Rule 56(f) motion, Defendants now assert, largely on the basis of affidavits from Lancaster, that events not mentioned in their NASD statement of claim (including a purported April 2004 "change" in promised insurance coverage) actually form the basis for their claims. Defendants do not offer affidavits, themselves, as to their new factual contentions (indeed, it is

unclear whether all of the Defendants actually requested such coverage, in the first place) and, specifically, as to the materiality of any alleged subsequent misrepresentations or omissions. Instead, they offer and vouch for the statements of Lancaster, a person Defendants accuse of committing fraud and attempt to characterize as dishonest.

10. Factual questions for which discovery is necessary include the materiality of any subsequent misrepresentations or omissions, and indeed, whether any subsequent misrepresentations or omissions were in any way material *to Defendants*.

11. In addition, there are significant factual questions presented by Defendants' unilateral reliance on Lancaster's affidavits, without providing ONESCO with an opportunity to cross examine him. Lancaster's credibility is in serious question. Specifically, Lancaster offers his opinions as to the import of Defendants' irrevocable Subscription Agreements and he asserts that he expressly informed ONESCO in writing of his involvement with the Lancorp Fund. The latter statement *directly contradicts* his stipulation with the NASD in the NASD's Letter of Acceptance, Waiver and Consent with Lancaster, which states that "Lancaster failed to provide written notice of his participation in these securities transactions to O.N. Equity."

12. ONESCO seeks discovery (again, including depositions of Defendants and Lancaster) with respect to these inherently factual questions, including the question of Lancaster's credibility, which are critical to the Court's resolution of arbitrability—the only issue presented by Defendants' motion. ONESCO believes that such discovery will reveal that any subsequent events were premised on the same alleged misrepresentations or omissions that induced Defendants' Subscription Agreements.

13. ONESCO further seeks discovery on the question of who actually made the misrepresentations or omissions at issue. Defendants stated in their Subscription Agreements that Bob Reese, and not Lancaster, referred them to the Lancorp Fund. Lancaster testified in connection with another case that he personally solicited none of the Lancorp Fund investors. If Lancaster did not make the misrepresentations at issue, then ONESCO could not be forced to arbitrate claims arising therefrom. Defendants, of course, assert that Lancaster made the

4

misrepresentations in question. Obviously, this is an inherently factual dispute—one that cannot be resolved on the unilateral submissions of Defendants. ONESCO again seeks discovery on this issue, including depositions of Defendants, Lancaster, and Reese. Again, ONESCO believes that such discovery will reveal that it was Reese (or someone else), and not Lancaster, who actually made the misrepresentations or omissions in question.

14.   Finally, ONESCO seeks discovery relevant to the question of timing with respect to the misrepresentations and omissions alleged by Defendants. Again, Defendants offer unilateral factual submissions, which attempt to identify events subsequent to their execution of the Subscription Agreements as providing the basis for their claims (even though they did not mention such events in their NASD Statement of Claim). These unilateral submissions merely beg the ultimate question of when such misrepresentations or omissions occurred.

15.   Defendants' unilateral "facts" simply do not answer the questions of when the relevant material misrepresentations or omissions occurred, and whether these alleged subsequent events were based on the same alleged misrepresentations or omissions that induced their original Subscription Agreements. ONESCO believes that discovery, including depositions of Defendants and Lancaster will reveal that, contrary to Defendants' after-the-fact assertions, the factual predicate for Defendants' NASD claims occurred before Lancaster's association with ONESCO.

C.   **SCHEDULING**

16.   Because of the limited nature of the issue presented in this case, ONESCO believes that it can complete the necessary discovery, highlighted herein, in four to six weeks. Such discovery will include depositions of and/or document requests to Defendants, Lancaster, and Robert Reese. ONESCO submits that following this necessary discovery, the Court should schedule an evidentiary hearing to properly consider ONESCO's and Defendants' competing motions on the issue of arbitrability.

Further affiant sayeth naught.

_____
Marion H. Little, Jr.

Sworn to and subscribed before me this 25th day of September 2007.

_____
Notary Public

414-011:180014



TERRI L. THOMPSON
Notary Public, State of Ohio
My commission expires 08/24/2009