Joel A. Goodman (FL Bar No. 802468)
Admitted *pro hac vice*
Email: gn.law@verizon.net
Goodman & Nekvasil, P.A.
14020 Roosevelt Blvd., Suite 808
P.O. Box 17709
Clearwater, Florida 33762
Telephone:  727-524-8486
Facsimile:  727-524-8786

Richard A. Kutche (CA Bar No. 151950)
Email: rakutche@pacbell.net
Law Offices of Richard A. Kutche
46 South First Street
San Jose, CA 95113
Telephone:  (408) 295-0474
Facsimile: (408) 295-6693
Local counsel

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS NEMES, Individually and as Trustee of the THOMAS NEMES TRUST, MICHAEL J. BENKERT, Individually and on Behalf of SHORE 2 SHORE ENTERPRISES, INC., and JERRY J. THOMAS and NANCY M. THOMAS, Individually and as Trustees of the JERRY J. THOMAS and NANCY M. THOMAS 1998 INTER VIVOS TRUST,<br><br>　　　　　Defendants. | Case No. C 07-03303 JF RS<br><br>**DEFENDANTS' EMERGENCY MOTION FOR ADMINISTRATIVE RELIEF TO RESCHEDULE TO NOVEMBER 9, 2007, THE HEARING ON MOTIONS CURRENTLY SET FOR OCTOBER 5, 2007** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Pursuant to Local Rule 3-11 of the Civil Local Rules for the Northern District of California (the "Local Rules"), Defendants hereby move for administrative relief to reschedule to November 9, 2007, the hearing currently set for October 5, 2007, on Plaintiff's Motion for an Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability, Motion for Consolidation of Preliminary Injunction Hearing with Trial on the Merits, and Motion under Rule 56(f) for an

Order Precluding Summary Disposition of Defendants' Motion to Compel Arbitration Pending Discovery to be Taken on the Issue of Arbitrability. This Motion is based on the Memorandum of Points and Authorities below, the exhibits attached to this Motion, the Declaration of Joel A. Goodman, and the pleadings, records, and papers on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Presently, the Plaintiff's Motion for Preliminary Injunction and the Defendants' Motion to Compel Arbitration are set for hearing on November 9, 2007, and the Plaintiff's Motion for an Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability and Motion for Consolidation of Preliminary Injunction Hearing with Trial on the Merits are set for hearing on October 5, 2007. Plaintiff O.N. Equity Sales Company ("ONESCO") has also recently set for hearing on October 5, 2007, a Motion under Rule 56(f) for an Order Precluding Summary Disposition of Defendants' Motion to Compel Arbitration Pending Discovery to be Taken on the Issue of Arbitrability. Defendants request that these three motions scheduled for October 5, 2007, be rescheduled for November 9, 2007.

This case is one of 19 cases around the country that raise identical issues about whether investors' disputes with ONESCO are arbitrable under the rules of the National Association of Securities Dealers, Inc. ("NASD"), regarding the activities of ONESCO's former representative Gary L. Lancaster ("Lancaster") in selling investments in Lancorp Financial Fund Business Trust ("Lancorp"). At the case management conference in this Court on September 21, 2007, Defendants advised this Court that three other courts have now compelled ONESCO to arbitrate Lancorp investors' disputes, without delay for discovery and without delay for a bifurcated procedure that considered first whether to allow discovery and later whether to compel arbitration. O.N. Equity Sales Co. v. Steinke, ___ F. Supp. 2d ___, 2007 WL 2421761 (C.D. Cal. Aug. 27, 2007); O.N. Equity Sales Co. v. Pals, ___ F. Supp. 2d ___, 2007 WL 2506033 (N.D. Iowa Sept. 6, 2007); O.N. Equity Sales Co. v. Venrick, ___ F. Supp. 2d ___, 2007 WL 2705859 (W.D. Wash. Sept. 17, 2007) (citations omitted). A fourth court granted the Lancorp investor's motion for protective order, pending a ruling on the investor's motion to compel arbitration. O.N. Equity Sales Co. v. Scott, N.D. Fla. Case No. 4:07cv269-RH/WCS (N.D. Fla. Sept. 9, 2007).

