ZEIGER, TIGGES & LITTLE LLP
Marion H. Little, Jr., Esq. (admitted *pro hac vice*)
Michael R. Reed, Esq. (admitted *pro hac vice*)
3500 Huntington Center
41 South High Street
Columbus, OH 43215
Telephone:     (614) 365-9900
Facsimile:      (614) 365-7900
Email: reed@litohio.com

SQUIRE, SANDERS & DEMPSEY L.L.P.
Joseph A. Meckes (State Bar No. 190279)
Daniel T. Balmat (State Bar No. 230504)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile:  +1.415.393.9887
Email: jmeckes@ssd.com
Email: dbalmat@ssd.com

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS NEMES, INDIVIDUALLY AND AS TRUSTEE OF THE THOMAS NEMES TRUST, and MICHAEL J. BENKERT, INDIVIDUALLY AND ON BEHALF OF SHORE 2 SHORE ENTERPRISES, INC., and JERRY J. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST, and NANCY M. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST.<br><br>Defendants. | Case No.  C07-03303 JF (RS)<br><br>The Honorable Jeremy Fogel<br><br>**(FILED VIA ECF/PACER)**<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR "ADMINISTRATIVE RELIEF" TO RESCHEDULE TO NOVEMBER 9, 2007, THE HEARING ON MOTIONS CURRENTLY SET FOR OCTOBER 5, 2007**<br><br>Complaint Filed:    June 22, 2007 |

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR "ADMINISTRATIVE RELIEF" TO RESCHEDULE TO NOVEMBER 9, 2007, THE HEARING ON MOTIONS CURRENTLY SET FOR OCTOBER 5, 2007
Case No. C07-03303 JF (RS)

This matter should be heard by the Court in the manner discussed at the status conference held on September 21, 2007, when the Court properly agreed to address the availability of discovery in this case *before* the scheduled hearing on ONESCO's and Defendants' motions for Preliminary Injunction and to Compel Arbitration. Indeed, counsel for Defendants attempted to make this very same argument at the September 21, 2007 Case Management Conference, and the Court made clear that the discovery issue can and should be properly addressed before the ultimate issue of arbitrability is decided. Defendants' improper Motion for "Administrative Relief" should not affect the established schedule.

At the outset, ONESCO notes that Defendants' Motion is procedurally improper. It does not address "miscellaneous administrative matters" as contemplated under Local Rule 7-11. Rather, it is a blatant attempt by Defendants to avert the Court's determination on the availability of discovery. Defendants do not seek a simple re-scheduling of the hearing date. Instead, they make the *substantive argument* that the Court should not consider the question of discovery before conducting a hearing on the competing motions for Preliminary Injunction and to Compel Arbitration. However, the subject of ONESCO's requested discovery is central to the ultimate determination of the arbitrability issue. In short, Defendants' Motion, if granted, would constitute a *substantive* denial of ONESCO's Motion for Immediate Discovery [Docket No. 22], in which ONESCO seeks permission to engage in discovery on disputed factual issues *before* the Court decides the parties' substantive motions.

In a case such as this, where arbitrability hinges on the Court's determination of numerous questions of fact, the availability of discovery must be determined *prior to* the hearing on the parties' competing motions. *See, e.g., Aguirre v. Chula Vista Sanitary Service*, 542 F.2d 779, 781 (9th Cir. 1976) ("There is no apparent reason to deny [a party] an opportunity to present his witnesses where, as in this case, there is a sharp factual conflict, resolution of that conflict will determine the outcome, … the facts are simple, [and] little time would be required for an evidentiary hearing … ."). ONESCO submits that it must be permitted to engage in discovery relevant to the issue of arbitrability in order to properly prepare for an evidentiary hearing. If the Court agrees, then simple logic dictates that such discovery must commence *before* the

- 1 -

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR "ADMINISTRATIVE RELIEF" TO RESCHEDULE TO NOVEMBER 9, 2007, THE HEARING ON MOTIONS CURRENTLY SET FOR OCTOBER 5, 2007

Case No. C07-03303 JF (RS)

evidentiary hearing. Defendants' Motion would require the Court to consider the availability of discovery at the *same time* as it holds the evidentiary hearing. That is too late.

At its heart, Defendants' Motion is nothing more than a procedurally improper attempt by Defendants to impact the Court's merits determinations, both with respect to the availability of discovery and its ultimate determination of the parties' competing substantive motions. Indeed, Defendants' Motion is based on decisions that, for the reasons more fully discussed in ONESCO's substantive briefs, should not guide the Court's analysis here. In each of the cases cited by Defendants, the court granted *de facto* summary judgment to the defendants and compelled arbitration on the basis of unilateral factual materials submitted by them, without giving ONESCO an opportunity to challenge those unilateral factual submissions. In essence, the courts treated the defendants' motions to compel as motions for summary judgment, and then construed their unilateral factual submissions in a light most favorable to them—***the moving parties***. In fact, in many instances, the courts premised their decisions on a finding of "materiality," without providing ONESCO any opportunity to challenge this inherently factual conclusion. *See In re Apple Computers Securities Litigation*, 886 F.2d 1109, 1113 (9th Cir. 1989) (concluding materiality is a factual issue). In short, the decisions cited by Defendants were decided without giving ONESCO the opportunity to discover and present evidence of disputed facts, and should not guide the Court's analysis here.

In sum, Defendants' Motion is not "Administrative." Rather, it is an improper attempt by Defendants to influence the Court's decisions with respect to *substantive* issues in this case. To that end, the Motion is premised upon decisions that did not provide ONESCO with the due process mandated by Ninth Circuit precedent. The Court has already established a schedule that

///

///

///

///

///

- 2 -

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR "ADMINISTRATIVE RELIEF" TO RESCHEDULE TO NOVEMBER 9, 2007, THE HEARING ON MOTIONS CURRENTLY SET FOR OCTOBER 5, 2007

Case No. C07-03303 JF (RS)

will permit it to consider the availability of relevant discovery *prior to* the hearing on the parties' competing substantive motions. It was absolutely correct in doing so. Accordingly, ONESCO respectfully requests that the Court deny Defendants' Motion.

Dated: October 2, 2007

Respectfully submitted,

ZEIGER, TIGGES & LITTLE LLP

By: _____/s/_____
      Michael R. Reed

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

- 3 -

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR "ADMINISTRATIVE RELIEF" TO RESCHEDULE TO NOVEMBER 9, 2007, THE HEARING ON MOTIONS CURRENTLY SET FOR OCTOBER 5, 2007

Case No. C07-03303 JF (RS)