# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THE O.N. EQUITY SALES COMPANY,   CIVIL NO. 07-3075 (MJD/AJB)

PLAINTIFF,

**ORDER**

NORMAN D. PRINS, ET AL.,

DEFENDANTS.

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Plaintiff The O.N. Equity Sales Company's ("ONESCO") Motion for an Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability [Docket No. 10]. A hearing was held on October 2, 2007, in the United States District Courthouse, 180 East Fifth Street, Saint Paul, MN 55101. Marion H. Little, Jr., Esq., represented ONESCO. Joel A. Goodman, Esq., represented Defendants.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability [Docket No. 10] is **denied**. ONESCO has failed to demonstrate that immediate discovery is required in order for the Court to later determine the issue of arbitrability[1]. See <u>ONESCO v. Rahner</u>, 2007 WL 2908297, at *1 (D. Colo. Oct. 3, 2007);

---

[1] A hearing is set for October 24, 2007, in front of United States District Court Judge Michael J. Davis of the United States District Court for the District of Minnesota with respect to Defendants' Motion to Compel Arbitration [Docket Nos. 17-18] and Plaintiff's Motion for Preliminary Injunction

ONESCO v. Gibson, 2007 WL 2840400, at *8 (S.D.W. Va. Oct. 1, 2007); ONESCO v. Pals, 2007 WL 2506033, at *7 (N.D. Iowa Sept. 6, 2007); ONESCO v. Steinke, 2007 WL 2421761, at *2 (C.D. Cal. Aug. 27, 2007). Arbitration is often sought as an alternative dispute resolution process because it significantly reduces the time and money normally spent during discovery. Permitting discovery at this time would improperly allow ONESCO to obtain court-ordered discovery on the merits that it could not otherwise obtain in the arbitration thereby driving up the costs of litigation. Therefore, the Court holds that such trial strategy runs counter to the purpose of arbitration and agrees with Defendants that the issue of arbitrability can be resolved by the Court based on the memoranda and evidence already submitted by the parties without the need for further discovery.

Dated:   October 17, 2007

  s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

---

[Docket Nos. 28-29].