Joel A. Goodman (FL Bar No. 802468)
Admitted *pro hac vice*
Email: gn.law@verizon.net
Goodman & Nekvasil, P.A.
14020 Roosevelt Blvd., Suite 808
P.O. Box 17709
Clearwater, Florida 33762
Telephone: 727-524-8486
Facsimile: 727-524-8786

Richard A. Kutche (CA Bar No. 151950)
Email: rakutche@pacbell.net
Law Offices of Richard A. Kutche
46 South First Street
San Jose, CA 95113
Telephone: (408) 295-0474
Facsimile: (408) 295-6693
Local counsel

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS NEMES, Individually and as Trustee of the THOMAS NEMES TRUST, MICHAEL J. BENKERT, Individually and on Behalf of SHORE 2 SHORE ENTERPRISES, INC., and JERRY J. THOMAS and NANCY M. THOMAS, Individually and as Trustees of the JERRY J. THOMAS and NANCY M. THOMAS 1998 INTER VIVOS TRUST,<br><br>    Defendants. | Case No. C 07-03303 JF RS<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY**<br><br>Date:      TBD<br>Time:     TBD<br>Courtroom: 3, 5th Floor |

Plaintiff O.N. Equity Sales Company ("ONESCO") has filed yet another motion which tediously and repetitively makes the same argument that ONESCO has already made in many other filings in this Court–that ONESCO is entitled to discovery and trial in this court action.[1] ONESCO should have made its newest argument, if at all, as part of its other filings, rather than invent a new

---

[1] ONESCO has also tediously and repetitively made these same arguments dozens of times in numerous other cases around the country.

motion as a vehicle to make arguments it should have made earlier. ONESCO initially noticed its motion for hearing on October 5, 2007, in violation of this Court's timing and scheduling requirements for motions. Accordingly, the motion was taken off calendar and has not yet been reset. Defendants have responded to ONESCO's general argument regarding discovery in their other filings, including in particular their Memorandum in Opposition to ONESCO's Motion for an Order Authorizing the Parties to Engage in Immediate Discovery on the Issue of Arbitrability ("Memorandum against Discovery"). In response to the present Motion under Civil Rule 56(f) for an Order Precluding Summary Disposition of Defendant's Motion to Compel Arbitration Pending Discovery to be Taken on the Issue of Arbitrability ("Rule 56(f) Motion"), Defendants rely on and incorporate herein their other filings and do not repeat them in detail here.

**A.  ONESCO's Requested Discovery will not Elicit Facts Essential to Justify ONESCO's Opposition to Defendants' Motion to Compel Arbitration.**

Even assuming *arguendo* as ONESCO claims that Federal Rule of Civil Procedure 56(f) applies to the arbitrability issue in this case, Rule 56(f) by its terms applies only when a party needs to obtain "facts essential to justify the party's opposition." Here, as Defendants explained in more detail in their Memorandum against Discovery at 3-7, the pertinent facts relevant to arbitrability are undisputed. See <u>State ex rel.Cal.Dept. of Toxic Substances Control v. Campbell</u>, 138 F.3d 772, 780 (9th Cir. 1998) (rejecting the defendants' reliance on Rule 56(f), because "the facts that the defendants hope to elicit during discovery are not essential to resisting California's summary adjudication motion"). The facts which ONESCO seeks to obtain in discovery have no bearing on arbitrability and are not "essential to justify [ONESCO's] opposition." As Defendants have advised this Court in their Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction at 3, eight different judges around the country have found that the arbitrability issue which ONESCO raises can be resolved without discovery.

In its Rule 56(f) Motion at 7-10, ONESCO purports to identify four disputed factual issues for which it needs discovery, but these supposed factual issues are in reality just two: (1) the extent of the involvement of Robert Reese ("Reese"), and (2) the timing of the representations that induced Defendants' investment in Lancorp Financial Fund Business Trust ("Lancorp"). With respect to

Reese's involvement, ONESCO's own Complaint in this action alleges that ONESCO's former representative Gary L. Lancaster ("Lancaster") organized Lancorp. He was Lancorp's Trustee, and promulgated the Lancorp Private Placement Memorandum which ONESCO discusses and quotes at length in its Complaint at ¶¶ 14-30. Moreover, Lancaster wrote the letters dated April 5, 2004 (attached to Defendants' Motion to Compel Arbitration as Exh. "3"), which informed Defendants of changes in the insurance element of the Lancorp offering and required them either to accept these changes or withdraw their subscription.

