ZEIGER, TIGGES & LITTLE LLP
Marion H. Little, Jr., Esq. (admitted *pro hac vice*)
Michael R. Reed, Esq. (admitted *pro hac vice*)
3500 Huntington Center
41 South High Street
Columbus, OH 43215
Telephone:   (614) 365-9900
Facsimile:   (614) 365-7900
Email: reed@litohio.com

SQUIRE, SANDERS & DEMPSEY L.L.P.
Joseph A. Meckes (State Bar No. 190279)
Daniel T. Balmat (State Bar No. 230504)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile:  +1.415.393.9887
Email: jmeckes@ssd.com
Email: dbalmat@ssd.com

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS NEMES, INDIVIDUALLY AND AS TRUSTEE OF THE THOMAS NEMES TRUST, and MICHAEL J. BENKERT, INDIVIDUALLY AND ON BEHALF OF SHORE 2 SHORE ENTERPRISES, INC., and JERRY J. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST, and NANCY M. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST.<br><br>Defendants. | Case No. C07-03303 JF (RS)<br><br>The Honorable Jeremy Fogel<br><br>**(Filed via ECF/PACER)**<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS FOR PRELIMINARY INJUNCTION AND UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY DISPOSITION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING DISCOVERY TO BE TAKEN ON THE ISSUE OF ARBITRABILITY**<br><br>Date:   November 9, 2007<br>Time:   9:00 a.m.<br>Courtroom: 3, 5th Floor<br><br>Complaint Filed:   June 22, 2007 |

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTIONS FOR PRELIMINARY INJUNCTION AND   Case No. C07-03303 JF (RS)
UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY DISPOSITION

ONESCO submits this joint reply memorandum in support of its Motion for Preliminary Injunction [Docket No. 26] and its Motion for An Order Precluding Summary Disposition of Defendants' Motion to Compel Arbitration Pending Discovery to be Conducted on the Issue of Arbitrability [Docket No. 22]. Because Defendants' responses to both motions raise many of the same issues, and because both motions highlight the need for discovery and an evidentiary hearing in light of Defendants' unilateral factual submissions on the issue of arbitrability, we address them jointly here.

### A. ONESCO Is Entitled To Injunctive Relief With Respect To Those Claims Indisputably Based On Events Occurring Prior To Gary Lancaster's Association With ONESCO.

Even assuming the validity of Defendants' unilateral factual submissions, ONESCO is entitled to injunctive relief in this case. Those claims based on events that indisputably occurred prior to Gary Lancaster's association with ONESCO cannot be arbitrated, and thus, Defendants must be enjoined from arbitrating them.[1]

The record is undisputed that the sale activity with respect to Defendants' Lancorp Fund purchases, and in particular, the events giving rise to Defendants' claims based on the Lancorp Fund Private Placement Memorandum, occurred *prior to* Lancaster's association with ONESCO. Nonetheless, Defendants continue to argue that "something" occurred during Lancaster's limited tenure with ONESCO, and irrespective of whether that "something" really has anything to do with their claims (*i.e.*, the timing of the factual predicate for such claims), that "something" is subject to arbitration, as are all claims based upon conduct arising before Lancaster's association with ONESCO.

This is the proverbial "tail wagging the dog." It is well settled that when certain claims are arbitrable but others are not, a court must sever the non-arbitrable claims. In *Paine Webber,*

---

[1] By its previous briefs filed in this case, as well as its Motion Under Civil Rule 56(f) [Docket No. 34], ONESCO already has addressed the vast majority of Defendants' legal arguments presented in their responses addressed herein. ONESCO hereby adopts and expressly incorporates all of its arguments in its Motion for Preliminary Injunction [Docket No. 26], its Motion for Immediate Discovery and its reply in support thereof [Docket Nos. 22 & 33], its Motion Under Civil Rule 56(f) [Docket No. 34], and its Memorandum in Opposition to Defendants' Motion to Compel Arbitration [Docket No. 45], and will not restate those arguments here.

