Joel A. Goodman (FL Bar No. 802468)
Admitted *pro hac vice*
Email: gn.law@verizon.net
Goodman & Nekvasil, P.A.
14020 Roosevelt Blvd., Suite 808
P.O. Box 17709
Clearwater, Florida 33762
Telephone:  727-524-8486
Facsimile:  727-524-8786

Richard A. Kutche (CA Bar No. 151950)
Email: rakutche@pacbell.net
Law Offices of Richard A. Kutche
46 South First Street
San Jose, CA 95113
Telephone:  (408) 295-0474
Facsimile: (408) 295-6693
Local counsel

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, | Case No. C 07-03303 JF RS |
| Plaintiff, | Judge Jeremy Fogel |
| v. | **DECLARATION OF JOEL A. GOODMAN** |
| THOMAS NEMES, Individually and as Trustee of the THOMAS NEMES TRUST, MICHAEL J. BENKERT, Individually and on Behalf of SHORE 2 SHORE ENTERPRISES, INC., and JERRY J. THOMAS and NANCY M. THOMAS, Individually and as Trustees of the JERRY J. THOMAS and NANCY M. THOMAS 1998 INTER VIVOS TRUST, | |
| Defendants. | |

I, Joel A. Goodman, declare and state as follows:

1. I am an attorney licensed to practice law in the States of Florida, Massachusetts, and Pennsylvania. I am a member of Goodman & Nekvasil, P.A., counsel for the Defendants in the arbitration that underlies the above-styled case. I am fully familiar with the facts set forth below, and, if called to testify, I would and could competently testify to these facts.

2. Attached hereto as Exhibit "1" are true and correct copies of pages from a Motion for Preliminary Injunction, filed by O.N. Equity Sales Co. ("ONESCO"), in <u>ONESCO v. Merkel</u>, M.D. Fla. Case No. 2:07-cv-00531.

3. Attached hereto as Exhibit "2" is a true and correct copy of a transcript of the arbitration testimony of Gary L. Lancaster ("Lancaster") in <u>Pracht v. ONESCO</u>, NASD Case No. 07-00948.

4. Attached hereto as Exhibit "3" are true and correct copies of communications from Lancaster to investors in Lancorp Financial Fund Business Trust ("Lancorp").

5. Attached hereto as Exhibit "4" are true and correct copies of documents relating to Lancorp's transfer of funds to Megafund, Inc.

6. Attached hereto as Exhibit "5" is a true and correct copy of Lancaster's deposition taken by the Securities and Exchange Commission.

7. Attached hereto as Exhibit "6" are true and correct copies of pages from Plaintiff's Reply in Support of its Motion for an Order Authorizing The Parties to Engage in Immediate Discovery on the Issue Of Arbitrability in <u>ONESCO v. Nemes</u>, N.D. Cal. Case No. 07-03303.

8. Attached hereto as Exhibit "7" is a true and correct copy of a service letter in <u>Venrick v. ONESCO</u>, NASD Case No. 07-00759.

9. Attached hereto as Exhibit "8" are true and correct copies of documents relating to discovery in Lancorp investors' arbitrations against ONESCO.

10. Attached hereto as Exhibit "9" are true and correct copies of documents relating to discovery in Lancorp investors' arbitrations against ONESCO.

11. Attached hereto as Exhibit "10" is a true and correct copy of correspondence dated June 13, 2007, in <u>Venrick v. ONESCO</u>, NASD Case No. 07-00759.

12. Attached hereto as Exhibit "11" are true and correct copies of pages from Plaintiff's Memorandum In Opposition to Defendants' Motion to Compel Arbitration in <u>ONESCO v. Nemes</u>, N.D. Cal. Case No. 07-03303 in the above-styled case.

13. Attached hereto as Exhibit "12" are true and correct copies of communications between Lancaster and ONESCO in connection with Lancaster's completion of a Private Brokerage Form relating to Lancorp.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 2nd day of May, 2008.

       s/Joel A. Goodman
       Joel A. Goodman
       Counsel for Defendants