# Exhibit 1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | | |
|---|---|---|
| **THE O.N. EQUITY SALES COMPANY,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:07-cv-00531-JES-DNF |
| | : | |
| vs. | : | |
| | : | **Judge Steele** |
| **ROBERT MERKEL,** | : | |
| | : | **Magistrate Judge Frazier** |
| Defendant. | : | |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff The O.N. Equity Sales Company's ("ONESCO") moves the Court for an injunction enjoining Defendant Robert Merkel from arbitrating his claims against ONESCO in Case No. 07-01554, filed with the Financial Industry Regulatory Authority, formerly the National Association of Securities Dealers. Defendant has no agreement to arbitrate his claims against ONESCO and ONESCO would, therefore, suffer irreparable harm if forced to arbitrate his claims. The grounds supporting this motion are set forth in the attached Memorandum.

declaration procured by Defendant's counsel.[4] The purported May 2004 "effective" date related to an investment not implicated by Defendant's NASD claims, and was premised upon a *non-material* change in promised insurance coverage. Such date is simply irrelevant to the arbitrability of Defendant's claims.

---

[4] Lancaster's June and July 2007 declarations also are riddled with other materially false statements that further reveal the error of Defendant's reliance upon them—even if such misstatements do not directly implicate the Court's arbitrability analysis. For instance, in his June 2007 declaration, Lancaster expressly stated that he disclosed his involvement with the Lancorp Fund to ONESCO on a one-page form he "returned to ONESCO in May 2004." During the arbitration hearing, Lancaster admitted that he, in fact, did not return such a form to ONESCO and that he likely fabricated the document dated May 2004 in 2005 after the failure of Megafund.

> Q. Isn't it fair to say that the May 2, 2004 outside business disclosure form that is marked as Respondent's Exhibit 81 was executed by you only after the Megafund transaction imploded?
>
> \* \* \*
>
> A. I think that's probably correct.
>
> \* \* \*
>
> Q. Sir, did you post date that document after the fact?
>
> A. I can't remember specifically, but I think I probably did.
>
> Q. And the reason you did is because you were fearful of criminal prosecution, right?
>
> A. I don't specifically recall thinking that, no.
>
> Q. You were fearful that something was going to happen to you, right?
>
> A. Yes.
>
> [Lancaster Tr. Vol. II, at 241-43.]

In his July 2007 declaration [Exh. 4 to Defendant's Motion to Compel Arbitration], Lancaster further stated that during his tenure with ONESCO, the firm never provided him with any copies of the firm's procedures or compliance manuals. Once again, during the arbitration, and in response to questioning by one of the arbitrators, Lancaster admitted that this statement was inaccurate: he had, in fact, received a copy of ONESCO's February 2004 Compliance Manual. [Lancaster Tr. Vol. II, at 82-85.] These additional misstatements only further emphasize the dangers inherent in determining arbitrability solely on the basis of one party's unilateral submissions.

February 26, 2008

    /s/ Marion H. Little, Jr.
Marion H. Little, Jr. (0042679)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-9900
(614) 365-7900 fax
Email: little@litohio.com

Burton W. Wiand
Florida Bar No.: 0407690
George L. Guerra
Florida Bar No.: 005762
FOWLER WHITE BOGGS BANKER P.A.
501 E. Kennedy Boulevard
Suite 1700
Tampa, FL 33602
Phone: (813) 228-7411
Fax: (813) 229-8313
Email: bwiand@fowlerwhite.com
    George.guerra@fowlerwhite.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Joel A. Goodman, Attorney for Defendant Robert Merkel, Goodman & Nekvasil, P.A., 14020 Roosevelt Blvd., Suite 808, Clearwater, Florida 33762.

    /s/ Marion H. Little, Jr.
Marion H. Little, Jr. (0042679)

414-011: 183867