# Exhibit 6

ZEIGER, TIGGES & LITTLE LLP
Marion H. Little, Jr., Esq. (admitted *pro hac vice*)
Michael R. Reed, Esq. (admitted *pro hac vice*)
3500 Huntington Center
41 South High Street
Columbus, OH 43215
Telephone:    (614) 365-9900
Facsimile:    (614) 365-7900
Email: reed@litohio.com

SQUIRE, SANDERS & DEMPSEY L.L.P.
Joseph A. Meckes (State Bar No. 190279)
Daniel T. Balmat (State Bar No. 230504)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile:  +1.415.393.9887
Email: jmeckes@ssd.com
Email: dbalmat@ssd.com

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS NEMES, INDIVIDUALLY AND AS TRUSTEE OF THE THOMAS NEMES TRUST, and MICHAEL J. BENKERT, INDIVIDUALLY AND ON BEHALF OF SHORE 2 SHORE ENTERPRISES, INC., and JERRY J. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST, and NANCY M. THOMAS, INDIVIDUALLY AND AS TRUSTEE OF THE JERRY J. THOMAS AND NANCY M. THOMAS 1998 INTER VIVOS TRUST.<br><br>Defendants. | Case No. C07-03303 JF (RS)<br><br>The Honorable Jeremy Fogel<br><br>**(Filed via ECF/PACER)**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER AUTHORIZING THE PARTIES TO ENGAGE IN IMMEDIATE DISCOVERY ON THE ISSUE OF ARBITRABILITY**<br><br>Date:         October 5, 2007<br>Time:         9:00 a.m.<br>Courtroom:    3, 5th Floor<br><br>Complaint Filed:  June 22, 2007 |

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER AUTHORIZING THE PARTIES TO ENGAGE IN IMMEDIATE DISCOVERY ON THE ISSUE OF ARBITRABILITY

Case No. C07-03303 JF (RS)

claim supported their position, but opposed any efforts by ONESCO to challenge the truth of such evidence, be it by hearing or deposition. While we submit it is inappropriate that one party can submit evidence and the second cannot (and, thus, discovery is necessary), we specifically note the conclusions reached by the courts are not supported by Lancaster's declaration. First, rather than noting the timing of the events actually prompting the investments, the *Steinke* court notes the "actual investment using Defendants' funds was not made until May of 2004." *Steinke*, Slip op at 3. Similarly, the *Pals* court notes that "the Lancorp Fund private placement offering did not close until May 2004." *Pals*, 2007 WL 2506033, at *6. This begs the question of what was the timing of the inducements. In any event, Lancaster's declaration actually *does not* say this (it only references the "effective" date of the fund) and in any event, it is untrue. According to testimony elicited from the SEC in *Securities and Exchange Commission v. Megafund Corporation, et al.*, Case No. 3:05-CV-1328-L, U.S. District Court Northern District of Texas, the funds were actually invested in *2005*, after Lancaster was no longer associated with ONESCO. [Lancaster Tr. at 24-25.] Second, both the *Steinke* and *Pals* courts found that an April 2004 letter from Gary Lancaster notifying Lancorp Fund investors of a replacement for promised insurance coverage constituted a "*material*" change in their investment. *Steinke*, Slip op. at 2 (emphasis added); *Pals*, at *6 ("the record shows beyond dispute that the terms of the Lancorp Fund private placement offering were materially changed in April 2004"). The defendants, of course, (like defendant here) *did not* even mention this April 2004 change in their NASD statement of claim. In fact, at least with respect to two of the Defendants, it is unclear whether they actually requested the insurance, in the first place. The April change is only mentioned by Lancaster whose foundation on this subject is suspect. Again, not a single defendant offered any affidavits or other evidence to suggest that this change was in any way material *to them*. Thus, the only persons who could claim this was a material event failed to do so, either in a pleading or by evidence.

- 6 -

1   Of course, if Defendant believes that specific discovery requests are not relevant to the
2   issue of arbitrability, but relate only to the merits of his claims, his recourse is to object pursuant
3   to Rule 26 of the Federal Rules, and if necessary, to obtain a court ruling with respect to such
4   objection. Defendant's unfounded, and untrue statement that ONESCO cannot be trusted to limit
5   its requests to the issue of arbitrability does not justify an order prohibiting *all relevant* discovery
6   because of the mere possibility that some overlap or disagreement as to relevance may occur.

Respectfully submitted,

Dated: September 20, 2007

ZEIGER, TIGGES & LITTLE LLP

By:_____/s/_____
Michael R. Reed

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

SANFRANCISCO/234748.1

- 12 -

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER AUTHORIZING THE PARTIES TO ENGAGE IN IMMEDIATE DISCOVERY ON THE ISSUE OF ARBITRABILITY

Case No. C07-03303 JF (RS)

SQUIRE, SANDERS & DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554