# EXHIBIT A  (Part 1)

LANCORP FINANCIAL FUND BUSINESS TRUST
SUBSCRIPTION BOOKLET

**EXHIBIT**

**A**

**LANCORP FINANCIAL FUND BUSINESS TRUST
SUBSCRIPTION BOOKLET**

### Table of Contents

Subscriber's Data Sheet...................................................................................................................SB-1
Instructions to Subscribers..............................................................................................................SB-2
Purchaser Representative Questionnaire..........................................................................................SB-3
Accredited Investor's Letter.............................................................................................................SB-5
Subscription Agreement...................................................................................................................SB-6

**SUBSCRIBER'S DATA SHEET**

**SUBSCRIBER'S DATA SHEET**

Name: Jerry J. Thomas

Professional designation: Aerospace Engineer

Company: Lockheed-Martin   Position: RETIRED

Business address and telephone number:     Residence address and telephone number:

N/A                    341 Sunkist Lane

_____        Los Altos, CA 94022

(__) ___-_____        REDACTED

Social Security No.: REDACTED       Date of Birth: REDACTED

Citizenship: USA          Education: M.S. +

Spouse: Nancy M. Thomas   Tax Adviser: None

Purchaser Representative: None

Accredited Investor ($1,000,000 net worth or joint net worth with spouse): (True/False) True

Accredited Investor ($200,000 income in each of the two most recent years or joint income with spouse in excess of $300,000 in each of those years and have a reasonable expectation of reaching the same income level in the current year): (True/False) _____

Estimated annual income (last year): $_____

Estimated annual income (this year): $_____

Estimated net worth with exclusions: $ 5.0 M

Previous investments in exempt offerings:

NONE

_____

INSTRUCTIONS TO SUBSCRIBERS

## LANCORP FINANCIAL FUND BUSINESS TRUST
## INSTRUCTIONS TO SUBSCRIBERS

Persons wishing to subscribe for shares of the Investor Shares, par value $0.001 per share (the "Shares") in Lancorp Financial Fund Business Trust, a Nevada business trust having its principal office and place of business in West Linn, Oregon (the "Trust") are required to complete the documents in this Subscription Booklet. Each Share will cost $5,000.00. Each purchaser is required to purchase a minimum of five Shares. **PLEASE DO NOT REMOVE ANY OF THE DOCUMENTS.** Additional copies of the documents in this Subscription Booklet will be furnished by the Trust on request.

1.    Purchaser Questionnaire. Please complete the Purchaser Questionnaire. In order to qualify as an investor under Securities and Exchange Commission Regulation D, you must demonstrate that you have or your Purchaser Representative has such knowledge and experience in business and financial matters that you are or your Purchaser Representative is capable of evaluating the merits and risks of this investment. Please answer each question. Complete the proper signature page.

If you have any questions concerning any of the information called for, you may ask your broker, attorney or accountant for assistance, and if you desire, contact the Trust.

2.    Purchaser Representative Questionnaire. If you are being advised by a representative (your attorney, accountant, or other Purchaser Representative) in connection with your investment, please arrange for such person to complete the Purchaser Representative Questionnaire. If you do not have a representative, you should leave this document blank.

3.    Accredited Investor's Letter. If you are an Accredited Investor, please execute the Accredited Investor's Letter.

4.    Subscription Agreement. Please complete the Subscription Agreement in the following manner:

(a)    Complete Page SB-6 by inserting the amount of your subscription and the other information called for on that page.

(b)    Complete Page SB-8, if applicable, by inserting the name of your Purchaser Representative. In addition, the Purchaser Representative, if any, should execute the Subscription Agreement on Page SB-12, with such Purchaser Representative's signature duly notarized.

(c)    Complete the appropriate signature page.

(d)    Please make sure that your signature is properly notarized.

(e)    If the subscriber is a corporation, partnership, or trust, special procedures are required for execution and additional documentation may be required as set forth in the Subscription Agreement.

5.    Contributions. You should make a check payable to "Lancorp Financial Fund Business Trust Escrow Account" in the amount of your purchase.

6.    Mailing Instructions. Please send this entire Subscription Booklet and your check to the Trust at 1382 Leigh Court, West Linn, Oregon 97068.

SB-2

PURCHASER REPRESENTATIVE QUESTIONNAIRE

## LANCORP FINANCIAL FUND BUSINESS TRUST
## PURCHASER REPRESENTATIVE QUESTIONNAIRE

Lancorp Financial Fund Business Trust
1382 Leigh Court
West Linn, Oregon 97068

    Re:    Purchase of Shares in Lancorp Financial Fund Business Trust

Gentlemen:

    The following information is furnished to you so that you may determine whether the undersigned client, _Jerry J. Thomas_ (the "Purchaser"), together with the undersigned and other purchaser representatives, if any, has such knowledge and experience in financial and business matters that he is capable of evaluating the merits and risks of an investment in Shares in Lancorp Financial Fund Business Trust, a Nevada business trust (the "Trust"), as required under Securities and Exchange Commission Regulation D ("Regulation D"). I understand that you will rely upon the information contained herein for purposes of such determination, and that the Shares will not be registered under the Securities Act of 1933, as amended (the "Securities Act"), and the applicable securities laws of any state, in reliance upon the exemption from registration provided by Section 4(2) of the Securities Act, and/or Rule 506 of Regulation D and the applicable securities laws of any state.