Very recently–last Friday, September 28, 2007, and today, October 1, 2007–two more courts considered discovery and arbitrability issues simultaneously and decided to compel ONESCO to arbitrate and to deny ONESCO's request for discovery. <u>O.N. Equity Sales Co. v. Robinson</u>, E.D. Va. Case No. 3:07cv378 (E.D. Va. Sept. 28, 2007) (<u>see</u> attached Exh. "1"); <u>O.N. Equity Sales Co. v. Gibson</u>, S.D.W. Va. Case No. 3:07-0362 (S.D.W. Va. Oct. 1, 2007) (<u>see</u> attached Exh. "2"). The <u>Gibson</u> court explained its decision to disallow discovery as follows:

> In resolving the question of arbitrability, a trial court should "avoid enmeshing courts in detailed interpretations of the meanings of provisions that should instead be decided by the arbitrator." The value of arbitration may be lost if one side can force expensive discovery through the courts prior to arbitration.
>
> . . . ONESCO . . . argues that there are limited factual issues, and but a single legal issue to resolve before final resolution of the case is appropriate. . . .ONESCO tells the court that there are so few factual issues for it to investigate that a mere 6-8 weeks between an order from this Court and trial would allow "more than ample preparation time" to perform discovery and get ready for trial. This position reveals that ONESCO does not expect many new facts to come to light during discovery.
>
> This Court agrees with ONESCO that there is but a single legal issue and few, if any, factual issues to resolve before the case could be decided on the merits. Mindful of its role at this stage, however, the court is reluctant to involve itself with the merits of the claim. As such, if the question of arbitrability can be resolved with the documentary evidence now available, the proper course is to do just that.
>
> Largely because of the presumption in favor of arbitrability, there is sufficient documentary evidence to serve as a factual foundation for legal analysis of the NASD Code. First, the statement of amended complaint submitted by the defendants clearly lists many counts capable of supporting a claim of negligent supervision. Second, according to the face of the Private Placement Memorandum and the Lancorp Subscription Agreement, investments in the company, though irrevocable on the part of the investor, were held in escrow subject to modification or cancellation by Lancorp until a later closing date.. According to the sworn testimony of Gary Lancaster, a material change was made to these initial investments in April 2004, and Lancorp did not start up until May 14, 2004. Also, Gary Lancaster stated that he disclosed his involvement in Lancorp to ONESCO, and ONESCO has in fact provided evidence which supports notice of this association. . . .
>
> Although it does little to dispute factual submissions by the defendant, in recent filings ONESCO does point to two issues of fact it wants to resolve during discovery. First, it wants to determine exactly who sold Lancorp securities to the investors. Second, Lancorp calls into question the credibility of Lancaster. Because Lancaster was at all times president and CEO of Lancorp, however, this first inquiry would seem to be only collateral to the question of arbitrability. While due process certainly entitles ONESCO to contest the factual claims asserted against it by the defendant, including the ability to challenge Lancaster's credibility, this is precisely the kind of inquiry that is at the heart of the merits of the claim and not necessary for resolution at this stage.

(<u>See</u> attached Exh. "2" at 8-10 (citations omitted)).

This Court should follow the same procedure and consider discovery and arbitrability issues together on November 9, rather than inefficiently consider them separately on October 5 and November 9. Defendants' argument against discovery is that the parties' disputes are arbitrable and that allowing court-ordered discovery on the merits regarding arbitrable disputes is an improper invasion of the arbitrators' domain. Because courts allow depositions while arbitrators generally do not, permitting court-ordered depositions would enable ONESCO to obtain discovery that it could not get in the arbitration.

This Court cannot resolve these discovery issues in a vacuum on October 5 and instead can only appropriately resolve them in the context of its resolution of the arbitrability issues on November 9. See WMA Sec., Inc. v. Wynn, 191 F.R.D. 128, 131 (S.D. Ohio 1999), approved WMA Sec., Inc. v. Wynn, 105 F. Supp. 2d 833, 836 (S.D. Ohio 2000), aff'd, 2002 WL 504965 (6th Cir. Apr. 1, 2002) ("The issues of further discovery and [the arbitrators'] jurisdiction are merged in the Motion for a Protective Order."). To facilitate the national policy favoring arbitration and the Supreme Court's command "for a summary and speedy disposition of motions or petitions to enforce arbitration clauses," Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 29 (1983), this Court cannot properly decide on October 5 whether discovery is needed or appropriate until it decides on November 9 whether arbitration can be compelled without resort to costly and time-consuming court-ordered discovery. Attempting to consider discovery issues first and separately from arbitrability puts the cart before the horse.

Defendants have characterized this Motion as an Emergency Motion, because, unless the October 5 hearing is postponed, counsel will be flying from Florida on October 4 for the hearing. Accordingly, counsel respectfully requests that a ruling be entered on this Motion by October 3, if possible.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List below.

      /s/ Joel A. Goodman
Joel A. Goodman
Goodman & Nekvasil, P.A.
14020 Roosevelt Blvd., Suite 808
P.O. Box 17709
Clearwater, Florida 33762
Telephone:  727-524-8486
Facsimile:  727-524-8786

**Electronic Mail Notice List**

| | |
|---|---|
| Daniel T. Balmat<br>dbalmat@ssd.com, rarroyo@ssd.com | Marion Homer Little, Jr,<br>little@litohio.com |
| Joseph Anthony Meckes<br>jmeckes@ssd.com, sfr_docket@ssd.com | Michael R. Reed<br>reed@litohio.com |