Accordingly, Lancaster's involvement is undisputed. Defendants undisputedly had a customer relationship with Lancaster, for purposes of NASD Rule 12200. Whether Reese was also involved and whether Lancaster used Reese as an agent to make the initial contact with Defendants is irrelevant to the "customer" and "business activities" requirements for arbitrability under Rule 12200. Instead, the extent of Reese's involvement is relevant, at best, only to the merits. "Because Lancaster was at all times president and CEO of Lancorp, . . . [the] inquiry [of 'who sold Lancorp securities to the investors'] would seem to be only collateral to the question of arbitrability.. . . [T]his is precisely the kind of inquiry that is at the heart of the merits of the claim and not necessary for resolution at this stage." O.N. Equity Sales Co. v. Gibson, ___ F. Supp. 2d ___, 2007 WL 2705859, at *6 (S.D.W. Va. Oct. 1, 2007).

ONESCO's citation of Bensadoun v. Jobe-Riatt, 316 F.3d 171 (2d Cir. 2002), is not on point. In Bensadoun, the broker denied having any contact with the investors in connection with the investment at issue, and the Second Circuit determined that a factual question was created about whether the investors were the broker's customers. Here by contrast, Lancaster had direct contact with Defendants in connection with Lancorp while he worked for ONESCO, as evidenced by Exhibit "3" attached to the Motion to Compel Arbitration. For purposes of ONESCO's NASD arbitration obligation under Rule 12200, Defendants were unambiguously Lancaster's customers in connection with his Lancorp activities while he worked for ONESCO. No discovery is needed to resolve this point, which ONESCO does not challenge. This unchallenged point is by itself dispositive of the arbitrability issue in this case.

With respect to the second alleged factual issue which ONESCO identifies in its Rule 56(f) Motion–the timing of the representations that induced Defendants' investments–ONESCO does not dispute that, while Lancaster was an ONESCO representative in April 2004, he changed the Lancorp investment and required all of the Lancorp investors, including Defendants, either to acknowledge the changes or to take back their invested funds.

> Contrary to ONESCO's contentions, the record shows beyond dispute that the terms of the Lancorp Fund private placement offering were materially changed in April 2004, which required all subscribers to confirm their subscriptions or receive a return of their funds, that Lancaster held all funds invested in the Lancorp Fund private placement offering until May 2004, and that the Lancorp Fund private placement offering did not close until May 2004, all of which shows that there was still an investment relationship between Lancaster and Pals after Lancaster became an "associated person" of ONESCO, and as such, Pals was a "customer" of Lancaster after March 2004, and was thereby a customer of ONESCO.

O.N. Equity Sales Co. v. Pals, ___ F. Supp. 2d ___, 2007 WL 2506033, at *6 (N.D. Iowa Sept. 6, 2007).

In view of these facts which ONESCO does not challenge, ONESCO does not need discovery on when the representations occurred that induced Defendants' investments. Representations that occurred before Lancaster became an ONESCO representative are part of the background for the actual sales, which occurred in April and May 2004. Defendants has alleged events in connection with their Lancorp investments that occurred while Lancaster worked for ONESCO, for which they seek to hold ONESCO liable. They are therefore entitled to arbitrate with ONESCO under NASD rules. ONESCO's contention that other events occurred before Lancaster worked for ONESCO relates at best only to the merits, not to arbitrability and is properly presented to the arbitrators, not to this Court.

For arbitrability purposes, Defendants were undoubtedly customers of Lancaster in April and May 2004, while Lancaster worked for ONESCO. They have undisputedly alleged events in connection with ONESCO's "business activities" for purposes of Rule 12200, because they have alleged that ONESCO failed to supervise him at that time. (A copy of Rule 12200 is attached to Defendants' Motion to Compel Arbitration as Exhibit "5.") They have also undisputedly alleged events in connection with Lancaster's "business activities" under Rule 12200 See John Hancock Life Ins. Co. v. Wilson, 254 F.3d 48, 58-59 (2d Cir. 2001) ("Even assuming that the Investors'

claims do not relate to [the firm's] business, . . . the parties do not dispute that the Investors' claims arise out of the activities of . . . an associated person.").