- 1 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTIONS FOR PRELIMINARY INJUNCTION AND UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY DISPOSITION    Case No. C07-03303 JF (RS)

*Inc. v. Hofmann*, 984 F.2d 1372, 1377 (3rd Cir. 1993), for example, the Third Circuit, applying the NASD six-year rule, allowed that claims arising from "occurrences or events" that occurred within six years of the filing were arbitrable, but it rejected arbitrability of claims based on events occurring before that time. In vacating and remanding the district court's order to arbitrate, the Third Circuit stated the lower court was "flawed" in its "assumption that there was a single, indivisible claim."

Indeed, as the Second Circuit has declared, a failure to sever and enjoin non-arbitrable claims runs directly afoul of United States Supreme Court precedent:

> BSI Contends that, because one of the claims is clearly arbitrable, and because all of the claims are related to a single set of facts, federal policy disfavors bifurcation of proceedings in which some claims are presented to arbitrators and some are decided by a court of law. *This argument is frivolous.* The Supreme Court has directly addressed and soundly rejected it: 'The preeminent concern of Congress in passing the [Arbitration] Act was to enforce private agreements … and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is piecemeal litigation …' *If some claims are non-arbitrable, while others are arbitrable, then we will sever those claims subject to arbitration from those adjudicable only in court*. Indeed, there is no reason why, in a proper case, we cannot sever even a part of a claim, where that claim raises both arbitrable and non-arbitrable issues.

[*Collins & Aikman Products Co. v. Building Sys., Inc.*, 58 F.3d 16, 20 (2nd Cir. 1995) (quoting *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 221 (1985)) (emphasis added).]

That's exactly what happened in *Hornor, Townsend & Kent, Inc. v. Hamilton*, Case No. 1:01-CV-2979, slip op at *11 (N.D. Ga., Sept. 6, 2005), where the court enjoined arbitration of some claims because they arose from events occurring before the sales representative was associated with the plaintiff broker-dealer and permitted arbitration of another claim because "representations inducing" the subject investment occurred when the representative was associated with the broker-dealer. [Exh. O to ONESCO's Motion for Preliminary Injunction.]

The same rule applies here. Even accepting Defendants' unilateral submissions at face value, the Court must nonetheless sever and enjoin arbitration of those claims that are clearly not

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

- 2 -

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTIONS FOR PRELIMINARY INJUNCTION AND UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY DISPOSITION   Case No. C07-03303 JF (RS)

arbitrable in light of the timing of events giving rise to them.[2] To reiterate, these clearly non-arbitrable claims include:

(a) All claims premised upon any alleged misrepresentations or omissions in the Private Placement Memorandum [Complaint, Exh. A], which bears a date of March 17, 2003, and was referenced in each of the Subscription Agreements Defendants executed prior to Lancaster's association with ONESCO.

(b) All claims premised upon any statements or omissions contained in Defendants' Subscription Agreements [Exhs. D, E, & F to ONESCO's Motion for Immediate Discovery.] (Docket No. 22)], all of which were executed prior to Lancaster's association with ONESCO.

(c) All claims premised upon any other written or oral representation allegedly made by Lancaster before March 23, 2004, which is the first date he had an association with ONESCO.

(d) All claims and damages based upon events occurring *after* Lancaster's association with ONESCO. Lancaster testified, for example, that Lancorp investors' funds were not actually invested in Megafund Corporation until *2005*, after Lancaster was no longer associated with ONESCO. [Lancaster Tr. at 24-25, Exh. A to ONESCO's Reply In Support of Motion for