    All information contained herein will be treated confidentially. However, I agree that you may present this Questionnaire to such persons as you deem appropriate if called upon to establish that the proposed offer and sale of the Shares is exempt from registration under the Securities Act and the applicable securities laws of any state.

    I am acting as Purchaser Representative for the Purchaser in connection with the Purchaser's prospective investment in the Trust and, in that connection, I furnish you with the following representations and information:

1.    Name (please print): _Jerry J. Thomas_

2.    Age: _66_

3.    Profession (or Business and Title, if applicable):

4.    (a)    Business Address: _RETIRED_

        (b)    Telephone Number: _____

5.    Details of any training or experience in financial, business, or tax matters which qualify me to act in the capacity of Purchaser Representative (include current and prior employment, business or professional education, professional licenses now held, and, if applicable, participating in evaluation of similar investments in the past):

6.    The undersigned has not, during the past 10 years, (i) been convicted, indicted, or investigated in connection with any past or present criminal proceeding (excluding traffic violations and other minor offenses); or (ii) been the subject of any order, judgment, or decree of any court of competent jurisdiction permanently or temporarily enjoining the undersigned from acting as an investment adviser, underwriter, broker, or dealer in securities or as an affiliated person, director, or employee of an investment company, bank, savings and loan association or insurance company, or from engaging in or continuing any conduct or practice in connection with any such activity or in connection with the purchase or sale of any security, or been the subject of any order of a federal or state authority barring or suspending for more than 60 days the undersigned's right to be engaged in any such activity, or to be associated with persons engaged in any such activity, which order has not been reversed or suspended.

SB-3

7.      I am not an Affiliate (as defined in Regulation D), director, officer or other employee of the Trust, or a beneficial owner of 10 percent or more of the equity interest in the Trust.

8.      I have such knowledge and experience in financial, business, and tax matters so as to be capable, together with the Purchaser, of evaluating the relative merits and risks of an investment in the Trust.

9.      There is no material relationship (as defined in Regulation D) between me or my affiliates and the Trust or its affiliates which now exists or is mutually understood to be contemplated or which has existed at any time during the previous two years, nor has any compensation been received or will any compensation be received as a result of any such relationship.

10.     I agree to advise you promptly of any material changes in the foregoing information that may occur prior to termination of the offering relating to the purchase of the Shares of the Trust.

Very truly yours,


(Purchaser Representative)

Dated: _____, 2003


SB-4

ACCREDITED INVESTOR'S LETTER

**LANCORP FINANCIAL FUND BUSINESS TRUST**
**ACCREDITED INVESTOR'S LETTER**

Lancorp Financial Fund Business Trust
1382 Leigh Court
West Linn, Oregon 97068

      Re:    Purchase of Shares in Lancorp Financial Fund Business Trust

Gentlemen:

    As a condition precedent to your delivery to the undersigned of a Confidential Memorandum with respect to the offer to purchase Shares in Lancorp Financial Fund Business Trust, a Nevada business trust as described in said Confidential Memorandum, I represent and warrant to you that:

    1.    I am an "Accredited Investor" as defined in Rule 501(a) of the Securities Act of 1933, as amended; or

    2.    I had income in excess of $200,000 in each of the preceding two years or joint income with my spouse in excess of $300,000 in each of those years and I have a reasonable expectation of reaching the same income level in the current year; or

    3.    My net worth or joint worth with my spouse exceeds $1,000,000.

Dated: __Aug 14, 2003__ , 2003.

            Signature

            *Jerry J. Thomas*

            Print Name

            *Jerry J. Thomas*

**SUBSCRIPTION AGREEMENT**
**LANCORP FINANCIAL FUND BUSINESS TRUST**
**SUBSCRIPTION AGREEMENT**

Lancorp Financial Fund Business Trust
1382 Leigh Court
West Linn, Oregon 97068

      Re:    Offering of Shares of Lancorp Financial Fund Business Trust

Gentlemen:

      1.    <u>Subscription</u>. The undersigned hereby applies to purchase the number of shares of the Investor Shares of Lancorp Financial Fund Business Trust, a Nevada business trust (the "Trust"), par value $0.001 per share (the "Shares") indicated below in accordance with the terms of this Subscription Agreement and the private placement materials relating to the offering (the "Offering") of the Shares (such private placement materials, including all financial statements, exhibits and schedules contained therein or attached thereto, and any amendments and supplements thereto, is hereinafter referred to as the "Confidential Memorandum"). Any capitalized terms used herein shall have the same meaning as used in the Confidential Memorandum. The undersigned has received a copy of the Confidential Memorandum. The Shares are being offered by the Trust. Subject to the terms and conditions of the Confidential Memorandum and this Subscription Agreement, the undersigned hereby irrevocably offers to purchase __5 (five)__ Shares and therefore tenders to the Trust:

      (a)    One executed Lancorp Financial Fund Business Trust Purchaser Questionnaire;

      (b)    One executed Lancorp Financial Fund Business Trust Purchaser Representative Questionnaire, if a Purchaser Representative is used;

      (c)    If applicable, one executed Lancorp Financial Fund Business Trust Accredited Investor's Letter; and

      (d)    A check payable to "Lancorp Financial Fund Business Trust Escrow Account" in the amount of $__25,000__ for the Shares. It is understood that the cash contribution tendered is irrevocable by the undersigned and may be deposited for collection in accordance with the Confidential Memorandum, regardless and independent of the sale of any other Shares in the Trust. The check tendered shall be held in a separate escrow account established by the Trust as described in the Confidential Memorandum, and shall be promptly returned to the undersigned if the Shares are not subscribed for and accepted by the Trust pursuant to the terms and conditions specified in the Confidential Memorandum. Upon the acceptance of subscriptions for the Shares by the Trust as specified in the Confidential Memorandum, the cash held in the escrow account will be released to the Trust as provided in the Confidential Memorandum.