Accordingly, they are entitled to arbitrate under Rule 12200 because their claims satisfy the "customer" and "business activities" requirements for arbitrating under the rule. The facts which ONESCO hopes to obtain in discovery would not change this result. Even assuming that Rule 56(f) applies to this case, this Court must deny ONESCO's Rule 56(f) Motion, because ONESCO's requested discovery will not elicit facts essential to justify ONESCO's opposition to Defendants' motion to compel arbitration.

  **B. Rule 56(f) does not Apply to this Case, because Defendants have Moved to Compel Arbitration, and the Issue is the Scope of NASD Rule 12200, not its Existence.**

ONESCO is disentitled to relief under Rule 56(f), not only because the pertinent facts are undisputed but also because Rule 56(f) does not apply to this case. As Defendants explained in more detail in their Memorandum against Discovery at 10-13, they have moved to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"). Under Section 6 of the FAA, this Court must treat their request to compel arbitration as a motion. Summary judgment procedures under Rule 56, however, apply only to complaints, not to motions. Parties do not and cannot move for summary judgments on motions. Accordingly, Rule 56(f) does not apply to this case. "[T]he language of Section 6 [of the FAA] preempts the Federal Rules. The policy behind this section 'is to expedite judicial treatment of matters pertaining to arbitration.'" Kruse v. Sands Bros. & Co., 226 F. Supp. 2d 484, 486 (S.D.N.Y. 2002) (citations omitted).

Congress expressed a "clear intent, in the Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983). Moses H. Cone cited Section 6 of the FAA and found that "a request for relief under . . .§ 4 [of the FAA] is to be treated procedurally as a motion." Id. at 22 n.27. Consequently, to effectuate "the statutory policy of rapid and unobstructed enforcement of arbitration agreements," the FAA requires courts when determining arbitrability to hold "an expeditious and summary hearing, with only restricted inquiry into factual issues." Id. at 22-23. "The Arbitration Act calls for a summary and speedy disposition of motions or petitions to

enforce arbitration clauses." Id. at 29.  ONESCO's attempt to use Rule 56(f) as a device to avoid summary disposition contradicts the Supreme Court's explicit command that summary disposition is required.

Although ONESCO cites cases stating that motions to compel arbitration apply standards similar to motions for summary judgment because both types of motions call for summary dispositions, no case states that the specific procedural requirements of Rule 56, such as subdivision (f), are applicable to motions to compel arbitration.  Indeed, the cases which ONESCO cites hold to the contrary.  For example, in Umbenhower v. Copart, Inc, 2004 WL 2660649 (D. Kan. Nov. 19, 2004), cited by ONESCO, the court rejected an argument that authentication requirements that might apply to motions under Rule 56 also apply to motions to compel arbitration.  "[T]his court has found no appellate cases extending the Rule 56 requirement that the parties submit evidence in a form that would be admissible at trial into the context of a motion to compel" arbitration.  Id. at *6 n.4. Similarly, in Brown v. Dorsey & Whitney, 267 F. Supp. 2d 61 (D.D.C. 2003), cited by ONESCO, which treated a motion to dismiss as a motion to compel arbitration, the court did not apply the notice requirements that would ordinarily apply when a motion to dismiss is converted to a motion for summary judgment.  "[T]he Court is not actually affecting a conversion for review under Rule 56, but is rather construing the motion for what it really is–a motion to compel arbitration pursuant to 9 U.S.C. § 4–and applying the Rule 56 standard of review . . . ."  Id. at 67.  Thus, the cases which ONESCO cites apply only a summary-judgment-like standard to motions to compel arbitration, not the specific procedural provisions of Rule 56, such as subdivision (f).

Defendants also note that many of the cases that have used summary judgment standards for motions to compel arbitration have done so only in dicta or in connection with an issue about the existence of an arbitration agreement.  See, e.g., Umbenhower, 2004 WL 26604649, at *6 (challenge to authenticity of the plaintiff's signature on the arbitration agremeent); Tinder v. Pinkerton Sec., 305 F.3d 728, 735-36 (7th Cir. 2002) (Employee alleged that she never saw or agreed to the arbitration agreement.); Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51 (3d Cir. 1980) (Party opposing arbitration alleged that its production manager's signature was only a confirmation ot delivery dates, not an agreement to arbitrate.).