---

[2] Remarkably, Defendants argue that claims premised on alleged events that occurred prior to Lancaster's association with ONESCO are nonetheless arbitrable because "mandatory stock exchange arbitration rules … *apply to past events*." [*See* Defendants' Memorandum in Opposition, at 9 (emphasis added).] In short, Defendants argue that if arbitration is appropriate as to one claim, it is appropriate as to all claims. This unfounded statement is completely inconsistent with both the case law cited above and the rule announced in *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 820 (11th Cir. 1993), which provides that "customer" status for purposes of arbitrability under NASD rules "*should be determined as of the time of the occurrence of events that constitute the factual predicate for the causes of action contained in the arbitration complaint.*" Were Defendants' statement correct, *Wheat, First* would be meaningless because NASD rules would require arbitration of all claims asserted by anyone, regardless of when the events that form the basis of such claims occurred. Fortunately, as discussed in detail in ONESCO's memorandum in opposition to Defendants' Motion to Compel Arbitration, and in Section B, *infra*, "customer" status presents a question of contract existence -- a question that cannot be answered absent factual inquiry into the timing of relevant events.

The cases cited by Defendants simply have no application to the present case. In each case, *Coenen v. Pressprich & Co.*, 452 F.2d 1209 (1972); *Prima Paint Corp. v. Flood & Conklin*, 388 U.S. 395 (1967); and *Smith/Enron Cogeneration Limited Partnership, Inc. v. Smith Cogeneration International, Inc.*, 198 F.3d 88 (2d Cir. 1999), the courts were presented with an alleged arbitration agreement that encompassed "*any*" claims between specific parties, or arising pursuant to an express agreement. No such agreement is at issue here. Instead, at issue is NASD Rule 12200, which expressly limits arbitrability to disputes involving "*customers*" of a broker-dealer or of an associated person thereof. As described in *Wheat, First*, and discussed in detail in ONESCO's other submissions in this case, "customer" status hinges on the *timing* of relevant events. Defendants' cited cases simply have no bearing on this required analysis.

- 3 -

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTIONS FOR PRELIMINARY INJUNCTION AND UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY DISPOSITION   Case No. C07-03303 JF (RS)

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Immediate Discovery (Docket No. 34).] ONESCO has no obligation to arbitrate claims arising after January 3, 2005, when his association with ONESCO was terminated.

(e) All claims based in whole or part of the conduct of persons other than Lancaster. Defendants stated in their Subscription Agreements that a Robert Reese was the actual referring party for their underlying Lancorp Fund purchase. [Subscription Agreements, at SB-11 & SB-12.] We also know that Lancaster, in his deposition in connection with S.E.C. v. Megafund Corp., et al., Case No. 3:05-CV-1328-L (N.D. Tex.), testified that he did not, in fact, solicit *any* investors in the Lancorp Fund, but that such solicitation was conducted by others who, like Reese, indisputably had no relationship with ONESCO. [*See* Lancaster Tr. at 66.] None of these other persons had any affiliation with ONESCO and thus ONESCO has no obligation to arbitrate claims based upon their conduct.

On such claims, ONESCO is clearly entitled to injunctive relief.

**B. Discovery And A Hearing Are Necessary Before The Court Can Determine The Arbitrability Of Claimants' Remaining Claims, Because Such Issue Turns On Defendants' Customer Status – A Question Of Contract Existence.**

As to the arbitrability of the remaining claims, discovery and an evidentiary hearing are necessary. This is because, contrary to Defendants' contentions, the question of "customer" status under NASD rules is a question of contract *existence*. Therefore, no presumption is applicable to the Court's analysis. *See*, *e.g.*, *Carson v. Giant Food, Inc.*, 175 F.3d 325, 329 (4th Cir. 1999) ("The general policy-based, federal presumption in favor of arbitration … is not applied as a rule of contract interpretation … .").

Here's the game. Defendants argue that because "something" supposedly occurred during Lancaster's association with ONESCO, a general federal presumption in favor of arbitration applies. In other words, Defendants want the Court to presume they were "customers" or and therefore, presume an arbitration agreement exists. If such a presumption existed, it would require an NASD member to arbitrate all claims asserted against it by all *alleged* "customers" simply because they declare this status.