      (e)    Color copy of a photo ID, driver's license or passport.

      2.    <u>Acceptance and Subscription</u>. The undersigned understands and agrees that this subscription is made subject to the following terms and conditions:

      (a)    The Trust will have the right to reject this subscription, in whole or in part.

      (b)    This subscription will be deemed to be accepted by or on behalf of the Trust only when it is signed by the Trust.

(c)      The Trust will have no obligation to accept subscriptions for the Shares in the order received.

(d)      The Offering may be terminated at any time by the Trust prior to the final acceptance of subscriptions for the required number of the Shares as specified in the Confidential Memorandum.

3.     Representations and Warranties.  The undersigned represents and warrants as follows:

(a)      The undersigned has received information, and has carefully reviewed the Confidential Memorandum and has relied on the disclosures contained therein, information otherwise provided to him in writing by the Trust, or information from books and records of the Trust. The undersigned understands that all documents, records and books pertaining to this investment have been made available for inspection by his attorney and/or his accountant and/or his Purchaser Representative and him, and that the books and records of the Trust will be available, upon reasonable notice, for inspection by investors during reasonable business hours at its principal place of business.  The undersigned and/or his advisers have had a reasonable opportunity to ask questions of and receive answers from the Trust, or a person or persons acting on its behalf, concerning the Offering of the Shares, and all such questions have been answered to the full satisfaction of the undersigned.  No oral representations have been made or oral information furnished to the undersigned or his advisers in connection with the Offering of the Shares were in any way inconsistent with the information furnished.

(b)      The undersigned (i) has adequate means of providing for his current needs and possible personal contingencies, (ii) has no need for liquidity in this investment, (iii) is able to bear the substantial economic risks of an investment in the Shares for the period of time described in the Confidential Memorandum, and (iv) at the present time, could afford a complete loss of such investment.

(c)      The undersigned recognizes that the Trust has a limited financial and operating history and no history of profitable operations, and that the Shares as an investment involve special risks, including those disclosed to the undersigned by the Trust.

(d)      The undersigned understands that the Shares have not been nor will be registered under the Securities Act or the securities laws of any state, in reliance upon an exemption therefrom for non-public offerings.  The undersigned understands that the Shares must be held for the period of time described in the Confidential Memorandum. The undersigned further understands that the Trust is under no obligation to register the Shares on his behalf or to assist him in complying with any exemption from registration.

(e)      The Shares are being purchased solely for his own account for investment and not for the account of any other person and not for distribution, assignment, or resale to others and no other person has a direct or indirect beneficial interest in the Shares.  The undersigned or his advisers have such knowledge and experience in financial, tax, and business matters to enable him to utilize the information, made available to him in connection with the Offering of the Shares to evaluate the merits and risks of the prospective investment and to make an informed investment decision with respect thereto.

(f)      The undersigned realizes that he may not be able to sell or dispose of his Shares as there will be no public market.  In addition, the undersigned understands that he has no right to transfer the Shares.

(g)      The undersigned, if a corporation, partnership, trust, or other entity, is authorized and otherwise duly qualified to purchase and hold the Shares, such entity has its principal place of business as set forth on the signature page hereof, and such entity has not been formed for the specific purpose of acquiring the Shares.

(h)      All information which the undersigned has provided to the Trust concerning himself, his financial position, and his knowledge of financial and business matters, or, in the case of a corporation, partnership, trust or other entity, the knowledge of financial and business matters of the person making the investment decision on behalf of such entity, is correct and complete as of the date set forth at the end hereof, and if there should be any adverse change in such information prior to his subscription being accepted, he will immediately provide the Trust with such information.

SB-7

      (i)        The undersigned, if he is an individual, is at least 21 years of age.

      (j)        <u>Compliance with Regulation D</u>.  The undersigned understands and agrees that the following restrictions and limitations are applicable to his purchase and his resales, hypothecations or other transfers of the Shares pursuant to Regulation D under the Securities Act:

      (i)        The undersigned agrees that the Shares shall not be sold, pledged, hypothecated or otherwise transferred unless the Shares are registered under the Securities Act, and the securities laws of any state, or are exempt therefrom:

      (ii)        A legend in substantially the following form has been or will be placed on any certificate(s) or other document(s) evidencing the Shares:

> THE SECURITIES REPRESENTED BY THIS INSTRUMENT OR DOCUMENT HAVE BEEN ACQUIRED FOR INVESTMENT AND HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR THE SECURITIES LAW OF ANY STATE. WITHOUT SUCH REGISTRATION, SUCH SECURITIES MAY NOT BE SOLD, PLEDGED, HYPOTHECATED OR OTHERWISE TRANSFERRED EXCEPT UPON DELIVERY TO THE COMPANY OF AN OPINION OF COUNSEL SATISFACTORY TO THE COMPANY THAT REGISTRATION IS NOT REQUIRED FOR SUCH TRANSFER OR THE SUBMISSION TO THE COMPANY OF SUCH OTHER EVIDENCE AS MAY BE SATISFACTORY TO THE COMPANY TO THE EFFECT THAT ANY SUCH TRANSFER SHALL NOT BE IN VIOLATION OF THE SECURITIES ACT OF 1933, AS AMENDED. THE SECURITIES LAW OF ANY STATE, OR ANY RULE OR REGULATION PROMULGATED THEREUNDER.