When the issue is whether an arbitration agreement exists at all, a summary judgment standard of review might be helpful. Here, however, NASD Rule 12200 undisputedly exists and is binding on ONESCO, and the only issue is whether the rule applies to the disputes in this case. This issue is one of scope, not existence. When the issue involves the scope of an arbitration agreement, courts must resolve all doubts in favor of arbitration.

> Section 2 [of the FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. . . .
>
> . . . The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

Moses H. Cone Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1984).

> "[A]ny ambiguities as to the scope of [Rule 10301, the predecessor to Rule 12200] itself must be resolved in favor of arbitration." . . . "[T]here is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Thus, in order to compel arbitration the defendant need not prove definitively that the NASD Code requires the parties to arbitrate, only that the NASD Code is susceptible to an interpretation which would bind the parties to arbitration.

O.N. Equity Sales Co. v. Gibson, 2007 WL 2840400, at *4 (citations omitted).

Unlike motions to compel compliance with an arbitration agreement, for which this Court must resolve all doubts about the scope of the agreement in favor of arbitration, the facts for summary judgment motions are "viewed in the light most favorable to the nonmoving party," albeit "only if there is a 'genuine' dispute as to those facts." Scott v. Harris, ____ U.S. ____, 127 S.Ct. 1769, 1776 (2007). Thus, the presumption resolving doubts about the scope of arbitration agreements in favor of movants seeking to compel arbitration differs from the standard applicable to summary judgment motions, which requires court to view the facts in the light most favorable to the nonmoving party. Because the FAA and Rule 56 standards of review are different, Rule 56 standards do not appropriately apply to the scope question in this case.

Even if Rule 56 standards do apply, Defendants are entitled to summary disposition. Under Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252-53 (1986), trial courts, when ruling on summary judgment motions, must apply "the substantive evidentiary standard of proof that would apply at a

-7-

trial on the merits" and must "view the evidence presented through the prism of the substantive evidentiary burden." Here, the "substantive evidentiary burden" requires this Court to resolve all doubts in favor of arbitration. Because the only question for this Court is whether doubts exist, this question is inevitably susceptible to summary determination without trial.

The court in First Montauk Sec. Corp. v. Four Mile Range Development Co., 65 F. Supp. 2d 1371 (S.D. Fla. 1999), adopted this analysis in granting summary judgment to an investor on the customer issue under NASD Rule 10301, the predecessor to Rule 12200. "The Court concludes that the 'substantive evidentiary burden' is applicable to this action and involves the scope of written agreements to arbitrate. Therefore, unless the Court can say with positive assurance that the arbitration provisions at issue are not susceptible of an interpretation in favor of arbitration, the Court must find in favor of arbitration." Id. at 1377.

In this instance, Defendants have cited numerous cases holding on facts substantially identical to those in the present case that Lancorp investors are entitled to arbitrate with ONESCO. Plainly, NASD Rule 12200 is at least susceptible to this interpretation. Consequently, even if summary judgment principles are properly applied in this case, Defendants are entitled to summary judgment.

WHEREFORE, Defendants respectfully request this Court to deny ONESCO's Rule 56(f) Motion.

Respectfully submitted,

DATED: October 17, 2007                GOODMAN & NEKVASIL, P.A.
                                       By: /s/ Joel A. Goodman
                                       Joel A. Goodman
                                       Attorney *pro hac vice*

                                       LAW OFFICES OF RICHARD A. KUTCHE
                                       Richard A. Kutche
                                       Local counsel

                                       Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List below.

      /s/ Joel A. Goodman
      Joel A. Goodman
      Goodman & Nekvasil, P.A.
      14020 Roosevelt Blvd., Suite 808
      P.O. Box 17709
      Clearwater, Florida 33762
      Telephone: 727-524-8486
      Facsimile: 727-524-8786

**Electronic Mail Notice List**

Daniel T. Balmat
dbalmat@ssd.com, rarroyo@ssd.com

Marion Homer Little, Jr,
little@litohio.com

Joseph Anthony Meckes
jmeckes@ssd.com, sfr_docket@ssd.com

Michael R. Reed
reed@litohio.com