But they are putting the cart before the horse. The instant case is an "existence" case, not a "presumption" case. This is made clear by the relevant provisions of NASD Rule 12200 (old

- 4 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTIONS FOR PRELIMINARY INJUNCTION AND UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY DISPOSITION     Case No. C07-03303 JF (RS)

Rule 10321(a)). Under NASD Rule 12200, "customer" status is the determining factor of whether an agreement to arbitrate *exists*. In *Wheat, First*, the Eleventh Circuit held that issues of arbitrability under NASD Rules based on the timing of relevant events present a question of contract *existence*, to be determined by the court through application of standard principles of contract construction and interpretation. 993 F.2d at 817-20 (court deemed it "rudimentary" that "the first task of a court asked to compel arbitration of dispute is to determine whether the parties agreed to arbitrate"). The second step, whether the dispute arises in connection with the business activities, refers to the *scope* of arbitrability. Of course, if customer status is not attained, and thus no agreement to arbitrate exists, the second test of the analysis (scope) is not even reached. *See Wheat*, 993 F.2d at 820-21 (finding that because investors were not *Wheat, First* customers, "we do not reach the question of whether [the investors'] claims arose 'in connection with the business' " of *Wheat, First*).

Thus, this Court must first determine whether an arbitration agreement exists and, under the NASD Rule, this determination turns on Defendants' customer status. That is, the "NASD contract" does not exist as to ONESCO unless Defendants' status as customers is determined. This, as with any question of contract existence, is a factual inquiry. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (discovery and a full trial are proper, under the Federal Arbitration Act, if "the *making* of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue."). Thus, contrary to Defendants' assertions, Defendants' "customer" status cannot be established on the basis of their unilateral submissions. Rather, this factual question must be decided only after *both* parties have had an opportunity to engage in relevant discovery and to present evidence pertinent to this fundamental issue.

### C.  The Court Should Not Summarily Determine Defendants' "Customer" Status Before ONESCO Has Had An Opportunity To Conduct Relevant Discovery.

By Defendants' own admission, "[w]hen the issue is whether an arbitration agreement exists at all, a summary judgment standard of review might be helpful." [*See* Defendants' Memorandum Of Points and Authorities In Opposition to Plaintiff's Motion Under Civil Rule 56(f) for an Order Precluding Summary Disposition of Defendants' Motion to Compel

- 5 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTIONS FOR PRELIMINARY INJUNCTION AND UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY DISPOSITION     Case No. C07-03303 JF (RS)

Arbitration Pending Discovery to be Taken on the Issue of Arbitrability, at 7 (Docket No. 43).] As Defendants recognize, the Court in *Bensadoun v. Jobe-Riatt*, 316 F.3d 171 (2d Cir. 2002) applied a summary judgment standard in a case where, as here, the investor's "*customer*" status was directly in issue. In applying the Rule 56 standard, the Second Circuit held that the trial court erred when it "liberally construed" what little evidence was in the record against the plaintiff while "appear[ing] to have resolved against [the plaintiff] the factual issues he sought to present." *Id.* at 174-75.

That is exactly the case here. Nevertheless, Defendants ask the Court to summarily determine their "customer" status based solely on their unilateral factual submissions not mentioned in their NASD statement, without providing ONESCO any opportunity to properly respond thereto. Not only would such a result turn the "presumption" of arbitrability on its head, but it would violate Rule 56 and basic notions of due process. In its Rule 56(f) Motion, ONESCO identified numerous factual disputes relevant to Defendants' "customer" status including, but not limited to, the timing of events giving rise to their claims. Rule 56(f) mandates that these disputes, which relate to the existence (and not simply the scope) of an agreement to arbitrate, cannot be resolved solely on the basis of Defendants' submissions. As a result, with respect to those claims that are not obviously non-arbitrable, the Court should permit discovery and conduct an evidentiary hearing so that it can properly determine whether an arbitration agreement actually exists in this case.

Respectfully submitted,

Dated: October 26, 2007   ZEIGER, TIGGES & LITTLE LLP


By   */s/ Michael R. Reed*
      Michael R. Reed

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

- 6 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTIONS FOR PRELIMINARY INJUNCTION AND UNDER CIVIL RULE 56(f) FOR AN ORDER PRECLUDING SUMMARY DISPOSITION    Case No. C07-03303 JF (RS)