      (iii)        Stop transfer instructions to the transfer agent of the Shares have been or will be placed with respect to the Shares so as to restrict the resale, pledge, hypothecation or other transfer thereof, subject to the further items hereof, including the provisions of the legend set forth in subparagraph (ii) above; and

      (iv)        The legend and stop transfer instructions described in subparagraphs (ii) and (iii) above will be placed with respect to any new certificate(s) or other document(s) issued upon presentment by the undersigned of certificate(s) or other document(s) for transfer.

      (k)        The undersigned acknowledges that _____ (complete if applicable) has acted as his "Purchaser Representative" as defined in Regulation D promulgated under the Securities Act, and (i) that he can bear the economic risk of this investment; (ii) he has relied upon the advice of such Purchaser Representative as to the merits of an investment in the Trust and the suitability of such investment for the undersigned; and (iii) such Purchaser Representative has confirmed to him, in writing, any past, present or future material relationship, actual or contemplated, between such Purchaser Representative or its Affiliates and the Trust, or its Affiliates.

      (l)        The undersigned understands that neither the Securities and Exchange Commission nor the securities commission of any state has made any finding or determination relating to the fairness for public investment in the Shares and that the Securities and Exchange Commission as well as the securities commission of any state will not recommend or endorse any offering of securities.

      (m)        The undersigned understands that:

      (i)        No assurances are or have been made regarding any economic advantages (including tax) which may inure to the benefit of the undersigned;

      (ii)        No assurances are or have been made concerning the distribution of profits to the Trust's investors; and

      (iii)        He is aware that this subscription is independent of any other subscription for the Shares.

(n)     The undersigned acknowledges and is aware that it never has been represented, guaranteed, or warranted to him by the Trust, its directors, officers, agents or employees, or any other person, expressly or by implication, as to any of the following:

(i)     The approximate or exact length of time that he will be required to remain as an owner of his Shares;

(ii)     The percentage of profit and/or amount of or type of consideration, profit or loss to be realized, if any, as a result of this investment; or

(iii)     That the limited past performance or experience on the part of the Trust, or any future projections will in any way indicate the predictable results of the ownership of the Shares or of the overall financial performance of the Trust.

(o)     The undersigned acknowledges that the Trust has made available to him or his Purchaser Representative, if any, or other personal advisers the opportunity to obtain additional information to verify the accuracy of the information furnished to him and to evaluate the merits and risks of this investment.

(p)     The undersigned confirms that he has consulted with his Purchaser Representative, if any, or other personal advisers and that said Purchaser Representative or other advisers have analyzed the information furnished to him and the documents relating thereto on his behalf and have advised him of the business and financial aspects and consequences of and liabilities associated with his investment in the Shares. The undersigned represents that he has made other risk capital investments or other investments of a speculative nature, and by reason of his business and financial experience and of the business and financial experience of those persons he has retained to advise him with respect to investments of this nature. In reaching the conclusion that he desires to acquire the Shares, the undersigned has carefully evaluated his financial resources and investments and acknowledges that he is able to bear the economic risks of this investment.

(q)     The undersigned acknowledges that all information made available to him and/or his Purchaser Representative, if any, and/or personal advisers in connection with his investment in the Shares, including the information furnished to him is and shall remain confidential in all respects and may not be reproduced, distributed or used for any other purpose without the prior written consent of the Trust.

4.     Indemnification.     The undersigned agrees to indemnify and hold harmless the Trust and its Affiliates from and against all damages, losses, costs, and expenses (including reasonable attorneys' fees) which they may incur by reason of the failure of the undersigned to fulfill any of the terms or conditions of this subscription, or by reason of any breach of the representations and warranties made by the undersigned herein, or in any document provided by the undersigned to the Trust.

5.     Limitation on Transfer of the Shares.     The undersigned acknowledges that he is aware that there are substantial restrictions on the transferability of the Shares. Since the Shares will not be, and since the undersigned has no right to require that they be, registered under the Securities Act, or the securities laws of any state, the Shares may not be, and the undersigned agrees that they shall not be, sold or transferred except pursuant to an effective registration statement or an exemption from such registration statement under said statutes. The undersigned also acknowledges that he will be responsible for compliance with all conditions on transfer imposed by any federal or state securities statute and securities law administrator and for any expenses incurred by the Trust for legal or accounting services in connection with reviewing such a proposed transfer and/or issuing opinions in connection therewith.

6.     Survival.     The foregoing representations, warranties and undertakings are made with the intent that they may be relied upon in determining the undersigned's suitability as an investor in the Trust and the undersigned hereby agrees that such representations and warranties shall survive his purchase of the Shares in the Trust. The undersigned hereby acknowledges and agrees that he is not entitled to cancel, terminate or revoke this Subscription Agreement, or any agreements hereunder, and that this Subscription Agreement and such agreements shall survive (a) changes in the transactions, documents, and instruments previously furnished to the undersigned which are not materially adverse, and (b) the undersigned's death or disability.

7.    Notices.  All notices or other communications given or made hereunder shall be in writing and shall be delivered or mailed by registered or certified mail, return receipt requested, postage prepaid, to the undersigned or to the Trust at the respective addresses set forth herein.

8.    Miscellaneous.

(a)    The undersigned agrees not to transfer or assign this Subscription Agreement, or any of the undersigned's interest herein, and further agrees that the transfer or assignment of the Shares acquired pursuant hereto shall be made only in accordance with all applicable laws.

(b)    The undersigned agrees that the undersigned may not cancel, terminate, or revoke this Subscription Agreement or any agreement of the undersigned made hereunder and that this Subscription Agreement shall survive the death or disability of the undersigned and shall be binding upon the undersigned's heirs, executors, administrators, successors, and assigns.

(c)    Notwithstanding any of the representations, warranties, acknowledgments, or agreements made herein by the undersigned, the undersigned does not thereby or in any other manner waive any rights granted to the undersigned under federal or state securities laws.

(d)    Words of any gender used in this Subscription Agreement shall be held and construed to include any other gender, and words in the singular number shall be held to include the plural, and vice versa, unless the context requires otherwise.  In addition, the pronouns used in this Subscription Agreement shall be understood and construed to apply whether the party referred to is an individual, partnership, joint venture, corporation or an individual or individuals doing business under a firm or trade name, and the masculine, feminine and neuter pronouns shall each include the other and may be used interchangeably with the same meaning.

(e)    This Subscription Agreement constitutes the entire agreement among the parties hereto with respect to the subject matter hereof and may be amended only by a writing executed by all parties.

(f)    This Subscription Agreement shall be enforced, governed, and construed in all respects in accordance with the laws of the State of Texas and all obligations hereunder shall be deemed performable in West Linn, Oregon.

(g)    Within 10 days after receipt of a written request from the Trust, the undersigned agrees to provide such information and to execute and deliver such documents as reasonably may be necessary to comply with any and all laws and ordinances to which the Trust is subject.

IN WITNESS WHEREOF, I have executed this Subscription Agreement as of the 14th day of August, 2003.

**INTENTIONALLY LEFT BLANK**

SB-10

## INSURANCE COVERAGE ELECTION FORM
## FOR INVESTOR UNITS

The Subscriber hereto, fully identified hereinabove, confirms that the option of securing insurance protection for the principal sum invested in the Fund's Units has been disclosed and is fully understood by the undersigned. The initials and signature of the Subscriber in the chosen option below indicates the decline or request of the Subscriber to be protected by insurance. The Subscriber further acknowledges that an amount equal to three quarters of one percent (0.75%) per quarter of the invested principal sum to be insured shall be deducted from such principal amount at the beginning of each calendar quarter.

_____  Insurance Coverage is hereby requested.
Initial here

_____  Insurance Coverage is hereby declined.
Initial here


Jerry J. Thomas
Printed Name of Subscriber

Jerry J. Thomas
Signature of Subscriber

Date:  8/14/03

SB-11

## TYPE OF OWNERSHIP

(Check One)

_____    Individual (one signature required)

_____    Joint Tenants with Right of Survivorship (both parties must sign)

_____    Tenants in Common (both parties must sign)

_____    Community Property (one signature required if interest held in one name, *i.e.*, managing spouse, two signatures required if interest held in both names).

✓    Trust

_____    Corporation

_____    Partnership

Please print here the exact name (registration) investor desires for the Shares.

Jerry J. Thomas or Nancy M. Thomas
Trustees of the Jerry J. Thomas and Nancy M. Thomas
1998 Inter Vivos Trust

**NAME OF REFERRING PARTY:**    Provide the name of the person(s) or entity who initially informed you of Lancorp Financial Fund.

Name(s):    Robert T. Reese

Address:    316 Mid Valley Center, No. 159
Carmel, CA 93923

Phone:    REDACTED

SB-12

# LANCORP FINANCIAL FUND BUSINESS TRUST

April 5, 2004

Dear Investor,

Pursuant to the requirements of the Lancorp Financial Fund Business Trust Confidential Private Placement Memorandum supplied to you at the time of your subscription, this is your formal notice that the Fund has reached the final stages of underwriting participation agreements and will go "effective" in the coming days.

For the Fund to enter into such agreements it is required that a specific amount of money (not less than $5 Million USD) be confirmed. Therefore, we request that you reaffirm your intent to remain invested in the fund from the "effective" date until the first permitted withdrawal date thereafter. The next withdrawal date shall be June 30, 2004, see ARTICLE V 5.1. page 12., of the memorandum.

Recent statutory amendments in the insurance industry, has caused many months of delay for us in going effective. Many of you have expressed the desire to proceed if the insurance element could be replaced with an obligation of the custodian (Qualified Bank) that provided the same level of protection. To that end, we have successfully negotiated and obtained a validated written obligation from the "Qualified Bank" acting as custodian that any securities which may be purchased must have a liquidation value greater than the amount paid as required by "Permitted Investments" described in the memorandum; or, that such securities liquidation value be insured by AIG Insurance (or equivalently rated insurer) at all times. This written obligation provides the element of protection initially contemplated from an outside insurer that would insure the value of investor shares. This obligation does not require the payment of an insurance premium by you at any time. This obligation is direct to the Lancorp Fund and is not direct to you. This means that you are not the direct beneficiary, but you are the ultimate beneficiary as mandated by the memorandum.

Please sign in the appropriate space below indicating your desire to proceed as a subscriber in the Fund through the next calendar quarter under the terms of protection described above, or your desire to withdraw your subscription. We must hear from you in this regard as soon as possible so we will have an accurate accounting of the total sum we will have in the Fund as we officially begin transacting for profit.

Very truly yours,

Gary L. Lancaster
Trustee

X ___Nancy Jn Thomas___           X _____
I reconfirm my Subscription participation and I      I request the withdrawal of my subscription
acknowledge the above memorandum modifications.

Printed Name _Jerry and Nancy Thomas_        Date _April 14,_ 2004

Address:    _341 Sunkist Lane_

_Los Altos, CA 94022_



**1382 Leigh Ct., West Linn, Oregon 97068**
(503) 675-5017 • (503) 675-5013 fax • e-mail: lancorpfinancialfund@comcast.net

*ﾉﾉﾉﾉ*

### SIGNATURE PAGE
### FOR PURCHASER REPRESENTATIVE

(If Applicable)

The Purchaser Representative named in Paragraph 3(k) has executed this Subscription Agreement this ___ day of _____, 2003, to evidence his acknowledgment of and agreement to the representations and warranties contained in Paragraph 3.

_____
Signature of Purchaser Representative

Printed Name _____

Street Address or P.O. Box _____

City and State _____ Zip Code _____

THE STATE OF _____ *
COUNTY OF _____ *

On this ___ day of _____, 2003, before me, the undersigned, a Notary Public of said State, duly commissioned and sworn, personally appeared _____, known to me to be the person or person(s) whose name is (or whose names are) subscribed to the within instrument, and acknowledged that he (or she or they) executed the same for the purposes and consideration therein expressed, AND WHO ALSO UPON OATH SWORE THAT THE STATEMENTS THEREIN CONTAINED ARE TRUE AND CORRECT.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

_____
Notary Public for the State of _____
Printed Name: _____
My Commission Expires: _____



## SIGNATURE PAGE
## FOR INDIVIDUAL INVESTOR

_____
Signature

_____
Social Security Number

_____
Print or Type Name

Residence Address:

_____

_____

Mailing Address:

_____

_____

Executed at _____, this _____ day of _____, 2003.

THE STATE OF _____    *

COUNTY OF _____    *

On this ____ day of _____, 2003, before me, the undersigned, a Notary Public of said State, duly commissioned and sworn, personally appeared _____, known to me to be the person or person(s) whose name is (or whose names are) subscribed to the within instrument, and acknowledged that he (or she or they) executed the same for the purposes and consideration therein expressed, AND WHO ALSO UPON OATH SWORE THAT THE STATEMENTS THEREIN CONTAINED ARE TRUE AND CORRECT.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

_____
Notary Public for the State of _____
Printed Name: _____
My Commission Expires: _____

SB-14

y/A

## SIGNATURE PAGE
## FOR CORPORATE OR PARTNERSHIP INVESTOR


Name of Corporation or Partnership (Please Print or Type)

By_____

    Signature of Authorized Agent

Title: _____

Taxpayer Identification Number: _____

Address of Principal Offices: _____

_____

_____

Mailing Address, if Different: _____

_____

_____

Attention: _____

    Executed at _____, this _____ day of _____, 2003.

THE STATE OF _____*

                    *

COUNTY OF _____*

    On this ___ day of _____, 2003, before me, the undersigned, a Notary Public of said State, duly commissioned and sworn, personally appeared _____, known to me to be the person or person(s) whose name is (or whose names are) subscribed to the within instrument, and acknowledged that he (or she or they) executed the same for the purposes and consideration therein expressed. AND WHO ALSO UPON OATH SWORE THAT THE STATEMENTS THEREIN CONTAINED ARE TRUE AND CORRECT.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.


                                 _____

                                 Notary Public for the State of _____

                                 Printed Name: _____

                                 My Commission Expires: _____

**SIGNATURE PAGE**
**FOR TRUST INVESTOR**

Name of Trust (Please Print or Type)

_Jerry J. Thomas and Nancy M. Thomas, Trustees of the Jerry J. Thomas_
Name of Trustee (Please Print or Type) _and Nancy M. Thomas 1998 Inter Vivos Trust_

By _Jerry J. Thomas    Nancy M. Thomas_
Trustee's Signature

Date Trust was Formed: _June 23, 1998_

Taxpayer Identification Number: _____

Trustee's Address: _341 Sunkist Lane_
_Los Altos, CA 94022_

_____

Attention: _Jerry and/or Nancy Thomas_

Executed at _____, this _____ day of _____, 2003.

THE STATE OF _____ *
                                *
COUNTY OF _____ *

On this _____ day of _____, 2003, before me, the undersigned, a Notary Public of said State, duly
commissioned and sworn, personally appeared _____, known to me to be the
person or person(s) whose name is (or whose names are) subscribed to the within instrument, and acknowledged that
he (or she or they) executed the same for the purposes and consideration therein expressed, AND WHO ALSO
UPON OATH SWORE THAT THE STATEMENTS THEREIN CONTAINED ARE TRUE AND CORRECT.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in
this certificate first above written.

_See attached certificate_
Notary Public for the State of _____
Printed Name: _____
My Commission Expires: _____
_August 14, 2003_

SB-16



JURAT

State of _California_

County of _Santa Clara_  } ss.

LINDA HONG
Commission #1382130
Notary Public - California
Santa Clara County
My Comm. Expires Oct 29, 2006

Subscribed and sworn to (or affirmed) before me this _14th_ day of _August_, _2003_ by

Date                    Month           Year

(1) _Jerry Joseph Thomas_

Name of Signer(s)

(2) _Nancy Matysak Thomas_

Name of Signer(s)

_____
Signature of Notary Public

RIGHT THUMBPRINT
OF SIGNER #1
Top of thumb here

RIGHT THUMBPRINT
OF SIGNER #2
Top of thumb here

OPTIONAL

_Though the information in this section is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document._

**Description of Attached Document:**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Prod. No. 5914    Reorder: Call Toll-Free 1-800-876-6827



SUBSCRIPTION ACCEPTED:

LANCORP FINANCIAL FUND BUSINESS TRUST

By _____

Gary L. Lancaster. Chairman

Date: _____AUGUST_____, 2003.





# WORLDTRACKER™

**Check Names - Search Results**

08/26/2003

| Name: | Jerry J. Thomas |
|---|---|
| Address: | 341 Sunkist Lane Los Altos, California, USA |

No Matches Found

| Verified By: | GLM |
|---|---|

Copyright © 1996-2002, Bridger Systems, Inc. All rights reserved.

| Not FDIC-insured |
| No bank guarantee |
| May lose value |

**USbancorp**
**Piper Jaffray®**

THE PIPER
PIPELINE.

This information has been obtained from sources believed to be reliable, but its accuracy is not guaranteed, nor does it purport to be complete. Please rely on your U.S. Bancorp Piper Jaffray statements for accuracy. Securities products and services offered through U.S. Bancorp Piper Jaffray Inc., member SIPC and NYSE, Inc., a subsidiary of U.S. Bancorp.

USBANCORP PIPER JAFFRAY
US BANCORP PIPER JAFFRAY
5285 MEADOWS RD SW STE 475
PO BOX 2408
LAKE OSWEGO OR 97035
PHONE: 800-444-1707

LANCORP FINANCIAL FUND
BUSINESS TRUST
1382 LEIGH CT
WEST LINN OR 97068

RECEIPT

ACCOUNT NO: REDACTED

DATE: 08/19/03

DESC: THOMAS          $25,000.00  FUNDS RECEIVED  *THANK YOU*

Form 103 (6/01)



SUBSCRIBER'S DATA SHEET

## SUBSCRIBER'S DATA SHEET

Name: _MICHAEL J. BENKERT_

Professional designation: _SEMI-RETIRED_

Company: _____    Position: _PRESIDENT_

Business address and telephone number:    Residence address and telephone number:

SHORE 2 SHORE ENTERPRISES, INC.    6835 ELDRIDGE DRIVE
3885 S. DECATUR BLVD. #2010    SAN JOSE, CA 95120-2114
LAS VEGAS, NV 89103

REDACTED    REDACTED

Social Security No.: REDACTED    Date of Birth: REDACTED

Citizenship: _USA_    Education: _B.S. + POST GRAD WORK_

Spouse: _USA_    Tax Adviser: _GARY R. JOHNSTON_

Purchaser Representative: _____

Accredited Investor ($1,000,000 net worth or joint net worth with spouse): (True/False) _T_

Accredited Investor ($200,000 income in each of the two most recent years or joint income with spouse in excess of $300,000 in each of those years and have a reasonable expectation of reaching the same income level in the current year): (True/False) _T_

Estimated annual income (last year): $_225,000_

Estimated annual income (this year): $_240,000_

Estimated net worth with exclusions: $_1.9 M_

Previous investments in exempt offerings:

_RoomLinX, INC._

_INNOVATIVE COOLING ENTERPRISES, INC._

INSTRUCTIONS TO SUBSCRIBERS

### LANCORP FINANCIAL FUND BUSINESS TRUST
### INSTRUCTIONS TO SUBSCRIBERS

Persons wishing to subscribe for shares of the Investor Shares, par value $0.001 per share (the "Shares") in Lancorp Financial Fund Business Trust, a Nevada business trust having its principal office and place of business in West Linn, Oregon (the "Trust") are required to complete the documents in this Subscription Booklet. Each Share will cost $5,000.00. Each purchaser is required to purchase a minimum of five Shares. **PLEASE DO NOT REMOVE ANY OF THE DOCUMENTS.** Additional copies of the documents in this Subscription Booklet will be furnished by the Trust on request.

1.    <u>Purchaser Questionnaire</u>. Please complete the Purchaser Questionnaire. In order to qualify as an investor under Securities and Exchange Commission Regulation D, you must demonstrate that you have or your Purchaser Representative has such knowledge and experience in business and financial matters that you are or your Purchaser Representative is capable of evaluating the merits and risks of this investment. Please answer each question. Complete the proper signature page.

If you have any questions concerning any of the information called for, you may ask your broker, attorney or accountant for assistance, and if you desire, contact the Trust.

2.    <u>Purchaser Representative Questionnaire</u>. If you are being advised by a representative (your attorney, accountant, or other Purchaser Representative) in connection with your investment, please arrange for such person to complete the Purchaser Representative Questionnaire. If you do not have a representative, you should leave this document blank.

3.    <u>Accredited Investor's Letter</u>. If you are an Accredited Investor, please execute the Accredited Investor's Letter.

4.    <u>Subscription Agreement</u>. Please complete the Subscription Agreement in the following manner:

(a)    Complete Page SB-6 by inserting the amount of your subscription and the other information called for on that page.

(b)    Complete Page SB-8, if applicable, by inserting the name of your Purchaser Representative. In addition, the Purchaser Representative, if any, should execute the Subscription Agreement on Page SB-12, with such Purchaser Representative's signature duly notarized.

(c)    Complete the appropriate signature page.

(d)    Please make sure that your signature is properly notarized. ✓

(e)    If the subscriber is a corporation, partnership, or trust, special procedures are required for execution and additional documentation may be required as set forth in the Subscription Agreement.

5.    <u>Contributions</u>. You should make a check payable to "Lancorp Financial Fund Business Trust Escrow Account" in the amount of your purchase.

6.    <u>Mailing Instructions</u>. Please send this entire Subscription Booklet and your check to the Trust at 1382 Leigh Court, West Linn, Oregon 97068.

SB-2

**LANCORP FINANCIAL FUND BUSINESS TRUST**
**PURCHASER REPRESENTATIVE QUESTIONNAIRE**

Lancorp Financial Fund Business Trust
1382 Leigh Court
West Linn, Oregon 97068

      Re:    Purchase of Shares in Lancorp Financial Fund Business Trust

Gentlemen:

      The following information is furnished to you so that you may determine whether the undersigned client. _____ (the "Purchaser"), together with the undersigned and other purchaser representatives, if any, has such knowledge and experience in financial and business matters that he is capable of evaluating the merits and risks of an investment in Shares in Lancorp Financial Fund Business Trust, a Nevada business trust (the "Trust"), as required under Securities and Exchange Commission Regulation D ("Regulation D"). I understand that you will rely upon the information contained herein for purposes of such determination, and that the Shares will not be registered under the Securities Act of 1933, as amended (the "Securities Act"), and the applicable securities laws of any state, in reliance upon the exemption from registration provided by Section 4(2) of the Securities Act, and/or Rule 506 of Regulation D and the applicable securities laws of any state.

      All information contained herein will be treated confidentially. However, I agree that you may present this Questionnaire to such persons as you deem appropriate if called upon to establish that the proposed offer and sale of the Shares is exempt from registration under the Securities Act and the applicable securities laws of any state.

      I am acting as Purchaser Representative for the Purchaser in connection with the Purchaser's prospective investment in the Trust and, in that connection, I furnish you with the following representations and information:

1.    Name (please print): _____

2.    Age: _____

3.    Profession (or Business and Title, if applicable):

4.    (a)    Business Address: _____

       (b)    Telephone Number: _____

5.    Details of any training or experience in financial, business, or tax matters which qualify me to act in the capacity of Purchaser Representative (include current and prior employment, business or professional education, professional licenses now held, and, if applicable, participating in evaluation of similar investments in the past):

6.    The undersigned has not, during the past 10 years, (i) been convicted, indicted, or investigated in connection with any past or present criminal proceeding (excluding traffic violations and other minor offenses); or (ii) been the subject of any order, judgment, or decree of any court of competent jurisdiction permanently or temporarily enjoining the undersigned from acting as an investment adviser, underwriter, broker, or dealer in securities or as an affiliated person, director, or employee of an investment company, bank, savings and loan association or insurance company, or from engaging in or continuing any conduct or practice in connection with any such activity or in connection with the purchase or sale of any security, or been the subject of any order of a federal or state authority barring or suspending for more than 60 days the undersigned's right to be engaged in any such activity, or to be associated with persons engaged in any such activity, which order has not been reversed or suspended.

SB-3

PURCHASER REPRESENTATIVE QUESTIONNAIRE

7.    I am not an Affiliate (as defined in Regulation D), director, officer or other employee of the Trust, or a beneficial owner of 10 percent or more of the equity interest in the Trust.

8.    I have such knowledge and experience in financial, business, and tax matters so as to be capable, together with the Purchaser, of evaluating the relative merits and risks of an investment in the Trust.

9.    There is no material relationship (as defined in Regulation D) between me or my affiliates and the Trust or its affiliates which now exists or is mutually understood to be contemplated or which has existed at any time during the previous two years, nor has any compensation been received or will any compensation be received as a result of any such relationship.

10.    I agree to advise you promptly of any material changes in the foregoing information that may occur prior to termination of the offering relating to the purchase of the Shares of the Trust.

Very truly yours,


(Purchaser Representative)


Dated: _____, 2003

**ACCREDITED INVESTOR'S LETTER**

**LANCORP FINANCIAL FUND BUSINESS TRUST**
**ACCREDITED INVESTOR'S LETTER**

Lancorp Financial Fund Business Trust
1382 Leigh Court
West Linn, Oregon 97068

       Re:    Purchase of Shares in Lancorp Financial Fund Business Trust

Gentlemen:

      As a condition precedent to your delivery to the undersigned of a Confidential Memorandum with respect to the offer to purchase Shares in Lancorp Financial Fund Business Trust, a Nevada business trust as described in said Confidential Memorandum, I represent and warrant to you that:

      1.    I am an "Accredited Investor" as defined in Rule 501(a) of the Securities Act of 1933, as amended; or

      2.    I had income in excess of $200,000 in each of the preceding two years or joint income with my spouse in excess of $300,000 in each of those years and I have a reasonable expectation of reaching the same income level in the current year; or

      3.    My net worth or joint worth with my spouse exceeds $1,000,000.

Dated: _June 24_____, 2003.

                        Signature

                        Print Name
                        MICHAEL J. BENKERT